UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated, | Civil Action No. 1:07-cv-06227-JSR **(Consolidated)** |
| Plaintiff, | CLASS ACTION |
| vs. | MEMORANDUM IN SUPPORT OF THE MOTION OF MICHAEL HENTOSH FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL |
| THRESHOLD PHARMACEUTICALS, INC., et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. FACTUAL BACKGROUND ............................................................................................ 2

III. ARGUMENT ...................................................................................................................... 3

    A. MICHAEL HENTOSH SHOULD BE APPOINTED LEAD PLAINTIFF ............ 3

        1. The Procedure Required by the PSLRA ....................................................... 3

        2. Michael Hentosh Satisfies the "Lead Plaintiff" Requirements of the Exchange Act ................................................................................................ 4

            a. Michael Hentosh Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff ................................................ 4

            b. Michael Hentosh Has the Requisite Financial Interest in the Relief Sought by the Class ................................................................ 5

            c. Michael Hentosh Otherwise Satisfies Rule 23 ................................. 5

    B. THE COURT SHOULD APPROVE MICHAEL HENTOSH'S CHOICE OF COUNSEL ......................................................................................................... 7

IV. CONCLUSION .................................................................................................................. 8

## TABLE OF AUTHORITIES

Page

**CASES**

*Andrews v. Bechtel Power Corp.*,
    780 F.2d 124 (lst Cir. 1985)..................................................................................6

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) ............................................................................4

*Jerry Twinde vs. Threshold Pharmaceuticals, Inc., et al.*,
    Civil Action No. 1:07-cv-06227-JSR .....................................................................2

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
    (N.D. Ill. Aug. 11, 1997)..........................................................................................5

*Modell v. Eliot Sav. Bank*,
    139 F.R.D. 17 (D. Mass. 1991)...............................................................................6

*Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*,
    637 F.2d 1014 (5th Cir. 1981) ................................................................................6

*Priest v. Zayre Corp.*,
    118 F.R.D. 552 (D. Mass. 1988).............................................................................6

*Rossini v. Ogilvy & Mather, Inc.*,
    798 F.2d 590 (2d Cir. 1986)....................................................................................5

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78........................................................................................................... *passim*

17 C.F.R.
    §240.10b-5 ..............................................................................................................1

Federal Rules of Civil Procedure
    Rule 23 ..................................................................................................... *passim*
    Rule 10b-5..............................................................................................................1

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court is a consolidated securities class action lawsuit (the "Action")[1] brought on behalf of all those who purchased or otherwise acquired Threshold Pharmaceuticals, Inc. ("Threshold" or the "Company") shares between February 4, 2005 and July 14, 2006, inclusive (the "Class Period") and allege violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Michael Hentosh hereby moves this Court for an order to: (i) appoint Michael Hentosh as Lead Plaintiff in the Action under Section 27 of the Securities Act and Section 21D of the Exchange Act; and (ii) approve Michael Hentosh's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Michael Hentosh is the most adequate plaintiff, as defined by the PSLRA. Michael Hentosh suffered losses of $83,811.64 in connection with his purchases of shares of Threshold stock during the Class Period. *See* Alba Decl. Ex. B.[2] In addition, Michael Hentosh, for the purposes of this motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

---

[1]     By Order dated August 10, 2007, this Court consolidated the related actions.

[2]     References to the "Alba Decl. Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr. dated September 4, 2007 and submitted herewith.

**II.     FACTUAL BACKGROUND**[3]

Threshold discovers, develops, and commercializes small molecule therapeutics based on "Metabolic Targeting." During the Class Period, the Company's lead product candidate for the treatment of symptomatic benign prostatic hyperplasia ("BPH") was TH-070, a drug which utilized Threshold's patented Metabolic Targeting process.

The complaint charges Threshold and certain of its officers and directors with violations of the Exchange Act and the Securities Act. The complaint alleges that, in preparation for the Company's February 2005 initial public offering ("IPO"), defendants conducted a so-called "Phase II" study of TH-070 on 30 men at Bari University in Italy. Based on the purported success achieved in the Bari Phase II study, the Company completed its $37 million IPO in February 2005, conducted additional clinical trials, filed a new drug application with the Food and Drug Administration ("FDA") in late 2005, and completed the $65 million Follow-on offering in October 2005. However, on May 11, 2006, defendants were forced to disclose that the FDA had placed the TH-070 program on partial clinical hold as a result of abnormalities observed in liver enzyme levels in six subjects in ongoing clinical trials and had requested that the Company provide additional information related to the drug's acceptable dose and duration of treatment in BPH patients. According to the complaint, while defendants had known for years of TH-070's propensity to cause liver toxicity, the IPO and Follow-on offering prospectuses concealed it.

