**United States District Court**
**Southern District of New York**

---------------------------------------------------------------X
JOSHUA CANALE, by his mother and natural : **Filed Electronically**
guardian Patricia Othmer, and PATRICIA OTHMER, :
: Case No.: 06 CIV 6131 (PKL)
Plaintiffs, :
:
V. :
:
MANCO POWER SPORTS, LLC and :
MANCO PRODUCTS, INC., :
:
Defendants. :
---------------------------------------------------------------X

### MPI'S MEMORANDUM OF LAW IN FURTHER
### SUPPORT OF DISMISSAL OR TRANSFER OF VENUE

Defendant, MPI Acquisition, LLC ("MPI"),[1] submits this memorandum of law in further support of its motion to dismiss the Complaint in this action or, in the alternative, to transfer the venue of this action to the Northern District of New York.

### DISCUSSION

Plaintiffs' purported "opposition" to MPI's motion, such as it is,[2] merits only the briefest of responses. Not only is the opposition late and was served and filed without plaintiffs having sought relief from their default, it is legally meritless. The undated PLAINTIFFS' COMBINED AFFIDAVIT AND MEMORANDUM IN OPPOSITION which plaintiffs served and filed does not contain any memorandum

---

[1] Incorrectly sued herein as Manco Power Sports, LLC.

[2] PLAINTIFFS' COMBINED AFFIDAVIT AND MEMORANDUM IN OPPOSITION, undated. With respect to plaintiffs' opposition, contrary to the title, no memorandum was served or filed. Further, the document that was filed is unsworn and nowhere therein does John Durst even pretend to have any personal knowledge of the matters referred to therein. In short, plaintiffs have failed to offer any admissible evidence in support of their evidentiary burden aor any legal analysis of the issues. The document they filed five days late is a legal nullity. Plaintiffs have defaulted on MPI's motion.

144577.1

in opposition to MPI's motion in violation of Local Civil Rule 7.1.[3] Further, the document, although superficially in the form of an affidavit, is unsworn and nowhere does the "affiant," John Durst, even pretend to have any personal knowledge of the matters referred to therein. In short, plaintiffs have failed to offer any admissible evidence in support of their evidentiary burden or any legal analysis of the issues.[4] The document they filed five days late is a legal nullity and plaintiffs have defaulted on MPI's motion.

Plaintiffs' "arguments" show the same care. For example, plaintiffs ignore that it is **their** burden to show "to a reasonable probability that [its] claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994). The mere fact that $18,000 in medical expenses were allegedly incurred within four months of the accident (July 31, 2003 to November 20, 2003) hardly meets this burden (even if plaintiffs had submitted cognizable evidence of even these expenses). What is more telling is that plaintiffs did not offer any assertion or evidence of having incurred any **additional** medical expenses in the succeeding **three** years. This is strong evidence that no such expenses were incurred and that the break to the left ring finger has fully resolved. Even if everything plaintiffs allege is true, a verdict

---

[3]Local Civil Rule 7.1 requires that "all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon. . . in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined." The rule further provides that "willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default."

[4]*See Ugarte v. Johnson*, 40 F. Supp. 2d 178, 179 at n.1 (S.D.N.Y. 1999); *GMAC Mortg. Corp. v. Weisman*, 1997 U.S. Dist. LEXIS 2042 (S.D.N.Y. 1997) ("legal argument, with citation to appropriate legal authority, must be made in the memorandum of law. In a 12[b][6] motion, a party represented by counsel may not rely solely on blanket assertions in an attorney affidavit..."); *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (improper to rely on attorney affidavit not based on personal knowledge); *Carnrite v. Granada Hosp. Corp.*, 175 F.R.D. 439, 448-49 (W.D.N.Y. 1997) (striking attorney affidavit not based on personal knowledge); *Buti v. Impressa Perosa, S.R.L.*, 935 F. Supp. 458, 463, 475 (S.D.N.Y. 1996) (striking attorney affidavit not based on personal knowledge).

anywhere near $75,000 would shock the conscience. Plaintiffs have not met their burden of showing that there is a reasonable probability that the verdict will exceed $75,000. Plaintiff's have failed to establish that there claim meets the jurisdictional minimum for diversity jurisdiction.

Of similar merit is plaintiffs' apparent contention that merely because the kart may have been "regulated by the CPSA,"[5] they have a federal claim under Section 23(a) thereof, 15 U.S.C. §2072(a). The law is clear, the CPSA permits a suit to be brought by a person who has been injured by a (i) knowing violation (ii) of any Commission rule or order. *Kelsey v. Muskin, Inc.*, 848 F.2d 39, 42 (2d Cir. 1988), *cert. denied*, 488 U.S. 1030, 109 S. Ct. 838 (1989) (holding that the statutory language of §2072(a) is conclusive in that "an injured person may not recover under the [CPSA] unless his injury occurred 'by reason of' a rule violation'"); *see Bivona v. Trollio*, 758 F. Supp. 125, 126 (E.D.N.Y. 1991). Plaintiffs have failed to identify any such rule or order. The court lacks federal question jurisdiction over this action.

Finally, we have plaintiffs justification for blatant forum shopping -- that they anticipate using only two fact witnesses, their lawyer and anticipated expert are in New York City and MPI is a foreign corporation. As the accident did not occur in the Southern District and plaintiffs do not reside in the Southern District, plaintiffs' selection of a Southern District venue is entitled to no deference. Further, at this preliminary stage, MPI does not know who the necessary fact witnesses or discoverable documents will be, but MPI is certainly not bound by plaintiffs' self-serving declaration of there only being two witnesses, and the location of such witnesses and documents is more likely to be where the plaintiffs reside, all events surrounding the accident took place and other

---

[5] The Consumer Product Safety Act, 15 U.S.C. §§2072, *etc.*

non-party witnesses.[6] And, of course, the location of plaintiffs' attorney's office or the location of plaintiffs' possible, unidentified expert are given the same weight as is the fact that MPI is a foreign corporation.[7]

Plaintiffs have not pointed to one factor that militates in favor of a Southern District venue for the upstate New York personal injury action. Not one.

## CONCLUSION

For all the foregoing reasons and those set forth in MPI's moving papers, MPI's motion to dismiss for lack of subject matter jurisdiction should be granted or, in the alternative, the venue of this action should be transferred to the Northern District of New York.

Dated: November 1, 2006
      New York, New York

                        FORD MARRIN ESPOSITO WITMEYER & GLESER, L.L.P.

                        By: _____/S/_____
                            Stuart C. Levene (9325)
                        Wall Street Plaza
                        New York, New York 10005-1875
                        (212) 269-4900
                        *Attorneys for Defendant*

Of Counsel:   Andrew I. Mandelbaum

---

[6] Such as non-party witnesses to the (i) the accident, (ii) Joshua Canale's use of the kart, (iii) training Joshua Canale received regarding the kart, (iv) communications with Joshua Canale's parents during the purchase and sale of the kart, (v) statements made to medical or other personnel, *etc.*

[7] *See Todd's Point Marine v. Rojos*, 1996 U.S. Dist. LEXIS 11811, 4-5 (S.D.N.Y. 1996). In any event, MPI will find it most convenient who litigate this event where it occurred and any where evidence and non-party witnesses are most likely to be located – an hour and a half north of Albany, in the Northern District of New York.

144577.1                             - 4 -