Then, on July 17, 2006, the Company was forced to concede that TH-070 provided no benefit whatsoever in the alleviation of prostate enlargement and that Threshold planned to discontinue development of TH-070 for BPH altogether. The complaint alleges that as a result of the

---

[3]     These facts are drawn from the allegations in the complaint entitled *Jerry Twinde vs. Threshold Pharmaceuticals, Inc., et al.*, Civil Action No. 1:07-cv-06227-JSR (the "*Twinde* Action").

defendants' false and misleading statements issued during the Class Period, Threshold stock traded as high as $16.52 per share. After the Company's July 17, 2006 announcement, however, Threshold stock fell to $1.55 per share.

## III.    ARGUMENT

### A.    MICHAEL HENTOSH SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.    The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a Lead Plaintiff in "each private action arising under the [Securities Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).[4]

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the *Twinde* Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on July 5, 2007. *See* Alba Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the

---

[4]    The parallel citations to §77z-1 have been omitted.

interests of class members.  15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Michael Hentosh Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Michael Hentosh Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on September 4, 2007.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on July 5, 2007), Michael Hentosh timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Michael Hentosh has duly signed and filed a certification stating that he is willing to serve as the representative party on behalf of the class.  *See* Alba Decl. Ex. C.  In addition, Michael Hentosh has selected and retained competent counsel to represent him and the class.  *See* Alba Decl. Ex. D.  Accordingly, Michael Hentosh has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b.     Michael Hentosh Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl. Ex. C., Michael Hentosh purchased shares of Threshold stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby.  In addition, Michael Hentosh incurred a substantial $83,811.64 loss on his transactions in Threshold shares.  Michael Hentosh thus has a significant financial interest in this case.  Therefore, Michael Hentosh satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c.     Michael Hentosh Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification.  *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist.

LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997). Michael Hentosh satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Michael Hentosh satisfies this requirement because, just like all other class members, he: (1) purchased Threshold shares during the Class Period; (2) purchased Threshold shares in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Michael Hentosh's claim is typical of those of other class members since his claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Michael Hentosh to represent the class to the existence of any conflicts between the interests of

Michael Hentosh and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Michael Hentosh is an adequate representative of the class. As evidenced by the injuries suffered by Michael Hentosh, who purchased Threshold shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interest of Michael Hentosh is clearly aligned with the members of the class, and there is no evidence of any antagonism between Michael Hentosh's interest and those of the other members of the class. Further, Michael Hentosh has taken significant steps which demonstrate that he will protect the interests of the class: he has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Michael Hentosh's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Michael Hentosh *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. THE COURT SHOULD APPROVE MICHAEL HENTOSH'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Michael Hentosh has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions. *See* Alba Decl. Ex. D. Accordingly, the Court should approve Michael Hentosh's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Michael Hentosh respectfully requests that the Court: (i) appoint Michael Hentosh as Lead Plaintiff in the Action; (ii) approve his selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: September 4, 2007  COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP


  /s/ *Mario Alba Jr.*
  MARIO ALBA, JR.

  SAMUEL H. RUDMAN
  DAVID A. ROSENFELD
  MARIO ALBA, JR.
  58 South Service Road, Suite 200
  Melville, NY  11747
  Telephone:  631/367-7100
  631/367-1173 (fax)

  [Proposed] Lead Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on September 4, 2007, I caused a true and correct copy of the attached:

> Notice Of Motion For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;
>
> Memorandum In Support Of The Motion Of Michael Hentosh For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and
>
> Declaration of Mario Alba Jr. In Support Of The Motion Of Michael Hentosh For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel.

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

                                                        /s/ *Mario Alba Jr.*
                                                         Mario Alba Jr.

THRESHOLD

Service List - 8/31/2007   (07-0144)

Page 1 of 1

**Counsel For Defendant(s)**

Michael L. Charlson
Kevin A. Burke
Heller Ehrman LLP
Times Square Tower, 7 Times Square
New York, NY  10036
   212/832-8300
   212/763-7600 (Fax)

Laurence A. Weiss
Alexander M.R. Lyon
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA  94025
   650/324-7000
   650/324-0638 (Fax)

**Counsel For Plaintiff(s)**

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
   516/741-4977
   516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Marc S. Henzel
Law Offices of Marc S. Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
   610/660-8000
   610/660-8080 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
   610/667-7706
   610/667-7056 (Fax)