Exhibit D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

JERRY TWINDE, On Behalf of Himself and          :     Civil Action No. 1:07-cv-06227-JSR
All Others Similarly Situated,                  :     **(Consolidated)**
                                                :
                        Plaintiff,              :     <u>CLASS ACTION</u>
                                                :
            vs.                                 :     DECLARATION OF MARIO ALBA JR. IN
                                                :     SUPPORT OF THE MOTION OF MICHAEL
THRESHOLD PHARMACEUTICALS, INC.,                :     HENTOSH FOR APPOINTMENT AS LEAD
et al.,                                         :     PLAINTIFF AND FOR APPROVAL OF
                                                :     SELECTION OF LEAD COUNSEL
                        Defendants.             :
                                                :
———————————————————— x

Mario Alba Jr., declares, under penalty of perjury:

1.    I am an associate of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia"), one of plaintiff's counsel in the action entitled *Jerry Twinde vs. Threshold Pharmaceuticals, Inc., et al.*, Civil Action No. 1:07-cv-06227-JSR (the "*Twinde* Action"). I submit this Declaration in support of the motion of Michael Hentosh for appointment as Lead Plaintiff and for approval of selection of Lead Counsel.

2.    Attached hereto as Exhibit A is a true and accurate copy of the notice published by plaintiff in the *Twinde* Action on *Business Wire*, a national, business-oriented newswire service, on July 5, 2007.

3.    Attached hereto as Exhibit B is a true and accurate copy of a loss chart presenting the transactions in the subject securities and summarizing the estimated losses of Michael Hentosh at $83,811.64, in connection with his purchases of Threshold Pharmaceuticals, Inc. shares.

4.    Attached hereto as Exhibit C is the certification of Michael Hentosh.

5.    Attached hereto as Exhibit D is a true copy of the firm resume of Coughlin Stoia.

DATED: September 4, 2007

　　　　　　　　　　　　　　　　　　　　　　/s/ *Mario Alba Jr.*
　　　　　　　　　　　　　　　　　　　　　　MARIO ALBA, JR.

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on September 4, 2007, I caused a true and correct copy of the attached:

Notice Of Motion For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel;

Memorandum In Support Of The Motion Of Michael Hentosh For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel; and

Declaration of Mario Alba Jr. In Support Of The Motion Of Michael Hentosh For Appointment As Lead Plaintiff And For Approval Of Selection Of Lead Counsel.

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to all additional counsel on the attached service list.

/s/ *Mario Alba Jr.*
Mario Alba Jr.

THRESHOLD

Service List - 8/31/2007    (07-0144)

Page 1 of  1

## Counsel For Defendant(s)

Michael L. Charlson
Kevin A. Burke
Heller Ehrman LLP
Times Square Tower, 7 Times Square
New York, NY  10036
  212/832-8300
  212/763-7600 (Fax)

Laurence A. Weiss
Alexander M.R. Lyon
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA  94025
  650/324-7000
  650/324-0638 (Fax)

## Counsel For Plaintiff(s)

Evan J. Smith
Brodsky & Smith, LLC
240 Mineola Blvd., 1st Floor
Mineola, NY  11501
  516/741-4977
  516/741-0626 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Marc S. Henzel
Law Offices of Marc S. Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
  610/660-8000
  610/660-8080 (Fax)

Richard A. Maniskas
D. Seamus Kaskela
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
  610/667-7706
  610/667-7056 (Fax)

BUS        Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class
           Jul 5 2007  19:30


Action Suit Against Threshold Pharmaceuticals, Inc.


SAN DIEGO--(BUSINESS WIRE)--July 05, 2007
Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach
Coughlin") (http://www.lerachlaw.com/cases/threshold) today announced
that a class action has been commenced in the United States District
Court for the Southern District of New York on behalf of purchasers of
Threshold Pharmaceuticals, Inc. ("Threshold") (NASDAQ:THLD) common
stock during the period between February 4, 2005 and July 14, 2006
(the "Class Period"), including purchasers in Threshold's February 4,
2005 $37 million initial public offering ("IPO") and its October 12,
2005 $65 million follow-on offering.

    If you wish to serve as lead plaintiff, you must move the Court no
later than 60 days from today. If you wish to discuss this action or
have any questions concerning this notice or your rights or interests,
please contact plaintiff's counsel, Darren Robbins of Lerach Coughlin
at 800/449-4900 or 619/231-1058, or via e-mail at wsl@lerachlaw.com.
If you are a member of this class, you can view a copy of the
complaint as filed or join this class action online at
http://www.lerachlaw.com/cases/threshold/. Any member of the purported
class may move the Court to serve as lead plaintiff through counsel of
their choice, or may choose to do nothing and remain an absent class
member.

    The complaint charges Threshold and certain of its officers and
directors with violations of the Securities Exchange Act of 1934 and
the Securities Act of 1933. Threshold discovers, develops, and
commercializes small molecule therapeutics based on "Metabolic
Targeting." During the Class Period, the Company's lead product
candidate for the treatment of symptomatic benign prostatic
hyperplasia ("BPH") was TH-070, a drug which utilized Threshold's
patented Metabolic Targeting process.

    The complaint alleges that in preparation for the Company's
February 2005 IPO, defendants conducted a so-called "Phase II" study
of TH-070 on 30 men at Bari University in Italy. Based on the
purported success achieved in the Bari Phase II study, the Company
completed its $37 million IPO in February 2005, conducted additional
clinical trials, filed a new drug application with the FDA in late
2005, and completed the $65 million follow-on offering in October
2005. However, on May 11, 2006, defendants were forced to disclose
that the FDA had placed the TH-070 program on partial clinical hold as
a result of abnormalities observed in liver enzyme levels in six

Copyright (c) 2007

BUS         Lerach Coughlin Stoia Geller Rudman & Robbins LLP Files Class
            Jul 5 2007  19:30

subjects in ongoing clinical trials and had requested that the Company
provide additional information related to the drug's acceptable dose
and duration of treatment in BPH patients. According to the complaint,
while defendants had known for years of TH-070's propensity to cause
liver toxicity, the IPO and follow-on offering prospectuses concealed
it.

    Then, on July 17, 2006, the Company was forced to concede that
TH-070 provided no benefit whatsoever in the alleviation of prostate
enlargement and that Threshold planned to discontinue development of
TH-070 for BPH altogether. The complaint alleges that as a result of
the defendants' false and misleading statements issued during the
Class Period, Threshold stock traded as high as $16.52 per share.
After the Company's July 17, 2006 announcement, however, Threshold
stock fell to $1.55 per share.

    Plaintiff seeks to recover damages on behalf of all purchasers of
Threshold common stock during the Class Period (the "Class"). The
plaintiff is represented by Lerach Coughlin, which has expertise in
prosecuting investor class actions and extensive experience in actions
involving financial fraud.

    Lerach Coughlin, a 180-lawyer firm with offices in San Diego, San
Francisco, Los Angeles, New York, Boca Raton, Washington, D.C.,
Houston, Philadelphia and Seattle, is active in major litigations
pending in federal and state courts throughout the United States and
has taken a leading role in many important actions on behalf of
defrauded investors, consumers, and companies, as well as victims of
human rights violations. Lerach Coughlin lawyers have been responsible
for more than $45 billion in aggregate recoveries. The Lerach Coughlin
Web site (http://www.lerachlaw.com) has more information about the
firm.


CONTACT:
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
Darren Robbins, 800-449-4900 or 619-231-1058
wsl@lerachlaw.com

-0- Jul/05/2007 23:30 GMT

Copyright (c) 2007

**Movant's Purchases and Losses**

**Threshold**

| Name | Date | Shares Purchased | Share Price | Total Cost | Date** | Shares Sold | Share Price | Total Proceeds | Total Gain (Loss)* |
|---|---|---|---|---|---|---|---|---|---|
| Michael Hentosh | 05/12/2006 | 500 | $3.35 | $1,674.99 | 05/16/2006 | 1,000 | $3.26 | $3,259.90 | |
| Michael Hentosh | 05/12/2006 | 1,000 | $3.40 | $3,399.99 | 05/19/2006 | 2,359 | $3.23 | $7,609.34 | |
| Michael Hentosh | 05/12/2006 | 1,000 | $3.20 | $3,199.99 | 05/19/2006 | 3,000 | $3.16 | $9,469.71 | |
| Michael Hentosh | 05/12/2006 | 1,500 | $3.40 | $5,094.99 | 05/22/2006 | 2,100 | $3.64 | $7,633.77 | |
| Michael Hentosh | 05/12/2006 | 2,000 | $3.47 | $6,949.99 | 05/22/2006 | 3,400 | $4.03 | $13,692.53 | |
| Michael Hentosh | 05/15/2006 | 2,000 | $3.35 | $6,709.99 | 05/22/2006 | 6,600 | $4.01 | $26,465.18 | |
| Michael Hentosh | 05/15/2006 | 4,000 | $3.49 | $13,969.99 | 05/23/2006 | 10,000 | $3.77 | $37,673.85 | |
| Michael Hentosh | 05/15/2006 | 5,000 | $3.51 | $17,559.99 | 05/24/2006 | 5,000 | $4.10 | $20,489.38 | |
| Michael Hentosh | 05/16/2006 | 1,000 | $3.38 | $3,379.99 | 05/25/2006 | 1,100 | $4.36 | $4,795.85 | |
| Michael Hentosh | 05/19/2006 | 1,359 | $3.24 | $4,399.55 | 05/25/2006 | 1,300 | $4.35 | $5,654.82 | |
| Michael Hentosh | 05/19/2006 | 3,000 | $3.88 | $11,634.99 | 05/25/2006 | 1,600 | $4.36 | $6,981.79 | |
| Michael Hentosh | 05/19/2006 | 3,000 | $3.85 | $11,559.99 | 05/25/2006 | 9,391 | $4.27 | $40,088.34 | |
| Michael Hentosh | 05/22/2006 | 200 | $4.45 | $889.99 | 05/26/2006 | 10,000 | $4.40 | $43,988.65 | |
| Michael Hentosh | 05/22/2006 | 10,000 | $3.90 | $39,024.99 | 05/26/2006 | 900 | $4.21 | $3,788.88 | |
| Michael Hentosh | 05/23/2006 | 5,000 | $4.09 | $20,459.99 | 05/26/2006 | 4,100 | $4.23 | $17,332.47 | |
| Michael Hentosh | 05/23/2006 | 1,000 | $3.92 | $3,919.99 | 05/30/2006 | 7,029 | $4.58 | $32,181.84 | |
| Michael Hentosh | 05/23/2006 | 2,100 | $3.86 | $8,115.99 | 06/01/2006 | 8,000 | $4.08 | $32,629.00 | |
| Michael Hentosh | 05/24/2006 | 5,000 | $3.70 | $18,509.99 | 06/01/2006 | 10,000 | $4.57 | $45,688.80 | |
| Michael Hentosh | 05/25/2006 | 5,000 | $3.69 | $18,459.99 | 06/02/2006 | 10,000 | $4.60 | $45,988.65 | |
| Michael Hentosh | 05/25/2006 | 150 | $4.38 | $656.49 | 06/05/2006 | 46,000 | $4.15 | $190,884.14 | |
| Michael Hentosh | 05/25/2006 | 1,000 | $4.20 | $4,199.99 | 06/05/2006 | 3,000 | $4.49 | $13,459.59 | |
| Michael Hentosh | 05/25/2006 | 1,000 | $4.14 | $4,139.99 | 06/06/2006 | 32,500 | $3.85 | $125,111.16 | |
| Michael Hentosh | 05/25/2006 | 4,400 | $4.45 | $19,589.99 | 06/06/2006 | 4,000 | $4.03 | $16,134.51 | |
| Michael Hentosh | 05/25/2006 | 2,000 | $4.27 | $8,549.99 | 06/14/2006 | 13,000 | $3.59 | $46,658.57 | |
| Michael Hentosh | 05/26/2006 | 3,347 | $4.18 | $14,000.45 | 06/28/2006 | 300 | $3.31 | $991.97 | |
| Michael Hentosh | 05/26/2006 | 653 | $4.17 | $2,723.01 | 06/28/2006 | 4,700 | $3.32 | $15,593.53 | |
| Michael Hentosh | 05/26/2006 | 500 | $4.18 | $2,089.99 | 07/05/2006 | 5,383 | $3.40 | $18,291.64 | |
| Michael Hentosh | 05/26/2006 | 1,000 | $4.14 | $4,139.99 | 07/17/2006 | 220 | $1.88 | $413.56 | |
| Michael Hentosh | 05/26/2006 | 5,000 | $4.18 | $20,909.99 | 07/17/2006 | 1,400 | $1.90 | $2,662.92 | |
| Michael Hentosh | 05/30/2006 | 8,641 | $4.27 | $36,907.06 | 07/17/2006 | 1,500 | $1.89 | $2,839.92 | |
| Michael Hentosh | 05/30/2006 | 1,000 | $4.08 | $4,079.99 | 07/17/2006 | 7,500 | $1.90 | $14,249.56 | |
| Michael Hentosh | 05/30/2006 | 500 | $4.19 | $2,094.99 | 07/17/2006 | 8,600 | $1.88 | $16,142.51 | |
| Michael Hentosh | 05/30/2006 | 5,000 | $4.13 | $20,659.99 | 07/17/2006 | 10,780 | $1.85 | $19,942.38 | |
| Michael Hentosh | 05/31/2006 | 499 | $4.09 | $2,040.92 | | | | | |
| Michael Hentosh | 05/31/2006 | 501 | $4.10 | $2,054.07 | | | | | |
| Michael Hentosh | 05/31/2006 | 3,000 | $4.02 | $12,069.99 | | | | | |
| Michael Hentosh | 06/01/2006 | 6,000 | $4.07 | $24,444.99 | | | | | |
| Michael Hentosh | 06/01/2006 | 2,000 | $4.10 | $8,209.99 | | | | | |
| Michael Hentosh | 06/01/2006 | 3,000 | $4.10 | $12,309.99 | | | | | |
| Michael Hentosh | 06/01/2006 | 4,000 | $4.56 | $18,249.99 | | | | | |
| Michael Hentosh | 06/02/2006 | 131 | $4.68 | $612.59 | | | | | |
| Michael Hentosh | 06/02/2006 | 269 | $4.65 | $1,250.85 | | | | | |
| Michael Hentosh | 06/02/2006 | 2,129 | $4.60 | $9,803.39 | | | | | |
| Michael Hentosh | 06/02/2006 | 7,000 | $4.58 | $32,069.99 | | | | | |
| Michael Hentosh | 06/05/2006 | 1,000 | $4.66 | $4,659.99 | | | | | |
| Michael Hentosh | 06/05/2006 | 1,000 | $4.47 | $4,469.99 | | | | | |
| Michael Hentosh | 06/05/2006 | 5,000 | $4.55 | $22,759.99 | | | | | |
| Michael Hentosh | 06/05/2006 | 5,000 | $4.53 | $22,659.99 | | | | | |
| Michael Hentosh | 06/05/2006 | 5,000 | $4.39 | $21,659.99 | | | | | |

Movant's Purchases and Losses

| | | | | | Threshold | | |
|---|---|---|---|---|---|---|---|
| Michael Hentosh | 06/05/2006 | 5,000 | $4.37 | $21,859.99 | | | |
| Michael Hentosh | 06/05/2006 | 10,000 | $4.56 | $45,609.99 | | | |
| Michael Hentosh | 06/05/2006 | 10,000 | $4.56 | $45,609.99 | | | |
| Michael Hentosh | 06/06/2006 | 10,000 | $4.13 | $41,309.99 | | | |
| Michael Hentosh | 06/06/2006 | 12,000 | $4.18 | $50,169.99 | | | |
| Michael Hentosh | 06/06/2006 | 14,000 | $4.38 | $61,329.99 | | | |
| Michael Hentosh | 06/08/2006 | 3,000 | $4.09 | $12,279.99 | | | |
| Michael Hentosh | 06/08/2006 | 15,000 | $3.94 | $59,109.99 | | | |
| Michael Hentosh | 06/09/2006 | 5,000 | $3.98 | $19,909.99 | | | |
| Michael Hentosh | 06/09/2006 | 5,000 | $4.06 | $20,309.99 | | | |
| Michael Hentosh | 06/09/2006 | 5,000 | $4.05 | $20,274.99 | | | |
| Michael Hentosh | 06/16/2006 | 600 | $3.66 | $2,193.99 | | | |
| Michael Hentosh | 06/16/2006 | 1,400 | $3.65 | $5,110.00 | | | |
| Michael Hentosh | 06/19/2006 | 100 | $3.70 | $369.99 | | | |
| Michael Hentosh | 06/19/2006 | 2,000 | $3.50 | $7,009.99 | | | |
| Michael Hentosh | 06/22/2006 | 100 | $3.97 | $396.99 | | | |
| Michael Hentosh | 06/22/2006 | 100 | $3.95 | $394.99 | | | |
| Michael Hentosh | 06/23/2006 | 606 | $3.55 | $2,149.17 | | | |
| Michael Hentosh | 06/23/2006 | 1,094 | $3.54 | $3,871.81 | | | |
| Michael Hentosh | 06/23/2006 | 2,000 | $3.54 | $7,089.99 | | | |
| Michael Hentosh | 06/23/2006 | 2,000 | $3.50 | $7,009.99 | | | |
| Michael Hentosh | 06/28/2006 | 5,000 | $3.35 | $16,759.99 | | | |
| Michael Hentosh | 07/05/2006 | 466 | $3.64 | $1,697.93 | | | |
| Michael Hentosh | 07/05/2006 | 1,917 | $3.50 | $6,715.32 | | | |
| Michael Hentosh | 07/06/2006 | 3,000 | $3.49 | $10,479.99 | | | |
| **Movant's Total** | | 246,762 | | $1,008,089.03 | 246,762 | $924,277.39 | ($83,811.64) |

*For shares held at the end of the class period, damages are calculated by multiplying the shares held by the average share price during the 90 calendar days after the end of the class period. The price used is $2.08 as of October 12, 2006.

**For post-class period sales, either the actual price or the mean price (end of class period to the actual post-class sale price) will be used depending on which value is higher.

## Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws

The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by Lerach Coughlin, retains Lerach Coughlin Stoia Geller Rudman & Robbins LLP ("Lerach Coughlin") to file an action under the federal securities laws to recover damages and to seek other relief against Threshold Pharmaceuticals, Inc. ("Threshold"). Lerach Coughlin will prosecute the action on a contingent fee basis and will advance all costs and expenses. The Threshold Pharmaceuticals, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference, upon execution by Lerach Coughlin.

First name:     michael
Last name:      hentosh
Address:
City:
State, Zip:
Email:
Phone:

Plaintiff certifies that:

1. Plaintiff has reviewed the complaint and authorized its filing.

2. Plaintiff did not acquire the security that is the subject of this action at the direction of plaintiff's counsel or in order to participate in this private action or any other litigation under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. Plaintiff represents and warrants that he/she/it is fully authorized to enter into and execute this certification.

5. Plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the Plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

Acquisitions:

| Date Acquired | Number of Shares Acquired | Acquisition Price per Share |
|---|---|---|
| | See attached Schedule A | |

Sales:

| Date Sold | Number of Shares Sold | Selling Price per Share |
|-----------|-----------------------|-------------------------|

See attached Schedule A

7. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in an action filed under the federal securities laws except if detailed below:

**I declare under penalty of perjury, under the laws of the United States, that the information entered is accurate:**    yes

**By clicking on the button below, I intend to sign and execute this agreement:**    yes

Clicked to Participate in the Threshold Action

Signed pursuant to California Civil Code Section 1633.1, et seq. - Uniform Electronic Transactions Act

SCHEDULE A

SECURITIES TRANSACTIONS

Acquisitions

| Date Acquired | Type/Amount of Securities Acquired | Price |
|---|---|---|
| 05/12/2006 | 500 | $3.35 |
| 05/12/2006 | 1,000 | $3.40 |
| 05/12/2006 | 1,000 | $3.20 |
| 05/12/2006 | 1,500 | $3.40 |
| 05/12/2006 | 2,000 | $3.47 |
| 05/15/2006 | 2,000 | $3.35 |
| 05/15/2006 | 4,000 | $3.49 |
| 05/15/2006 | 5,000 | $3.51 |
| 05/16/2006 | 1,000 | $3.38 |
| 05/19/2006 | 1,359 | $3.24 |
| 05/19/2006 | 3,000 | $3.88 |
| 05/19/2006 | 3,000 | $3.85 |
| 05/22/2006 | 10,000 | $3.90 |
| 05/23/2006 | 1,000 | $3.92 |
| 05/23/2006 | 2,100 | $3.86 |
| 05/23/2006 | 5,000 | $3.70 |
| 05/23/2006 | 5,000 | $3.69 |
| 05/24/2006 | 200 | $4.45 |
| 05/24/2006 | 5,000 | $4.09 |
| 05/25/2006 | 150 | $4.38 |
| 05/25/2006 | 1,000 | $4.20 |
| 05/25/2006 | 1,000 | $4.14 |
| 05/25/2006 | 2,000 | $4.27 |
| 05/25/2006 | 4,400 | $4.45 |
| 05/25/2006 | 8,641 | $4.27 |
| 05/26/2006 | 500 | $4.18 |
| 05/26/2006 | 653 | $4.17 |
| 05/26/2006 | 3,347 | $4.18 |
| 05/26/2006 | 5,000 | $4.18 |
| 05/30/2006 | 500 | $4.19 |
| 05/30/2006 | 1,000 | $4.08 |
| 05/30/2006 | 5,000 | $4.13 |
| 05/31/2006 | 499 | $4.09 |
| 05/31/2006 | 501 | $4.10 |
| 05/31/2006 | 3,000 | $4.02 |
| 05/31/2006 | 6,000 | $4.07 |
| 06/01/2006 | 2,000 | $4.10 |
| 06/01/2006 | 3,000 | $4.10 |
| 06/01/2006 | 4,000 | $4.56 |
| 06/02/2006 | 131 | $4.68 |
| 06/02/2006 | 269 | $4.65 |
| 06/02/2006 | 2,129 | $4.60 |
| 06/02/2006 | 7,000 | $4.58 |

| 06/05/2006 | 1,000 | $4.66 |
| 06/05/2006 | 1,000 | $4.47 |
| 06/05/2006 | 5,000 | $4.55 |
| 06/05/2006 | 5,000 | $4.53 |
| 06/05/2006 | 5,000 | $4.39 |
| 06/05/2006 | 5,000 | $4.37 |
| 06/05/2006 | 10,000 | $4.56 |
| 06/05/2006 | 10,000 | $4.56 |
| 06/06/2006 | 10,000 | $4.13 |
| 06/06/2006 | 12,000 | $4.18 |
| 06/06/2006 | 14,000 | $4.38 |
| 06/08/2006 | 3,000 | $4.09 |
| 06/08/2006 | 15,000 | $3.94 |
| 06/09/2006 | 5,000 | $3.98 |
| 06/09/2006 | 5,000 | $4.06 |
| 06/09/2006 | 5,000 | $4.05 |
| 06/16/2006 | 600 | $3.66 |
| 06/16/2006 | 1,400 | $3.65 |
| 06/19/2006 | 100 | $3.70 |
| 06/19/2006 | 2,000 | $3.50 |
| 06/22/2006 | 100 | $3.97 |
| 06/22/2006 | 100 | $3.95 |
| 06/23/2006 | 606 | $3.55 |
| 06/23/2006 | 1,094 | $3.54 |
| 06/23/2006 | 2,000 | $3.54 |
| 06/23/2006 | 2,000 | $3.46 |
| 06/28/2006 | 5,000 | $3.35 |
| 07/05/2006 | 466 | $3.64 |
| 07/05/2006 | 1,917 | $3.50 |
| 07/06/2006 | 3,000 | $3.49 |

**Sales**

| Date Sold | Type/Amount of Securities Sold | Price |
| --- | --- | --- |
| 05/16/2006 | 1,000 | $3.26 |
| 05/19/2006 | 2,359 | $3.23 |
| 05/19/2006 | 3,000 | $3.16 |
| 05/22/2006 | 2,100 | $3.64 |
| 05/22/2006 | 3,400 | $4.03 |
| 05/22/2006 | 6,600 | $4.01 |
| 05/23/2006 | 10,000 | $3.77 |
| 05/24/2006 | 5,000 | $4.10 |
| 05/25/2006 | 1,100 | $4.36 |
| 05/25/2006 | 1,300 | $4.35 |
| 05/25/2006 | 1,600 | $4.36 |
| 05/25/2006 | 9,391 | $4.27 |
| 05/26/2006 | 900 | $4.21 |
| 05/26/2006 | 4,100 | $4.23 |
| 05/30/2006 | 8,000 | $4.08 |

| | | |
|---|---|---|
| 05/31/2006 | 10,000 | $4.00 |
| 06/01/2006 | 1,000 | $4.50 |
| 06/01/2006 | 3,000 | $4.49 |
| 06/01/2006 | 4,000 | $4.03 |
| 06/02/2006 | 7,029 | $4.58 |
| 06/05/2006 | 10,000 | $4.57 |
| 06/05/2006 | 10,000 | $4.40 |
| 06/06/2006 | 46,000 | $4.15 |
| 06/08/2006 | 32,500 | $3.85 |
| 06/13/2006 | 10,000 | $3.70 |
| 06/14/2006 | 13,000 | $3.59 |
| 06/28/2006 | 300 | $3.31 |
| 06/28/2006 | 4,700 | $3.32 |
| 07/05/2006 | 5,383 | $3.40 |

# COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP

**COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP** ("Coughlin Stoia") is a 180-lawyer firm with offices in San Diego, San Francisco, Los Angeles, New York, Boca Raton, Washington, D.C., Houston and Philadelphia (*www.csgrr.com*). Coughlin Stoia is actively engaged in complex litigation, emphasizing securities, consumer, insurance, healthcare, human rights, employment discrimination and antitrust class actions. Coughlin Stoia's unparalleled experience and capabilities in these fields are based upon the talents of its attorneys who have successfully prosecuted thousands of class-action lawsuits. As a result, Coughlin Stoia attorneys have been responsible for recoveries of more than $45 billion.

This successful track record stems from our experienced attorneys, including many who left partnerships at other firms or came to Coughlin Stoia from federal, state and local law enforcement and regulatory agencies, including dozens of former prosecutors and SEC attorneys. Coughlin Stoia also includes more than 25 former federal and state judicial clerks.

Coughlin Stoia currently represents more institutional investors including public and multi-employer pension funds – domestic and international financial institutions – in securities and corporate litigation than any other firm in the United States.

Coughlin Stoia is committed to practicing law with the highest level of integrity and in an ethical and professional manner. We are a diverse firm with lawyers and staff from all walks of life. Our lawyers and other employees are hired and promoted based on the quality of their work and their ability to enhance our team and treat others with respect and dignity. Evaluations are never influenced by one's background, gender, race, religion or ethnicity.

We also strive to be good corporate citizens and to work with a sense of global responsibility. Contributing to our communities and our environment is important to us. We raised hundreds of thousands of dollars in aid for the victims of Hurricane Katrina and we often take cases on a *pro bono* basis. We are committed to the rights of workers and to the extent possible, we contract with union vendors. We care about civil rights, workers' rights and treatment, workplace safety and environmental protection. Indeed, while we have built a reputation as the finest securities and consumer class action law firm in the nation, our lawyers have also worked tirelessly in less high-profile, but no less important, cases involving human rights.

## PRACTICE AREAS

### Securities Fraud

As recent corporate scandals demonstrate clearly, it has become all too common for companies and their executives – and often with the help of their advisors, such as bankers, lawyers and accountants – to manipulate the market price of their securities by misleading the public about the company's financial condition or prospects for the future. This misleading information has the effect of artificially inflating the price of the company's securities above their true value. When the underlying truth is eventually revealed, the prices of these securities plummet, harming those innocent investors who relied upon the company's misrepresentations.

Coughlin Stoia is the leader in the fight to provide investors with relief from corporate securities fraud. We utilize a wide range of federal and state laws to provide investors with remedies, either by

bringing a class action on behalf of all affected investors or, where appropriate, by bringing individual cases.

The Firm's reputation for excellence has been repeatedly noted by courts and has resulted in the appointment of Coughlin Stoia attorneys to lead roles in hundreds of complex class-action securities and other cases. In the securities area alone, the Firm's attorneys have been responsible for a number of outstanding recoveries on behalf of investors. Currently, Coughlin Stoia attorneys are lead or named counsel in approximately 500 securities class action or large institutional-investor cases. Some current and past cases include:

- ***In re Enron Corp. Sec. Litig.***, Case No. H-01-3624 (S.D. Tex.). Coughlin Stoia attorneys are sole lead counsel representing the interests of Enron investors in this class action alleging securities fraud violation against numerous defendants, including many of Wall Street's biggest banks and law firms. To date, Coughlin Stoia attorneys and lead plaintiff The Regents of the University of California have obtained settlements in excess of $7.3 billion for the benefit of investors, the largest aggregate settlement in securities litigation history.

- ***In re WorldCom Sec. Litig. (Alaska Electrical Pension Fund v. CitiGroup, Inc.)***, Case No. 03-CV-8269 (DLC) (S.D.N.Y.). Coughlin Stoia attorneys represented more than 50 private and public institutions that opted out of the class-action case and sued WorldCom's bankers, officers and directors, and auditors in courts around the country for losses related to WorldCom bond offerings from 1998-2001. The Firm's clients included major public institutions from across the country such as CalPERS, CalSTRS, the state pension funds of Maine, Illinois, New Mexico and West Virginia, union pension funds, and private entities such as AIG and Northwestern Mutual. Coughlin Stoia attorneys recovered more than $650 million for its clients on the May 2000 and May 2001 bond offerings (the primary offerings at issue), substantially more than they would have recovered in the class.

- ***In re Cardinal Health, Inc. Sec. Litig.***, Case No. C2-04-00575 (ALM) (S.D. Ohio). As sole lead counsel representing Cardinal Health shareholders, Coughlin Stoia obtained a recovery of $600 million that was preliminarily approved in July 2007. On behalf of the lead plaintiffs, Amalgamated Bank, the New Mexico State Investment Council, the California Ironworkers Field Trust Fund and PACE Industry Union-Management Pension Fund, Coughlin Stoia aggressively pursued class claims and won notable courtroom victories, including a favorable decision on defendants' motion to dismiss. *In re Cardinal Health, Inc. Sec. Litig.*, 426 F. Supp. 2d 688 (S.D. Ohio 2006). At the time, the $600 million settlement was the tenth largest settlement in the history of securities fraud litigation and is the largest ever recovery in a securities fraud action in the Sixth Circuit.

- ***AOL Time Warner Cases I & II***, JCCP Nos. 4322 & 4325 (Cal. Super. Ct., Los Angeles County). Coughlin Stoia represented The Regents of the University of California, six Ohio state pension funds, Rabo Bank (NL), the Scottish Widows Investment Partnership, about a dozen Australian public and private funds, insurance companies, and numerous additional institutional investors, domestic and international, in state and federal court opt-out litigation, stemming from Time Warner's disastrous 2001 merger

with internet high flier America Online.  Coughlin Stoia attorneys exposed a massive and sophisticated accounting fraud involving America Online's e-commerce and advertising revenue.  After almost four years of litigation involving extensive discovery, Coughlin Stoia secured combined settlements for its opt-out clients totaling over $618 million just weeks before The Regents' case pending in California state court was scheduled to go to trial.  The Regents' gross recovery of $244 million is the largest individual opt-out securities recovery in history.

- ***In re HealthSouth Corp. Sec. Litig.***, Case No. CV-03-BE-1500-S (N.D. Ala.).  As court-appointed co-lead counsel, Coughlin Stoia attorneys obtained a landmark settlement of $445 million from HealthSouth and certain of its former directors and officers and certain other parties for the benefit of stockholder plaintiffs.  A product of hard-fought litigation, the settlement represents one of the larger settlements in securities class action history and is considered among the top 15 settlements achieved after passage of the Private Securities Litigation Reform Act of 1995.  For nearly a decade, HealthSouth, its investment bankers, and its auditor perpetrated one of the largest and most pervasive frauds in the history of United States healthcare, prompting Congressional and law enforcement inquiry and resulting in guilty pleas of 16 former HealthSouth executives in related federal criminal prosecutions.  Coughlin Stoia attorneys continue to prosecute complex civil actions vigorously against remaining defendants, including former HealthSouth CEO Richard Scrushy as well as UBS AG and Ernst & Young LLP for their participation in this massive scheme to defraud HealthSouth's investors.  In January 2007, Coughlin Stoia attorneys defeated the remaining defendants' motions to dismiss, and the case has now proceeded to full discovery where Coughlin Stoia attorneys are aggressively marshaling the evidence required to win further large recoveries for the victims of this immense fraud.

- ***In re Qwest Commc'ns Int'l, Inc. Sec. Litig.***, Case No. 01-CV-1451-REB-CBS (D. Colo.).  Coughlin Stoia attorneys are currently serving as lead counsel for the class of investors that purchased Qwest securities.  In July 2001, the Firm filed the initial complaint in this action on behalf of its clients, long before any investigation into Qwest's financial statements was initiated by the SEC or Department of Justice.  After five years of litigation, lead plaintiffs entered into a proposed partial settlement with Qwest and certain individual defendants that guarantees a $400 million recovery for the class and further provides for a mechanism that will allow the vast majority of class members to share in an additional $250 million recovered by the SEC.  The district court approved the settlement in late 2006.  Non-settling defendants such as Joseph P. Nacchio and Robert S. Woodruff have appended the final approval of the settlement.  Coughlin Stoia will continue to prosecute the class' claims against Joseph P. Nacchio and Robert S. Woodruff, the CEO and CFO respectively of Qwest during large portions of the class period.

- ***In re AT&T Corp. Sec. Litig.***, MDL No. 1399 (D.N.J.).  Coughlin Stoia attorneys served as lead counsel for a class of investors that purchased AT&T common stock.  The case charged defendants AT&T Corporation and its former Chairman and CEO, C. Michael Armstrong, with violations of the federal securities laws in connection with AT&T's April 2000 initial public offering of its wireless tracking stock, the largest IPO in American history.  After two weeks of trial, and on the eve of scheduled testimony by

Armstrong and infamous telecom analyst Jack Grubman, defendants agreed to settle the case for $100 million. In granting approval of the settlement, the Court stated the following about the Coughlin Stoia attorneys handing the case:

> Lead Counsel are highly skilled attorneys with great experience in prosecuting complex securities action[s], and their professionalism and diligence displayed during [this] litigation substantiates this characterization. The Court notes that Lead Counsel displayed excellent lawyering skills through their consistent preparedness during court proceedings, arguments and the trial, and their well-written and thoroughly researched submissions to the Court. Undoubtedly, the attentive and persistent effort of Lead Counsel was integral in achieving the excellent result for the Class.

- **_Brody v. Hellman_** (U.S. West Dividend Litigation), Case No. 00-CV-4142 (D. Colo.). Coughlin Stoia attorneys were court-appointed counsel for the class of former stockholders of U.S. West, Inc. who sought to recover a dividend declared by U.S. West before its merger with Qwest. The merger closed before the record and payment dates for the dividend, which Qwest did not pay following the merger. The case was hard fought, and the plaintiffs survived a motion to dismiss, two motions for summary judgment and successfully certified the class over vigorous opposition from defendants. In certifying the class, the Court commented, "Defendants do not contest that Plaintiffs' attorneys are extremely well qualified to represent the putative class. This litigation has been ongoing for years; in that time Plaintiffs' counsel has proven that they are more than adequate in ability, determination, and resources to represent the putative class." The case settled for $50 million on the day before trial was scheduled to commence. At the August 30, 2005 final approval hearing relating to the settlement, the Court noted that the case "was litigated by extremely talented lawyers on both sides" and that the settlement was "a great result." In describing the risk taken by Coughlin Stoia and its co-counsel, the Court noted that, "There wasn't any other lawyers in the United States that took the gamble that these people did. Not one other firm anywhere said I'm willing to take that on. I'll pay five years. I'll pay out the expenses. I'll put my time and effort on the line." In discussing the difficulties facing Coughlin Stoia in this case, the Court said that, "There wasn't any issues that wasn't fought. It took a great deal of skill to get to the point of the trial." In concluding, the Court remarked that the class was "fortunate they had some lawyers that had the guts to come forward and do it."

Coughlin Stoia's Securities Department includes dozens of former federal and state prosecutors and trial attorneys. The Firm's securities practice is also strengthened by the existence of a strong Appellate Department, whose collective work has established numerous legal precedents. The Securities Department also utilizes an extensive group of in-house economic and damage analysts, investigators and forensic accountants to aid in the prosecution of complex securities issues.

While obtaining monetary recoveries for our clients is our primary focus, Coughlin Stoia attorneys have also been at the forefront of securities fraud **_prevention_**. The Firm's prevention efforts are focused on creating important changes in corporate governance, either as part of the global

settlements of derivative and class cases or through court orders. Recent cases in which such changes were made include:

- ***Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Hanover Compressor Co.***, Case No. H-02-0410 (S.D. Tex.). Groundbreaking corporate governance changes obtained include: direct shareholder nomination of two directors; mandatory rotation of the outside audit firm; two-thirds of the board required to be independent; audit and other key committees to be filled only by independent directors; and creation and appointment of lead independent director with authority to set up board meetings.

- ***In re Sprint Corp. S'holder Litig.***, Case No. 00-CV-230077 (Cir. Ct. Jackson County, Mo.). In connection with the settlement of a derivative action involving Sprint Corporation, the company adopted over 60 new corporate governance provisions which, among other things, established a truly independent board of directors and narrowly defines "independence" to eliminate cronyism between the board and top executives; required outside board directors to meet at least twice a year without management present; created an independent director who will hold the authority to set the agenda, a power previously reserved for the CEO; and imposed new rules to prevent directors and officers from vesting their stock on an accelerated basis.

- ***Teachers' Ret. Sys. of La. v. Occidental Petroleum Corp.***, Case No. BC185009 (Cal. Super. Ct., Los Angeles County). As part of the settlement, corporate governance changes were made to the composition of the company's board of directors, the company's nominating committee, compensation committee and audit committee.

- ***Barry v. E*Trade Group, Inc.***, Case No. CIV419804 (Cal. Super. Ct., San Mateo County). In connection with settlement of derivative suit, excessive compensation of the company's CEO was eliminated (reduced salary from $800,000 to zero; bonuses reduced and to be repaid if company restates earnings; reduction of stock option grant; and elimination of future stock option grants) and important governance enhancements were obtained, including the appointment of a new unaffiliated outside director as chair of board's compensation committee.

Through these efforts, Coughlin Stoia has been able to create substantial shareholder guarantees to prevent future securities fraud. The Firm works closely with noted corporate governance consultant Robert Monks and his firm, LENS Governance Advisors, to shape corporate governance remedies for the benefit of investors.

## Corporate Takeover Litigation

Coughlin Stoia is at the forefront of representing the rights of the public shareholders of companies whose management has agreed to a corporate buyout, merger or other corporate transaction. Directors and officers of public companies owe shareholders the highest fiduciary duties under the law. Because corporate takeover transactions are often riddled with conflicts of interest, the duties owed to shareholders are all too often breached, resulting in transactions that are either financially unfair to shareholders, procedurally unfair to shareholders, or both. Among the cases in which

Coughlin Stoia attorneys have successfully represented shareholders in corporate takeover litigation are:

- ***Charter Township of Clinton Police and Fire Ret. Sys. v. OSI Res. Partners, Inc.***, Case No. 06-010348 (Hillsborough County Cir. Ct., Fla.). On behalf of a large institutional investor, Coughlin Stoia's attorneys sued to block a deal under which two private equity firms teamed up with the founders and executives of the Outback Steakhouse ("OSI") chain to take the company private. As a result of the litigation, OSI was forced to make major modifications to the corporate merger agreement and to disclose a host of additional financial and other information about the negotiations to shareholders. This, in turn, led to a concern by the private equity buyers that the shareholders, armed with more information, would vote against the transaction. Thus, the consideration was increased by over $60 million. The OSI shareholders approved the transaction, which was improved both procedurally and financially by the litigation.

- ***In re HCA Inc. S'holder Litig.***, Case No. 06-1816 III (Davidson County Ch. Ct., Tenn.). Coughlin Stoia represented Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust, on behalf of itself and HCA's shareholders, in this action challenging the inadequate process by which defendants agreed to sell HCA (the $33 billion sale was the largest management-led buyout in history at the time it was announced). On the eve of a preliminary injunction hearing challenging the sale of HCA, defendants capitulated to Coughlin Stoia's client's demands and agreed to various provisions that helped ensure a fair merger process for HCA's public shareholders. Specifically, Coughlin Stoia was instrumental in achieving the following substantial benefits on behalf of the class: (i) a material expansion of appraisal rights for those HCA shareholders who opted for appraisal rather than accepting the $51 per share offered in the transaction; (ii) a $280 million (or almost 60%) reduction in the termination fee that that would have been payable to the buyout group in the event that a competing bid for HCA emerged, thus making competing bids more feasible; (iii) disclosure of additional material information to shareholders, thus aiding them in deciding whether to approve or reject the transaction, and whether to seek appraisal as an alternative thereto; and (iv) a provision creating "majority of the minority" protection for the company's public shareholders which would permit the litigation to proceed unless the transaction obtained the approval of a majority of those shareholders unaffiliated with the First family (HCA's controlling shareholders).

- ***Wetzel v. Karol*** (ElkCorp Derivative), Case No. CC-06-18562-B (Dallas County Ct. at Law, Tex.). Coughlin Stoia's attorneys challenged defendants' modifications to ElkCorp's shareholder rights plan (the "poison pill") as a deal-protection device to "lock up" the proposed buyout of the company by Carlyle and prevent the company shareholders from tendering their shares into the tender offer that has been made by Building Materials Corporation of America ("BMCA"). The Court granted Coughlin Stoia's request for a temporary restraining order which prohibited defendants from issuing any rights certificates pursuant to the poison pill and also prohibited the payment of a termination fee of $29 million by the company to Carlyle.

- ***In re Prime Hospitality, Inc. S'holders Litig.***, Case No. 652-N, 2005 Del. Ch. LEXIS 61 (Del. Ch. Ct. May 4, 2005).  On behalf of a large institutional investor, Coughlin Stoia's attorneys successfully objected to an inadequate settlement in this action.  After the Court refused to approve the settlement and granted the institutional investor's motion to intervene, Coughlin Stoia successfully renegotiated a $25 million settlement for Prime Hospitality's shareholders.

- ***In re Cablevision Sys. Corp. S'holders Litig.***, Case No. 06-016807 (N.Y. Super. Ct., County of Nassau).  Coughlin Stoia represented a large institutional investor as one of the court-appointed lead counsel in a lawsuit seeking to block the attempted buyout of Cablevision by its majority shareholders.  The litigation resulted in an increase of more than $2.2 billion in cash consideration being offered to Cablevision's public stockholders, and provided additional protections, including $300 million of personal guarantees from the controlling shareholders for any liabilities payable as a result of a breach of the merger agreement.

- ***Phillips v. Reckson Assoc. Realty Corp.***, Case No. 06-12871 (N.Y. Super. Ct., County of Nassau).  Coughlin Stoia served as lead counsel in an action involving the takeover of Reckson Associates Corporation by SL Green Realty Corporation pursuant to which SL Green was to acquire Reckson and then sell a large portion of Reckson's real estate properties back to former members of Reckson's management team.  Following briefing on a motion for a preliminary injunction, defendants agreed, among other things, that if the former members of Reckson's management sell their interests in certain of those properties at a profit within three years, Reckson's stockholders would receive an agreed-upon percentage of any such profit.  In addition, in the event that Reckson's former management is given the right and approval to develop a certain parcel of land, they are required to pay Reckson's former shareholders an additional $20 million in cash.  Moreover, as part of the settlement, Reckson's former shareholders received Reckson's interests in contingent profit-sharing participations in connection with the sale of certain Long Island industrial properties.  Also, as a result of the litigation, defendants were required to make additional disclosures about the terms and conditions of the deal between SL Green and Reckson management.  Those disclosures resulted in shareholders demanding and receiving a $25-million dividend.

## Options Backdating Litigation

As has been widely reported in the media, the stock options backdating scandal suddenly engulfed hundreds of publicly traded companies throughout the country.  Coughlin Stoia is at the forefront of investigating and, where necessary, pursuing options backdating derivative and securities cases in this new and developing area.  Coughlin Stoia's lawyers are presently prosecuting the enormous and high-profile *UnitedHealth Group* securities class action in Minnesota, where the California Public Employees' Retirement System is the court-appointed sole lead plaintiff.  Coughlin Stoia's lawyers are also serving as lead counsel in several large derivative actions such as *The Home Depot, Inc.*, *Vitesse Semiconductor*, *Family Dollar Stores, Inc.* and *KLA-Tencor Corp.*

## Insurance

Fraud in the insurance industry by executives, agents, brokers, lenders and others is one of the most costly crimes in America. Driving up everyone's insurance prices, some experts estimate the annual cost of this rising tide of white collar crime to be $120 billion nationally. Coughlin Stoia stands at the forefront in protecting the rights of consumers and state and federal entities against insurance fraud and unfair business practices in the insurance industry.

Coughlin Stoia attorneys were the first to expose the illegal and improper bid-rigging and kickback scandal between insurance companies and their brokers. The Firm is currently one of the lead firms representing businesses, individuals, school districts, counties and the State of California in numerous actions in state and federal courts nationwide.

Our attorneys prosecute claims relating to the fraudulent and improper sale and servicing of insurance policies to recoup losses for victimized policy owners. For example, Coughlin Stoia attorneys have represented and continue to represent policy owners against insurance companies who made misrepresentations at the point of sale concerning how the policy will perform, the amount of money the policy will cost, and whether premiums will "vanish." Claims also include allegations that purchasers were misled concerning the financing of a new policy, falling victim to a "replacement" or "churning" sales scheme where they were convinced to use loans, partial surrenders or withdrawals of cash values from an existing permanent life insurance policy to purchase a new policy.

Coughlin Stoia attorneys have long been at the forefront of race discrimination litigation against life insurance companies for their practice of intentionally charging African-Americans and other minorities more for life insurance than similarly situated Caucasians. Our attorneys have recovered over $400 million for African-Americans and other minority class members as redress for the civil rights abuses they were subjected to, including landmark recoveries in *McNeil v. Am. Gen. Life & Accident Ins. Co.*, *Thompson v. Metro. Life Ins. Co.* and *Williams v. United Ins. Co. of Am*.

Coughlin Stoia attorneys have also battled the automobile insurance companies that insists on placing low quality "imitation" parts on their customer's cars. The insurance group is also actively litigating against those insurers who overcharge their customers for their insurance coverage.

## Antitrust

Coughlin Stoia's antitrust practice focuses on representing businesses and individuals who have been the victims of price-fixing, unlawful monopolization, tying and other anticompetitive conduct. The Firm has taken a leading role in many of the largest federal and state price-fixing, monopolization, and tying cases throughout the United States.

- *The Apple ipod itunes Antitrust Litig.*, Case No. C-05-00037-JW (N.D. Cal.). Coughlin Stoia is one of two firms appointed lead counsel for the proposed iPod direct-purchaser class – a class of several million people. Plaintiffs assert that Apple illegally tied the purchase of digital music and video files from its iTunes Store to the purchase of an iPod by making it impossible to play music and video purchased on iTunes using other portable players, and unlawfully monopolized the market for portable digital music players. This conduct locked Apple's competitors out of the market and allowed

Apple to inflate the price at which iPods were sold. The trial court denied Apple's motion to dismiss and discovery continues.

- *In re Digital Music Antitrust Litig.*, MDL No. 1780 (S.D.N.Y.). Coughlin Stoia attorneys are co-lead counsel in an action against the major music labels (Sony-BMG, EMI, Universal and Warner Music Group) in a case involving music that can be downloaded digitally from the Internet. In this case, plaintiffs allege that defendants restrained the development of digital downloads and agreed to fix the distribution price of digital downloads at supracompetitive prices. Plaintiffs also allege that as a result of defendants' restraint of the development of digital downloads, and the market and price for downloads, defendants were able to maintain the prices of their CDs at supracompetitive levels. Defendants' motion to dismiss is being briefed.

- *In re Late Fee and Over-Limit Fee Litig.*, Case No. C-07-00634-SBA (N.D. Cal.). Coughlin Stoia attorneys are lead counsel in an action against the major credit card issuers (Citibank, Bank of America, JPMorgan/Chase, Wells Fargo and Washington Mutual), challenging the pricing of late fees and over-limit fees on substantive due process grounds. In addition, plaintiffs allege that defendants have agreed to set the prices of late fees at supracompetitive levels. Defendants' motion to dismiss is being briefed.

- *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.). Coughlin Stoia attorneys served as co-lead counsel in this case, in which investors alleged that NASDAQ market-makers set and maintained artificially wide spreads pursuant to an industry-wide conspiracy. After three and one half years of intense litigation, the case settled for a total of $1.027 billion, the largest ever antitrust settlement. The Court commended counsel for its work, saying:

  > Counsel for the Plaintiffs are preeminent in the field of class action litigation, and the roster of counsel for the Defendants includes some of the largest, most successful, and well regarded law firms in the country. It is difficult to conceive of better representation than the parties to this action achieved.

  *See In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998).

  One of the most significant events in the case – Judge Sweet's decision to certify the class – resulted from efforts by Coughlin Stoia lawyers, including oral argument by Leonard B. Simon, Of Counsel to Coughlin Stoia.

- *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.). Coughlin Stoia attorneys are co-lead counsel in the world's largest antitrust action (in terms of dollar value of commerce). In this case, a class of merchants allege Visa, MasterCard and their member banks, including Bank of America, Citibank, JPMorgan Chase, Capital One, Wells Fargo and HSBC among others, have conspired to fix the price of the interchange rate on credit cards and signature debit cards. In addition, plaintiffs allege that the defendants have set and enforced rules against merchants that restrain competition in the payment card industry,

including the no-surcharge rule and the no-minimum-purchase rule.  The motions to dismiss are *sub judice* and discovery continues.

Other cases include:

- ***Hall v. NCAA*** (Restricted Earnings Coach Antitrust Litigation), Case No. 94-2392-KHV (D. Kan.).  Coughlin Stoia attorneys served as lead counsel and lead trial counsel for one of three classes of coaches who alleged that the National Collegiate Athletic Association illegally fixed their compensation by instituting the "restricted earnings coach" rule.  On May 4, 1998, the jury returned verdicts in favor of the three classes for more than $70 million.

- ***Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives and Composites, Inc.*** (Carbon Fiber Antitrust Litigation), Case No. CV-99-7796 (C.D. Cal.).  Coughlin Stoia attorneys were co-lead counsel (with one other firm) in this consolidated class action, in which a class of purchasers alleged that the major producers of carbon fiber fixed its price from 1993-1999.  The case settled for $675 million.

- ***In re DRAM Antitrust Litig.***, MDL No. 1486 (N.D. Cal.).  Coughlin Stoia attorneys served on the executive committee in this multi-district class action, in which a class of purchasers of dynamic, random access memory chips, known as DRAM, allege that the leading manufacturers of semiconductor products fixed the price of DRAM from the fall of 2001 through at least the end of June 2002.  The case settled for more than $300 million.

- ***In re Disposable Contact Lens Antitrust Litig.***, MDL No. 1030 (M.D. Fla.).  Coughlin Stoia attorneys served as co-lead counsel for a class of contact lens wearers alleging that the principal manufacturers of disposable contact lenses conspired with the leadership of the American Optometric Association and other eye care practitioners to boycott alternative channels of contact lens distribution, including pharmacies and mail order suppliers.  The case settled for $89 million five weeks into a jury trial.

- ***Microsoft I-V Cases***, J.C.C.P. No. 4106 (Cal. Super. Ct., San Francisco County).  Coughlin Stoia attorneys served on the executive committee in these consolidated cases, in which California indirect purchasers challenged Microsoft's illegal exercise of monopoly power in the operating system, word processing and spreadsheet markets.  In a settlement approved by the Court, class counsel obtained an unprecedented $1.1 billion worth of relief for the business and consumer class members who purchased the Microsoft products.

- ***In re Currency Conversion Antitrust Litig.***, MDL No. 1409 (S.D.N.Y.).  Coughlin Stoia attorneys have recovered $336 million for credit and debit cardholders in this multi-district litigation, in which Coughlin Stoia serves as co-lead counsel.  Plaintiffs allege that VISA and MasterCard, and certain leading member banks of Visa and MasterCard, conspired to fix and maintain the foreign currency conversion fee charged to United States cardholders, and failed to disclose adequately the fee in violation of federal law. The trial court has preliminary approved a $336 million settlement.  The proposed $336 million settlement awaits final approval.

- ***In re Carbon Black Antitrust Litig.***, MDL No. 1543 (D. Mass.).  Coughlin Stoia attorneys recovered $20 million for the class in this multi-district price-fixing class action, in which Coughlin Stoia served as co-lead counsel.  Plaintiff's purchased carbon black from major producers that allegedly unlawfully conspired to fix the price of carbon black, which is used in the manufacture of tires, rubber and plastic products, inks and other products, from 1999 through the present.  The proposed settlement awaits final approval.

**Consumer Fraud**

Coughlin Stoia's attorneys represent plaintiffs nationwide in a variety of important, complex consumer class actions.  Coughlin Stoia attorneys have taken a leading role in many of the largest state and federal consumer fraud, human rights, environmental, public health and tobacco-related cases throughout the United States.  Coughlin Stoia is also actively involved in numerous cases relating to the financial services industry, pursuing claims on behalf of individuals victimized by abusive mortgage lending practices, including violations of the Real Estate Settlement Procedures Act, market timing violations in connection with the sale of variable annuities and deceptive consumer credit lending practices in violation of the Truth-In-Lending Act.

Current consumer cases include:

- ***Florida Emergency Room Physicians HMO Litigation***.  Coughlin Stoia attorneys represent emergency care physicians suing four HMOs over improper payments.  The cases, pending in state court in Florida, have been litigated all the way up to the Florida Supreme Court, which upheld a lower appellate court's ruling in favor of the physicians.

- ***Home Loan Lenders Overcharging Consumers***.  Coughlin Stoia attorneys represent customers of Wells Fargo, Washington Mutual and Countrywide, alleging that these banks have improperly overcharged home-loan customers hundreds of dollars for work that costs only a few dollars per loan.

- ***Cellphone Termination Fee Cases***.  Coughlin Stoia attorneys are co-lead counsel in a lawsuit against the six major wireless telephone service providers in California.  The plaintiffs allege that the early termination fee provisions in defendants' contracts are illegal penalties under California law, designed to unfairly tether consumers to long-term contracts and prevent customers from changing their wireless service providers.  Classes have been certified against Nextel, Sprint and Verizon.

Prior consumer cases include:

- ***Tenet Healthcare Cases***.  Coughlin Stoia attorneys were co-lead counsel in a class action alleging a fraudulent scheme of corporate misconduct, resulting in the overcharging of uninsured patients by the Tenet chain of hospitals.  The Firm's attorneys represented uninsured patients of Tenet hospitals nationwide who were overcharged by Tenet's admittedly "aggressive pricing strategy" which resulted in price gouging of the uninsured.  The case was settled with Tenet changing its practices and making refunds to patients.

- ***Kehoe v. Fidelity Fed.***, Case No. 03-80593-CIV (S.D. Fla.).  After years of litigation that included appeals to the United States Supreme Court, Coughlin Stoia attorneys successfully negotiated a $50 million all cash settlement in this cutting-edge case involving consumer privacy rights.  The published decision in *Kehoe*, one of the first opinions construing the Federal Drivers Privacy Protection Act, was a victory for Coughlin Stoia's clients and has been cited over 50 times by other courts since its publication in 2005.

- ***Schwartz v. Visa Int'l***, Case No. 822404-4 (Cal. Super. Ct., Alameda County).  After years of litigation and a six month trial, Coughlin Stoia attorneys won one of the largest consumer-protection verdicts ever awarded in the United States.  Coughlin Stoia attorneys represented California consumers sued Visa and MasterCard for intentionally imposing and concealing a fee from their cardholders.  The Court ordered Visa and MasterCard to return $800,000,000 in cardholder losses, which represented 100% of the amount illegally taken, plus 2% interest.  In addition, the Court ordered full disclosure of the hidden fee.

- ***In re Lifescan, Inc. Consumer Litig.***, Case No. CV-98-20321-JF (N.D. Cal.).  Coughlin Stoia attorneys were responsible for achieving a $45 million all-cash settlement with Johnson & Johnson and its wholly owned subsidiary, Lifescan, Inc., over claims that Lifescan deceptively marketed and sold a defective blood-glucose monitoring system for diabetics.  The Lifescan settlement was noted by the District Court for the Northern District of California as providing "exceptional results" for members of the class.

**Human Rights, Labor Practices and Public Policy**

Coughlin Stoia attorneys have a long tradition of representing the victims of unfair labor practices and violations of human rights.  These include:

- ***Does I v. The Gap, Inc.***, Case No. 01 0031 (D. N. Mariana Islands).   In this groundbreaking case, Coughlin Stoia attorneys represented a class of 30,000 garment workers who alleged that they had worked under sweatshop conditions in garment factories in Saipan that produced clothing for top United States retailers such as The Gap, Target and J.C. Penney.  In the first action of its kind, Coughlin Stoia attorneys pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan.  This case was a companion to two other actions: ***Does I v. Advance Textile Corp.***, Case No. 99 0002 (D. N. Mariana Islands), which alleged overtime violations by the garment factories under the Fair Labor Standards Act and local labor law, and ***UNITE v. The Gap, Inc.***, Case No. 300474 (Cal. Super. Ct., San Francisco County), which alleged violations of California's Unfair Practices Law by the United States retailers.  These actions resulted in a settlement of approximately $20 million that included a comprehensive monitoring program to address past violations by the factories and prevent future ones.  The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts at bringing about the precedent-setting settlement of the actions.

- ***Kasky v. Nike, Inc.***, 27 Cal. 4th 939 (2002).  The California Supreme Court upheld claims that an apparel manufacturer misled the public regarding its exploitative labor practices, thereby violating California statutes prohibiting unfair competition and false advertising.  The Court rejected defense contentions that any misconduct was protected by the First Amendment, finding the heightened constitutional protection afforded to noncommercial speech inappropriate in such a circumstance.

- ***World War II-Era Slave Labor***.  Against steep odds, the Firm's lawyers took up the claims of people forced to work as slave labor for Japanese corporations during the Second World War.  Their human rights case ran into trouble when the Ninth Circuit agreed with the Bush administration that any claims against Japanese corporations and their subsidiaries were preempted by the federal government's foreign-affairs power. *See Deutsch v. Turner,* 324 F.3d 692 (9th Cir. 2003).  The case nonetheless demonstrates the lawyers' dedication to prosecuting human-rights violations against the challenge of formidable political opposition.

- ***The Cintas Litigation***.  Brought against one of the nation's largest commercial laundries for violations of the Fair Labor Standards Act for misclassifying truck drivers as salesmen to avoid payment of overtime.

- ***Taco Bell workers***.  Coughlin Stoia attorneys represented over 2,300 Taco Bell workers who were denied thousands of hours of overtime pay because, among other reasons, they were improperly classified as overtime-exempt employees.

Shareholder derivative litigation brought by Coughlin Stoia attorneys at times also involves stopping anti-union activities, including:

- ***Southern Pacific/Overnite***.  A shareholder action stemming from several hundred million dollars in loss of value in the company due to systematic violations by Overnite of United States labor laws.

- ***Massey Energy***.  A shareholder action against an anti-union employer for flagrant violations of environmental laws resulting in multi-million dollar penalties.

- ***Crown Petroleum***.  A shareholder action against a Texas-based oil company for self-dealing and breach of fiduciary duty while also involved in a union lockout.

## Environment and Public Health

Coughlin Stoia attorneys have also represented plaintiffs in class actions related to environmental law.  The Firm's attorneys represented, on a *pro bono* basis, the Sierra Club and the National Economic Development and Law Center as *amici curiae* in a federal suit designed to uphold the state and federal use of project labor agreements ("PLAs").  The suit represented a legal challenge to President Bush's Executive Order 13202, which prohibits the use of project labor agreements on construction projects receiving federal funds.  Our *amici* brief in the matter outlined and stressed the significant environmental and socio-economic benefits associated with the use of PLAs on large-scale construction projects.

Attorneys with Coughlin Stoia have been involved in several other significant environmental cases, including:

- ***Public Citizen v. U.S. D.O.T.***  Coughlin Stoia attorneys represented a coalition of labor, environmental, industry and public health organizations including Public Citizen, The International Brotherhood of Teamsters, California AFL-CIO and California Trucking Industry in a challenge to a decision by the Bush Administration to lift a congressionally-imposed "moratorium" on cross-border trucking from Mexico on the basis that such trucks do not conform to emission controls under the Clean Air Act, and further, that the Administration did not first complete a comprehensive environmental impact analysis as required by the National Environmental Policy Act.  The suit was dismissed by the Supreme Court, the Court holding that because the D.O.T. lacked discretion to prevent cross-border trucking, an environmental assessment was not required.

- ***Sierra Club v. AK Steel***.  Brought on behalf of the Sierra Club for massive emissions of air and water pollution by a steel mill, including homes of workers living in the adjacent communities, in violation of the Federal Clean Air Act, Resource Conservation Recovery Act and the Clean Water Act.

- ***MTBE Litigation***.  Brought on behalf of various water districts for befouling public drinking water with MTBE, a gasoline additive linked to cancer.

- ***Exxon Valdez***.  Brought on behalf of fisherman and of Alaska residents for billions of dollars in damages resulting from the greatest oil spill in United States history.

- ***Avilla Beach***.  A citizens' suit against UNOCAL for leakage from the oil company pipeline so severe it literally destroyed the town of Avilla Beach, California.

Federal laws such as the Clean Water Act, the Clean Air Act, the Resource Conservation and Recovery Act and state laws such as California Proposition 65 exist to protect the environment and the public from abuses by corporate and government organizations.  Companies can be found liable for negligence, trespass or intentional environmental damage, be forced to pay for reparations, and to come into compliance with existing laws.  Prominent cases litigated by Coughlin Stoia attorneys include representing more than 4,000 individuals suing for personal injury and property damage related to the Stringfellow Dump Site in Southern California, participation in the Exxon Valdez oil spill litigation and the toxic spill arising from a Southern Pacific train derailment near Dunsmuir, California.

**The Fight Against Big Tobacco**

Coughlin Stoia attorneys have led the fight against Big Tobacco since 1991.  As an example, Coughlin Stoia attorneys filed the case that helped get rid of Joe Camel representing various public and private plaintiffs, including the State of Arkansas, the general public in California, the cities of San Francisco, Los Angeles and Birmingham, 14 counties in California and the working men and women of this country in the Union Pension and Welfare Fund cases that have been filed in 40 states.  In 1992, Coughlin Stoia attorneys filed the first case in the country that alleged a conspiracy by the Big Tobacco companies.

**Pro Bono**

Coughlin Stoia attorneys have been recognized for their long history of *pro bono* work and demonstrated commitment to providing services for the poor and disenfranchised.  In 1999, for example, the Firm's lawyers were honored as finalists for the San Diego Volunteer Lawyer Program's 1999 Pro Bono Law Firm of the Year Award, based on a disability-rights case, *Badua v. City of San Diego*.  Linda Kilb, of the Disability Rights Education and Defense Fund, lauded the lawyers', "talent, effort, and commitment" in a case that the local ACLU described as one of the year's most important.

In 2003, the Firm's lawyers earned a nomination for the California State Bar President's *Pro Bono* Law Firm of the Year award.  The State Bar President commended them for "dedication to the provision of *pro bono* legal services to the poor" and for "extending legal services to underserved communities."  Carl Poirot of the San Diego Volunteer Lawyer Program praised the lawyers for "extraordinary efforts" representing people "who clearly do not have the financial resources or wherewithal to retain legal counsel."

More recently, one of the Firm's lawyers undertook the representation of an impoverished Somali family seeking political asylum.  A mother and her children belonged to an ethnic minority subject to systematic persecution and genocidal violence in Somalia.  They sought desperately to escape that violence, and also to preserve the children from the genital mutilation forced on Somali girls.  Christie Suriel took the case after an initial application for political asylum had been denied – and she vigorously represented the family, which was granted political asylum in May of 2006.

The Firm's lawyers worked as cooperating attorneys with the ACLU in *Sanchez v. County of San Diego*, a class action filed on behalf of welfare applicants subject to the County's "Project 100%" program,  under which investigators from the San Diego D.A.'s office, Public Assistance Fraud Division, lacking any suspicion of fraud or wrongdoing, enter and search the home of every person who applies for welfare benefits.  The D.A.'s Fraud Division agents would arrive unannounced at applicants' homes and ask to walk through them, inspecting the contents of bedroom closets, dresser drawers and bathroom medicine cabinets.  They also initiated "collateral contacts" with neighbors and employers, identifying themselves as Public Assistance Fraud Investigators and asking questions about the applicant – never explaining they had no reason to suspect wrongdoing.

The Firm's lawyers obtained real relief.  The County admitted that under controlling regulations it could not make food stamps hinge on the Project 100% "home visits."  The district court ruled that the D.A.'s program of unconsented "collateral contacts" violated state regulations – putting an end to the practice of law-enforcement officers interviewing applicants' neighbors and employers without first obtaining the applicants' written consent.  With respect to CalWORKs aid to needy families, however, the district court sustained the D.A.'s "home visits" and "walk throughs," rejecting arguments that it violates the Fourth Amendment for law-enforcement officers to inspect the contents of welfare applicants' bedroom closets and bathroom medicine cabinets absent any reason to suspect wrongdoing or ineligibility.

A divided panel of the Ninth Circuit affirmed that ruling over the vigorous dissent of Judge Raymond C. Fisher, who blasted the majority for "suggesting that welfare applicants may be treated the same as convicted criminals." *Sanchez v. County of San Diego*, 464 F.3d 916, 932 (9th Cir. 2006).  A petition for *en banc* rehearing was denied with eight judges publicly dissenting from what Judge Harry Pregerson termed "an assault on our country's poor." *Sanchez v. County of San Diego*, 483 F.3d 965,

966 (9th Cir. 2007).  The decision was noted and sharply criticized in the pages of the *Harvard Law Review* and *The New York Times*, and the Firm now is working with a former acting Solicitor General of the United States to obtain review by the United States Supreme Court.

Not all of the Firm's *pro bono* work has focused on rights of impoverished citizens.  As noted above, the Firm's lawyers also have represented groups such as the Sierra Club and the National Economic Development and Law Center as *amici curiae* before the United States Supreme Court.  And senior appellate partner Eric Alan Isaacson has filed *amicus curiae* briefs on behalf of religious organizations and clergy supporting civil rights, opposing government support for discrimination on the basis of personal religious viewpoint, and generally upholding the American traditions of religious freedom and church-state separation.

## JUDICIAL COMMENDATIONS

Coughlin Stoia attorneys have been commended by countless judges all over the country for the quality of their representation in class-action lawsuits.

When Judge Harmon appointed Coughlin Stoia attorneys as lead counsel for Enron securities purchasers, she commented,  "In reviewing the extensive briefing submitted regarding the Lead Plaintiff/Lead Counsel selection, the Court has found that the submissions of [Coughlin Stoia attorneys] stand out in the breadth and depth of its research and insight."  *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex. 2002).

Later, in a preliminary class certification order discussing the issues of Enron, Judge Harmon had this to say about the Firm:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities. . . . Since the beginning they have propelled the *Newby* litigation forward. They have established the website by which attorneys serve and communicate with each other, established the central depository for discovery materials, negotiated an agreed, organized, nonduplicative, and pared-down discovery schedule, and negotiated complex settlements with a number of defendants.

*In re Enron Corp. Sec. Litig.*, Case No. H-01-3624, 2006 U.S. Dist. LEXIS 43146 (S.D. Tex. June 5, 2006).

In *Stanley v. Safeskin Corp.*, Case No. 99 CV 454-BTM (S.D. Cal. May 25, 2004), where Coughlin Stoia attorneys obtained $55 million for the class of investors, Judge Moskowitz stated:

> I said this once before, and I'll say it again.  I thought the way that your firm handled this case was outstanding.  This was not an easy case.  It was a complicated case, and every step of the way, I thought they did a very professional job.

In April 2005, in granting final approval of a $100 million settlement obtained after two weeks of trial in *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.), Judge Garret E. Brown, Jr. stated the following about the Coughlin Stoia attorneys prosecuting the case:

Lead Counsel are highly skilled attorneys with great experience in prosecuting complex securities action[s], and their professionalism and diligence displayed during litigation substantiates this characterization. The Court notes that Lead Counsel displayed excellent lawyering skills through their consistent preparedness during court proceedings, arguments and the trial, and their well-written and thoroughly researched submissions to the Court. Undoubtedly, the attentive and persistent effort of Lead Counsel was integral in achieving the excellent result for the Class.

In a December 2006 hearing on the $50 million consumer privacy class action settlement in *Kehoe v. Fidelity Fed.*, Case No. 03-80593-CIV (S.D. Fla.), United States District Court Judge Daniel T.K. Hurley said the following:

First, I thank counsel. As I said repeatedly on both sides we have been very, very fortunate. We have had fine lawyers on both sides. The issues in the case are significant issues. We are talking about issues dealing with consumer protection and privacy -- something that is increasingly important today in our society. [I] want you to know I thought long and hard about this. I am absolutely satisfied that the settlement is a fair and reasonable settlement. [I] thank the lawyers on both sides for the extraordinary effort that has been brought to bear here.

In July 2007, the Honorable Richard Owen of the Southern District of New York approved the $129 million settlement of the *In re Doral Fin. Corp. Sec. Litig.*, MDL No. 1706 (S.D.N.Y.) finding in his Order that:

The services provided by Lead Counsel [Coughlin Stoia] were efficient and highly successful, resulting in an outstanding recovery for the Class without the substantial expense, risk and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

[] Cases brought under the federal securities laws are notably difficult and notoriously uncertain. . . . Despite the novelty and difficulty of the issues raised, Lead Plaintiffs' counsel secured an excellent result for the Class.

. . . Based upon Lead Plaintiff's counsel's diligent efforts on behalf of the Class, as well as their skill and reputations, Lead Plaintiff's counsel were able to negotiate a very favorable result for the Class. . . . The ability of [Coughlin Stoia] to obtain such a favorable partial settlement for the Class in the face of such formidable opposition confirms the superior quality of their representation.

## NOTABLE CLIENTS

### Public Fund Clients

- Alaska Permanent Fund Corporation.

- Alaska State Pension Investment Board.

- California Public Employees' Retirement System.

- California State Teachers' Retirement System.

- Teachers' Retirement System of the State of Illinois.

- Illinois Municipal Retirement Fund.

- Illinois State Board of Investment.

- Los Angeles County Employees Retirement Association.

- Maine State Retirement System.

- The Maryland-National Capital Park & Planning Commission Employees' Retirement System.

- Milwaukee Employees' Retirement System.

- Minnesota State Board of Investment.

- New Hampshire Retirement System.

- New Mexico Public Funds (New Mexico Educational Retirement Board, New Mexico Public Employees Retirement Association, and New Mexico State Investment Council).

- Ohio Public Funds (Ohio Public Employees Retirement System, State Teachers Retirement System of Ohio, School Employees Retirement System of Ohio, Ohio Police and Fire Pension Fund, Ohio State Highway Patrol Retirement System, and Ohio Bureau of Workers' Compensation).

- The Regents of the University of California.

- State Universities Retirement System of Illinois.

- State of Wisconsin Investment Board.

- Tennessee Consolidated Retirement System.

- Washington State Investment Board.

- Wayne County Employees' Retirement System.

- West Virginia Investment Management Board.

## Multi-Employer Clients

- Alaska Electrical Pension Fund.

- Alaska Hotel & Restaurant Employees Pension Trust Fund.

- Alaska Ironworkers Pension Trust.

- Alaska Laborers Employers Retirement Fund.

- Carpenters Pension Fund of West Virginia.

- Carpenters Health & Welfare Fund of Philadelphia & Vicinity.

- Carpenters Pension Fund of Baltimore, Maryland.

- Carpenters Pension Fund of Illinois.

- Southwest Carpenters Pension Trust.

- Central States, Southeast and Southwest Areas Pension Fund.

- Southern Nevada Carpenters Annuity Fund.

- Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund.

- Heavy & General Laborers' Local 472 & 172 Pension & Annuity Funds.

- 1199 SEIU Greater New York Pension Fund.

- Massachusetts State Carpenters Pension and Annuity Funds.

- Massachusetts State Guaranteed Fund.

- New England Health Care Employees Pension Fund.

- PACE Industry Union-Management Pension Fund.

- SEIU Staff Fund.

- Southern California Lathing Industry Pension Fund.

- United Brotherhood of Carpenters Pension Fund.

## Additional Institutional Investors

- Bank of Ireland Asset Management.

- Northwestern Mutual Life Insurance Company.

- Standard Life Investments.

## PROMINENT CASES AND PRECEDENT-SETTING DECISIONS

### Prominent Cases

•   ***In re Enron Corp. Sec. Litig.***, Case No. H-01-3624 (S.D. Tex.).  In appointing Coughlin Stoia lawyers as sole lead counsel to represent the interests of Enron investors, the Court found that the Firm's zealous prosecution and level of "insight" set it apart from its peers.  Ever since, Coughlin Stoia attorneys and lead plaintiff The Regents of the University of California have aggressively pursued numerous defendants, including many of Wall Street's biggest banks and law firms.  Coughlin Stoia attorneys and The Regents have thus far obtained settlements in excess of $7.3 billion for the benefit of investors.  Coughlin Stoia continues to press substantial and sizable claims against numerous defendants, including Enron's senior-most officers and several large international banks, with every intention of winning further large recoveries at trial for the victims of this corporate catastrophe.

•   ***In re NASDAQ Market-Makers Antitrust Litig.***, MDL No. 1023 (S.D.N.Y.).  Coughlin Stoia attorneys served as court-appointed co-lead counsel for a class of investors.  The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry wide conspiracy in one of the largest and most important antitrust cases in recent history.  After three and one half years of intense litigation, the case was settled for a total of $1.027 billion, the largest antitrust settlement ever.  An excerpt from the Court's Opinion reads:

> Counsel for the Plaintiffs are preeminent in the field of class action litigation, and the roster of counsel for the Defendants includes some of the largest, most successful and well regarded law firms in the country.  It is difficult to conceive of better representation than the parties to this action achieved.

*In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 475 (S.D. N.Y. 1998).

•   ***In re Dynegy Inc. Sec. Litig.***, Case No. H-02-1571 (S.D. Tex.).  As sole lead counsel representing The Regents of the University of California and the class of Dynegy investors, Coughlin Stoia attorneys obtained a combined settlement of $474 million from Dynegy Inc., Citigroup, Inc. and Arthur Andersen LLP for their involvement in a clandestine financing scheme known as Project Alpha.  Given Dynegy's limited ability to pay, Coughlin Stoia attorneys structured a settlement (reached shortly before the commencement of trial) that maximized plaintiffs' recovery without bankrupting the company.  Most notably, the settlement agreement provides that Dynegy will appoint two board members to be nominated by The Regents, which Coughlin Stoia and The Regents believe will result in benefits to all of Dynegy's stockholders.

•   ***In re Am. Cont. Corp./Lincoln Sav. & Loan Sec. Litig.***, MDL No. 834 (D. Ariz.).  Coughlin Stoia attorneys served as the court-appointed co-lead counsel for a class of persons who purchased debentures and/or stock in American Continental Corp., the parent company of the now infamous Lincoln Savings & Loan.  The suit charged Charles Keating, other insiders, three major accounting firms, three major law firms, Drexel Burnham, Michael Milken and others with racketeering and violations of securities laws.  Recoveries totaled $240 million on $288 million in losses.  A jury also rendered verdicts of more than $1 billion against Keating and others.

- ***In re 3Com, Inc. Sec. Litig.***, Case No. C-97-21083-JW (N.D. Cal.).  A hard-fought class action alleging violations of the federal securities laws in which Coughlin Stoia attorneys served as lead counsel for the class and obtained a recovery totaling $259 million.

- ***Mangini v. R.J. Reynolds Tobacco Co.***, Case No. 939359 (Cal. Super. Ct., San Francisco County).  In this case, R.J. Reynolds admitted, "the *Mangini* action, and the way that it was vigorously litigated, was an early, significant and unique driver of the overall legal and social controversy regarding underage smoking that led to the decision to phase out the Joe Camel Campaign."

- ***Cordova v. Liggett Group, Inc.***, Case No. 651824 (Cal. Super. Ct., San Diego County), and ***People v. Philip Morris, Inc.***, Case No. 980864 (Cal. Super. Ct., San Francisco County).  Coughlin Stoia attorneys, as lead counsel in both these actions, played a key role in these cases which were settled with the Attorneys General global agreement with the tobacco industry, bringing $26 billion to the State of California as a whole and $12.5 billion to the cities and counties within California.

- ***Does I v. The Gap, Inc.***, Case No. 01 0031 (D. N. Mariana Islands).  In this ground-breaking case, Coughlin Stoia attorneys represented a class of 30,000 garment workers who alleged that they had worked under sweatshop conditions in garment factories in Saipan that produced clothing for top United States retailers such as The Gap, Target and J.C. Penney.  In the first action of its kind, Coughlin Stoia attorneys pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan.  This case was a companion to two other actions: ***Does I v. Advance Textile Corp.***, Case No. 99 0002 (D. N. Mariana Islands) – which alleged overtime violations by the garment factories under the Fair Labor Standards Act, and ***UNITE v. The Gap, Inc.***, Case No. 300474 (Cal. Super. Ct., San Francisco County), which alleged violations of California's Unfair Practices Law by the United States retailers.  These actions resulted in a settlement of approximately $20 million that included a comprehensive Monitoring Program to address past violations by the factories and prevent future ones.  The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts at bringing about the precedent-setting settlement of the actions.

- ***In re Exxon Valdez***, Case No. A89 095 Civ. (D. Alaska), and ***In re Exxon Valdez Oil Spill Litig.***, Case No. 3 AN 89 2533 (Alaska Super. Ct., 3d Jud. Dist.).  Coughlin Stoia attorneys served on the Plaintiffs' Coordinating Committee and Plaintiffs' Law Committee in the massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989.  A jury verdict of $5 billion was obtained and is currently on appeal.

- ***In re Wash. Pub. Power Supply Sys. Sec. Litig.***, MDL No. 551 (D. Ariz.).  A massive litigation in which Coughlin Stoia attorneys served as co-lead counsel for a class that obtained recoveries totaling $775 million after several months of trial.

- ***Hall v. NCAA*** (Restricted Earnings Coach Antitrust Litigation), Case No. 94-2392-KHV (D. Kan.).  Coughlin Stoia attorneys were lead counsel and lead trial counsel for one of three classes of coaches in consolidated price fixing actions against the National Collegiate Athletic Association.  On May 4, 1998, the jury returned verdicts in favor of the three classes for more than $70 million.

- ***Newman v. Stringfellow*** (Stringfellow Dump Site Litigation), Case No. 165994 MF (Cal. Super. Ct., Riverside County).  Coughlin Stoia attorneys represented more than 4,000 individuals suing

for personal injury and property damage arising from their claims that contact with the Stringfellow Dump Site may have caused them toxic poisoning. Recovery totaled approximately $109 million.

- *In re Prison Realty Sec. Litig.*, Case No. 3:99-0452 (M.D. Tenn.). Coughlin Stoia attorneys served as lead counsel for the class, obtaining a $105 million recovery.

- *In re Honeywell Int'l, Inc. Sec. Litig.*, Case No. 00-cv-03605 (DRD) (D.N.J.). Coughlin Stoia attorneys served as lead counsel for a class of investors that purchased Honeywell's common stock. The case charged defendants Honeywell and its top officers with violations of the federal securities laws, alleging defendants made false public statements concerning Honeywell's merger with Allied Signal, Inc., and also alleging that defendants falsified Honeywell's financial statements. After extensive discovery, Coughlin Stoia attorneys obtained a $100 million settlement for the class.

- *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.). Coughlin Stoia attorneys served as lead counsel for a class of investors that purchased AT&T common stock. The case charged defendants AT&T Corporation and its former Chairman and Chief Executive Officer, C. Michael Armstrong, with violations of the federal securities laws in connection with AT&T's April 2000 initial public offering of its wireless tracking stock, the largest IPO in American history. After two weeks of trial, and on the eve of scheduled testimony by Armstrong and infamous telecom analyst Jack Grubman, defendants agreed to settle the case for $100 million.

- *In re Reliance Acceptance Group, Inc. Sec. Litig.*, MDL No. 1304 (D. Del.). Coughlin Stoia attorneys served as co-lead counsel and obtained a recovery of $39 million.

- *Schwartz v. Visa Int'l.*, Case No. 822404-4 (Cal. Super. Ct., Alameda County). After years of litigation and a six month trial, Coughlin Stoia attorneys won one of the largest consumer protection verdicts ever awarded in the United States. Coughlin Stoia attorneys represented California consumers who sued Visa and MasterCard for intentionally imposing and concealing a fee from their cardholders. The Court ordered Visa and MasterCard to return $800,000,000 in cardholder losses, which represented 100% of the amount illegally taken, plus 2% interest. In addition, the Court ordered full disclosure of the hidden fee.

- *Thompson v. Metro. Life Ins. Co.*, 216 F.R.D. 55 (S.D.N.Y. 2003). Coughlin Stoia attorneys served as lead counsel and obtained $145 million for the class in a settlement involving racial discrimination claims in the sale of life insurance.

- *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 962 F. Supp. 450 (D.N.J. 1997). In one of the first cases of its kind, Coughlin Stoia attorneys obtained a settlement of over $1.2 billion for deceptive sales practices in connection with the sale of life insurance involving the "vanishing premium" sales scheme.

- *In re Cardinal Health, Inc. Sec. Litig.*, Case No. C2-04-00575(ALM) (S.D. Ohio). As sole lead counsel representing Cardinal Health shareholders, Coughlin Stoia obtained a recovery of $600 million that was preliminarily approved in July 2007. On behalf of the lead plaintiffs, Amalgamated Bank, the New Mexico State Investment Council, the California Ironworkers Field Trust Fund and PACE Industry Union-Management Pension Fund, Coughlin Stoia aggressively pursued claims of securities fraud and won notable court room victories, including a decision on defendants' motion to dismiss. *In re Cardinal Health Inc., Sec. Litig.*, 426 F. Supp. 2d 688 (S.D. Ohio 2006). At the time, the

$600 million settlement was the tenth largest settlement in the history of securities fraud litigation and is the largest ever recovery in a securities fraud action in the Sixth Circuit.

## Precedent-Setting Decisions

**Investor and Shareholder Rights**

- ***In re Daou Sys. Inc. Sec. Litig.***, 411 F.3d 1006 (9th Cir. 2005).  The Ninth Circuit sustained investors' allegations of accounting fraud and ruled that loss causation was adequately alleged by pleading that the value of the stock they purchased declined when the issuer's true financial condition was revealed.

- ***Barrie v. Intervoice-Brite, Inc.***, 409 F.3d 653 (5th Cir. 2005).  The Fifth Circuit held that where corporate officers made public statements together, an investor's allegations of the false statements meets the heightened pleading requirements for federal securities claims, and that the corporate officer who stood by silently while false statements were made – failing to correct them – may be liable along with the officer who actually made them.

- ***Ill. Mun. Ret. Fund v. Citigroup, Inc.***, 391 F.3d 844 (7th Cir. 2004).  The Seventh Circuit upheld a district court's decision that the Illinois Municipal Retirement Fund was entitled to litigate its claims under the Securities Act of 1933 against WorldCom's underwriters before a state court rather than before the federal forum sought by the defendants.

- ***City of Monroe Employees Ret. Sys. v. Bridgestone Corp.***, 387 F.3d 468 (6th Cir. 2005). The Sixth Circuit held that a statement regarding objective data supposedly supporting a corporation's belief that its tires were safe was actionable, where jurors could have found a reasonable basis to believe the corporation was aware of undisclosed facts seriously undermining the statement's accuracy.

- ***Nursing Home Pension Fund, Local 144 v. Oracle Corp.***, 380 F.3d 1226 (9th Cir. 2004).  The Ninth Circuit ruled that defendants' fraudulent intent could be inferred from allegations concerning their false representations, insider stock sales and improper accounting methods.

- ***Southland Sec. Corp. v. INSpire Ins. Solutions Inc.***, 365 F.3d 353 (5th Cir. 2004).  The Fifth Circuit sustained allegations that an issuer's CEO made fraudulent statements in connection with a contract announcement.

- ***No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.***, 320 F.3d 920 (9th Cir. 2003).  *America West* is a landmark Ninth Circuit decision holding that investors pleaded with particularity facts raising a strong inference of corporate defendants' fraudulent intent under heightened pleading standards of the Private Securities Litigation Reform Act of 1995.

- ***Pirraglia v. Novell, Inc.***, 339 F.3d 1182 (10th Cir. 2003).  In *Pirraglia*, the Tenth Circuit upheld investors' accounting-fraud claims, concluding that their complaint presented with particularity facts raising a strong inference of the defendants' fraudulent intent, and that absence of insider trading by individual defendants did not mean they lacked a motive to commit fraud.

- ***In re Cavanaugh***, 306 F.3d 726 (9th Cir. 2002). In *Cavanaugh*, the Ninth Circuit disallowed judicial auctions to select lead plaintiffs in securities class actions, and protected lead plaintiffs' right to select the lead counsel they desire to represent them.

- ***Lone Star Ladies Inv. Club v. Schlotzsky's, Inc.***, 238 F.3d 363 (5th Cir. 2001). In *Lone Star Ladies*, the Fifth Circuit upheld investors' claims that securities-offering documents were incomplete and misleading, reversing a district court Order that had applied inappropriate pleading standards to dismiss the case.

- ***Bryant v. Dupree***, 252 F.3d 1161 (11th Cir. 2001). The Eleventh Circuit held that investors were entitled to amend their securities-fraud complaint to reflect further developments in the case, reversing a contrary district court Order.

- ***In re WorldCom Sec. Litig. (Cal. Pub. Employees' Ret. Sys. v. Caboto-Gruppo Intesa, BCI)***, Case No. 05-6979-CV, 2007 U.S. App. LEXIS 17797 (2d Cir. July 26, 2007). The Second Circuit held that the filing of a class-action complaint tolls the limitations period for all members of the class, including those who choose to opt out of the class action and file their own individual actions without waiting to see whether the district court certifies a class – reversing the decision below and effectively overruling multiple district-court rulings that *American Pipe* tolling did not apply under these circumstances.

- ***In re Merck & Co., Inc., Sec., Derivative & ERISA Litig.***, Case No. 06-2911, 2007 U.S. App. LEXIS 17000 (3d Cir. July 18, 2007). In a shareholder derivative suit appeal, the Third Circuit held that the general rule that discovery may not be used to supplement demand-futility allegations does to apply where the defendants enter a voluntary stipulation to produce materials relevant to demand futility without providing for any limitation as to their use.

- ***In re Qwest Commc'ns Int'l***, 450 F.3d 1179 (10th Cir. 2006). In a case of first impression, the Tenth Circuit held that a corporation's deliberate release of purportedly privileged materials to governmental agencies was not a "selective waiver" of the privileges such that the corporation could refuse to produce the same materials to non-governmental plaintiffs in private securities fraud litigation.

- ***DeJulius v. New England Health Care Employees Pension Fund***, 429 F.3d 935 (10th Cir. 2005). The Tenth Circuit held that the multi-faceted notice of a $50 million settlement in a securities fraud class action had been the best notice practicable under the circumstances, and thus satisfied both constitutional due process and Rule 23 of the Federal Rules of Civil Procedure.

- ***In re Guidant S'holders Derivative Litig.***, 841 N.E.2d 571 (Ind. 2006). Answering a certified question from a federal court, the Supreme Court of Indiana issued a unanimous decision holding that a pre-suit demand in a derivative action is unnecessary if the demand would be a futile gesture. The court adopted a "demand futility" standard and rejected the defendants' call for a "universal demand" standard that might have immediately ended the case.

- ***Crandon Capital Partners v. Shelk***, 157 P.3d 176 (Or. 2007). The Supreme Court of Oregon ruled that a shareholder plaintiff in a derivative action may still seek attorney fees even if the defendants took actions to moot the underlying claims. Coughlin Stoia attorneys convinced Oregon's

highest court to take the case, and reverse, despite the contrary position articulated by both the trial court and the Oregon Court of Appeals.

- ***Denver Area Meat Cutters and Employers Pension Plan v. Clayton***, 209 S.W.3d 584 (Tenn. Ct. App. 2006).  The Tennessee Court of Appeals rejected an objector's challenge to a class action settlement arising out of Warren Buffet's 2003 acquisition of Tennessee-based Clayton Homes. In their effort to secure relief for Clayton Homes stockholders, Coughlin Stoia attorneys obtained a temporary injunction of the Buffet acquisition for six weeks in 2003 while the matter was litigated in the courts.  The temporary halt to Buffet's acquisition received national press attention.

ADDITIONALLY, IN THE CONTEXT OF SHAREHOLDER DERIVATIVE ACTIONS, Coughlin Stoia attorneys have been at the forefront of protecting shareholders' investments by causing important changes in corporate governance as part of the global settlement of such cases.  Three cases in which such changes were made include:

- ***Teachers' Ret. Sys. of La. v. Occidental Petroleum Corp.***, Case No. BC185009 (Cal. Super. Ct., Los Angeles County).  As part of the settlement, corporate governance changes were made to the composition of the company's board of directors, the company's nominating committee, compensation committee and audit committee.

- ***In re Sprint Corp. S'holder Litig.***, Case No. 00-CV-230077 (Circuit Ct. Jackson County, Mo.). In connection with the settlement of a derivative action involving Sprint Corporation, the company adopted over 60 new corporate governance provisions, which, among other things, established a truly independent board of directors and narrowly defined "independence" to eliminate cronyism between the board and top executives; required outside board directors to meet at least twice a year without management present; created an independent director who will hold the authority to set the agenda, a power previously reserved for the CEO; and imposed new rules to prevent directors and officers from vesting their stock on an accelerated basis.

- ***Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Hanover Compressor Co.***, Case No. H-02-0410 (S.D. Tex.).  Groundbreaking corporate governance changes obtained include: direct shareholder nomination of two directors; mandatory rotation of the outside audit firm; two-thirds of the board required to be independent; audit and other key committees to be filled only by independent directors; and creation and appointment of lead independent director with authority to set up board meetings.

**Insurance**

- ***Harris v. Los Angeles Super. Ct.***, Case No. B195121, 2007 WL 2325580 (Cal. App. 2d Aug. 16, 2007).  In a significant wage and hour case, the California Court of Appeal ruled that a class of claims adjusters employed by a large insurance company was not exempt from California's overtime regulations and, therefore, was entitled to overtime pay under California law.  The Court rejected the insurer's invitation to adopt non-binding federal law that was less protective to workers.

- ***Lebrilla v. Farmers Group, Inc.***, 119 Cal. App. 4th 1070 (2004).  Reversing the trial court, the California Court of Appeal ordered class certification of a suit against Farmers, one of the largest automobile insurers in California and ruled that Farmers' standard automobile policy requires it to

provide parts that are as good as those made by vehicle's manufacturer.  The case involved Farmers' practice of using inferior imitation parts when repairing insureds' vehicles.

- ***Dehoyos v. Allstate Corp.***, 345 F.3d 290 (5th Cir. 2003).  The Fifth Circuit Court of Appeals held that claims under federal civil rights statutes involving the sale of racially discriminatory insurance policies based upon the use of credit scoring did not interfere with state insurance statutes or regulatory goals and were not preempted under the McCarran-Ferguson Act.  Specifically, the Appellate Court affirmed the district court's ruling that the McCarran-Ferguson Act does not preempt civil-rights claims under the Civil Rights Act of 1866 and the Fair Housing Act for racially discriminatory business practices in the sale of automobile and homeowners insurance.  The United States Supreme Court denied defendants' petition for certiorari and plaintiffs can now proceed with their challenge of defendants' allegedly discriminatory credit scoring system used in pricing of automobile and homeowners insurance policies.

- ***In re Monumental Life Ins. Co.*** 365 F.3d 408, (5th Cir. 2004).  The Fifth Circuit Court of Appeals reversed a district court's denial of class certification in a case filed by African-Americans seeking to remedy racially discriminatory insurance practices.  The Fifth Circuit held that a monetary relief claim is viable in a Rule 23(b)(2) class if it flows directly from liability to the class as a whole and is capable of classwide "computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances."

- ***Moore v. Liberty Nat'l Life Ins. Co.***, 267 F.3d 1209 (11th Cir. 2001).  The Eleventh Circuit affirmed the district court's denial of the defendant's motion for judgment on the pleadings, rejecting contentions that insurance policyholders' claims of racial discrimination were barred by Alabama's common law doctrine of repose.  The Eleventh Circuit also rejected the insurer's argument that the McCarran-Ferguson Act mandated preemption of plaintiffs' federal civil rights claims under 42 U.S.C. §§1981 and 1982.

- ***Mass. Mut. Life Ins. Co. v. Super. Ct.***, 97 Cal. App. 4th 1282 (2002).  The California Court of Appeal affirmed a trial court's Order certifying a class in an action by purchasers of so-called "vanishing premium" life-insurance policies who claimed violations of California's consumer-protection statutes.  The Court held that common issues predominate where plaintiffs allege a uniform failure to disclose material information about policy dividend rates.

## Consumer Protection

- ***Branick v. Downey Sav. & Loan Ass'n***, 39 Cal. 4th 235 (2006).  Coughlin Stoia attorneys were part of a team of lawyers that briefed this case at the Supreme Court of California.  The Court issued a unanimous decision holding that new plaintiffs may be substituted, if necessary, to preserve actions pending when Proposition 64 was passed by California voters in 2004.  Proposition 64 amended California's Unfair Competition Law and was aggressively cited by defense lawyers in an effort to dismiss cases after the initiative was adopted.

- ***Kasky v. Nike, Inc.***, 27 Cal. 4th 939 (2002).  The California Supreme Court upheld claims that an apparel manufacturer misled the public regarding its exploitative labor practices, thereby violating California statutes prohibiting unfair competition and false advertising.  The Court rejected defense contentions that such misconduct was protected by the First Amendment.

- ***McKell v. Washington Mut. Inc.***, 142 Cal. App. 4th 1457 (2006).  The California Court of Appeal reversed the trial court, holding that plaintiff's theories attacking a variety of allegedly inflated mortgage related fees were actionable.

- ***Kruse v. Wells Fargo Home Mortgage, Inc.***, 383 F.3d 49 (2d Cir. 2004) and ***Santiago v. GMAC Mortgage Group, Inc.***, 417 F.3d 384 (3d Cir. 2005).  In two groundbreaking federal appellate decisions, the Second and Third Circuits each ruled that the Real Estate Settlement Practices Act prohibits marking up home loan-related fees and charges.

- ***West Corp. v. Super. Ct.***, 116 Cal. App. 4th 1167 (2004).  The California Court of Appeal upheld the trial court's finding that jurisdiction in California was appropriate over the out-of-state corporate defendant whose telemarketing was aimed at California residents.  Exercise of jurisdiction was found to be in keeping with considerations of fair play and substantial justice.

- ***Ritt v. Billy Blanks Enters.***, 870 N.E.2d 212 (Ohio Ct. App. 2007).  In the Ohio analog to the *West* case, the Ohio Court of Appeals approved certification of a class of Ohio residents seeking relief under Ohio's consumer protection laws for the same telemarketing fraud.

- ***Lavie v. Procter & Gamble Co.***, 105 Cal. App. 4th 496 (2003).  The California Court of Appeal issued an extensive opinion elaborating, for the first time in California law, the meaning of the "reasonable consumer" standard.  The Court announced a balanced approach that has enabled actions under California's leading consumer protection statutes when necessary to protect the public from acts of unfair business competition.

- ***Spielholz v. Superior Court***, 86 Cal. App. 4th 1366 (2001).  The California Court of Appeal held that false advertising claims against a wireless communications provider are not preempted by the Federal Communications Act of 1934.

- ***Sanford v. MemberWorks, Inc.***, 483 F.3d 956 (9th Cir. 2007).  In a telemarketing-fraud case, where the plaintiff consumer insisted she had never entered the contractual arrangement that defendants said bound her to arbitrate individual claims to the exclusion of pursuing class claims, Ninth Circuit reversed an order compelling arbitration – allowing the plaintiff to litigate on behalf of a class.

- ***Benson v. Kwikset Corp.***, 152 Cal. App. 4th 1254 (2007).  In the first published decision to apply California's "Made in the USA" statute, the California Court of Appeal ruled that the statute had been violated and that judgment should be re-entered against Kwikset provided the plaintiff can satisfy Proposition 64's amendments to the Unfair Competition Law.

- ***Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n***, 148 P.3d 1179 (Haw. 2006).  The Supreme Court of Hawaii ruled that claims of unfair competition were not subject to arbitration and that claims of tortious interference with prospective economic advantage were adequately alleged.

## Antitrust

- ***Law v. NCAA***, 134 F.3d 1010 (10th Cir. 1998).  The Tenth Circuit upheld summary judgment on liability for plaintiffs in college coaches' antitrust action against the National Collegiate Athletic Association on the issue of antitrust liability under §1 of the Sherman Antitrust Act, 15 U.S.C. §1 (plaintiffs subsequently prevailed on a damages trial).  It also upheld the district court's Order

permanently enjoining the NCAA from enforcing the "restricted earnings coach" rule, through which NCAA member institutions limited the salary of certain coaches to $12,000 during the academic year.

- ***In re NASDAQ Market-Makers Antitrust Litig.***, 172 F.R.D. 119 (S.D.N.Y. 1997). In a case where plaintiffs alleged that approximately 30 NASDAQ market-makers engaged in a conspiracy to restrain or eliminate price competition, the district court certified a class of millions of investors – including institutional investors to be represented by five public pension funds.

- ***In re Disposable Contact Lens Antitrust Litig.***, 170 F.R.D. 524 (M.D. Fla. 1996). Plaintiff contact lens purchasers alleged that defendant manufacturers conspired on a nationwide basis to eliminate competition and maintain artificially inflated prices for replacement contact lenses. The district court denied defendant manufacturers' motion to dismiss plaintiffs' Clayton Act claims and granted their motion for class certification, finding that plaintiffs' vertical–conspiracy evidence was general to the class and provided a colorable method of proving impact on the class at trial.

- ***In re Currency Conversion Fee Antitrust Litig.***, 265 F. Supp. 2d 385 (S.D.N.Y. 2003). In a case consolidating more than 20 putative class actions, plaintiff credit card holders alleged that two credit-card networks, Visa and MasterCard, and their member banks, conspired to fix the foreign-currency conversion fees they charged. The district court found that plaintiffs pleaded facts sufficient to permit the inference of an antitrust conspiracy, denying defendants' motion to dismiss the antitrust allegations.

## THE FIRM'S PARTNERS

**X. JAY ALVAREZ** graduated from the University of California, Berkeley, with a Bachelor of Arts degree in Political Science in 1984. He earned his Juris Doctor degree from the University of California, Berkeley, Boalt Hall, in 1987 and entered private practice in San Diego, California that same year.

Mr. Alvarez served as an Assistant United States Attorney for the Southern District of California from 1991-2003. As an Assistant United States Attorney, Mr. Alvarez obtained extensive trial experience, including the prosecution of bank fraud, money laundering, and complex narcotics conspiracy cases. During his tenure as an Assistant United States Attorney, Mr. Alvarez also briefed and argued numerous appeals before the Ninth Circuit Court of Appeals.

At Coughlin Stoia, Mr. Alvarez's practice areas include securities fraud litigation and other complex litigation.

**LAURA ANDRACCHIO** focuses primarily on litigation under the federal securities laws. She has litigated dozens of cases against public companies in federal and state courts throughout the country, and has contributed to hundreds of millions of dollars in recoveries for injured investors. Most recently, Ms. Andracchio led the litigation team in *Brody v. Hellman*, a case against Qwest and former directors of U.S. West seeking an unpaid dividend, recovering $50 million. In late 2004, she was a lead member of the trial team in *In re AT&T Corp. Sec. Litig.*, which settled for $100 million after two weeks of trial in district court in New Jersey. Prior to trial, Ms. Andracchio was responsible for managing and litigating the case, which was pending for four years. She was also the lead litigator in *In re P-Com, Inc. Sec. Litig.*, which resulted in a $16 million recovery for the plaintiff class.

Ms. Andracchio is a member of the State Bars of California and Pennsylvania, and the federal district courts for the Northern, Central, and Southern Districts of California and the Western District of Pennsylvania. She received her Bachelor of Arts degree from Bucknell University in 1986 and her Juris Doctor degree with honors from Duquesne University School of Law in 1989. While at Duquesne, Ms. Andracchio was elected to the Order of Barristers and represented the Law School in the National Samuel J. Polsky Appellate Moot Court competition, in which she placed as a finalist, and in the regional Gourley Cup Trial Moot Court competition.

**A. RICK ATWOOD, JR**. was born in Nashville, Tennessee in 1965. In 1987, he received a Bachelor of Arts degree with honors in Political Science from the University of Tennessee at Knoxville. He received a Bachelor of Arts degree, with great distinction, in Philosophy from the Katholieke Universiteit Leuven in Leuven, Belgium in 1988. He received his Juris Doctor degree in 1991 from Vanderbilt University Law School, where he served as Authorities Editor on the *Vanderbilt Journal of Transnational Law*. He was admitted to the California Bar in 1991 and is licensed to practice before the United States District Courts for the Southern, Central and Northern Districts of California.

Mr. Atwood prosecutes securities class actions, merger-related class actions and shareholder derivative suits at both the trial and appellate levels. He has successfully represented shareholders in federal and state courts in numerous jurisdictions, including Alabama, California, Colorado, Delaware, Georgia, Hawaii, Illinois, Iowa, Kentucky, Maryland, Missouri, Nevada, New York, New Jersey, North Carolina, Oregon, South Dakota, Texas, Tennessee, Utah, Virginia, Washington and Washington, D.C. Significant opinions include *Crandon Capital Partners v. Shelk*, 342 Ore. 555

(Or. 2007) (reversing dismissal of action); *Ind. State Dist. Council of Laborers & Hod Carriers Pension Fund v. Renal Care Group, Inc.*, Case No. 3:05-0451, 2005 U.S. Dist. LEXIS 24210 (M. D. Tenn. Aug. 18, 2005) (successfully obtaining remand of case improperly removed to federal court under Class Action Fairness Act); *Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.*, Case No. 05-2730-RGK (MCx), 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005) (successfully obtaining remand of case improperly removed to federal court under Securities Litigation Uniform Standards Act); *In re Prime Hospitality, Inc. S'holders Litig.*, Case No. 652-N, 2005 Del. Ch. LEXIS 61 (Del. Ch. 2005) (successfully objecting to unfair settlement and thereafter obtaining $25 million recovery for shareholders); and *Pate v. Elloway*, Case No. 01-03-00187-CV, 2003 Tex. App. LEXIS 9681 (Tex. App. Nov. 13, 2003) (upholding grant of class certification and denial of motion to dismiss).

**RANDI D. BANDMAN** is a partner at Coughlin Stoia whose responsibilities include the management of the Los Angeles office and the Firm's Institutional Investor Department. Ms. Bandman received her Juris Doctor degree from the University of Southern California and her Bachelor of Arts degree in English from the University of California at Los Angeles. Ms. Bandman's practice at Coughlin Stoia has focused on securities and consumer class actions in both state and federal court. She has represented shareholders of companies in industries as diverse as aircraft manufacturing, battery technology and computer software. These cases, which yielded significant recoveries for the plaintiffs, were against such companies as: *WorldCom* ($650 million); *Nat'l Health Labs* ($64 million); *Sybase* ($28.5 million); and *Unocal* ($47.5 million). Ms. Bandman was responsible for running one of the largest class actions in the country over a four-year period against the Boeing Company, which settled for more than $90 million. Ms. Bandman was also an early member of the

team that directed the prosecution of the cases against the tobacco companies.

Using her extensive experience in asserting claims for injured investors, Ms. Bandman lectures and advises public and union funds both domestically and internationally on their options for seeking redress for losses due to fraud sustained in their portfolios. Ms. Bandman is currently interfacing with numerous public and Taft-Hartley pension funds, including those workers for various States and Municipalities, the Entertainment Industry, Sheetmetal Workers, Construction, Air Conditioning, Food and Hospitality, and Plumbers and Teamsters.

Ms. Bandman has served as a lecturer on numerous matters concerning securities litigation to attorneys for continuing legal education, as well as a panelist for the Practicing Law Institute.

**RANDALL J. BARON** was born in Albuquerque, New Mexico in 1964. Mr. Baron received his Bachelor of Arts degree from University of Colorado at Boulder in 1987 and his Juris Doctor degree, *cum laude*, from University of San Diego School of Law in 1990. He was a member of the *San Diego Law Review* from 1988-1989. Mr. Baron was admitted to the California Bar in 1990 and the Colorado Bar in 1993. Since 1997, Mr. Baron is licensed to practice in Colorado State Court as well as the United States District Court for the Southern, Northern and Central Districts of California, as well as the District of Colorado.

Formerly, Mr. Baron served as a Deputy District Attorney in Los Angeles County. From 1990-1994, he was a trial deputy in numerous offices throughout Los Angeles County, where he tried over 70 felony cases. Mr. Baron was part of the Special Investigation Division of the Los Angeles District Attorneys office, where he investigated and prosecuted public corruption cases. He concentrates his practice in securities

litigation and actions for breach of fiduciary duty.

**JONATHAN E. BEHAR** was born in Los Angeles in 1968. In 1991, Mr. Behar received his Bachelor of Arts degree in English Literature from the University of California at Santa Barbara, with high honors, and his Juris Doctor degree from the University of San Diego School of Law in 1994. He is admitted to the State Bar of California (1994) and the Southern and Central Districts of California (1998 and 2000, respectively).

As a partner at Coughlin Stoia, Mr. Behar currently practices in the areas of securities, environmental and consumer litigation. Mr. Behar was actively involved in the prosecution of two of California's seminal tobacco cases, *Mangini v. R.J. Reynolds Tobacco Company*, the "Joe Camel" case, as well as *Cordova v. Liggett Group, Inc., et al.*, which alleged a 40-year conspiracy by the United States tobacco manufacturers.

**TIMOTHY G. BLOOD** graduated *cum laude* and with honors in Economics from Hobart College in 1987 and the National Law Center of George Washington University in 1990. He was elected to Phi Beta Kappa, Omicron Delta Epsilon (Economics), and the Moot Court Board (first year honors).

Mr. Blood focuses on consumer fraud and unfair competition litigation with a concentration in actions brought by policyholders against life and property and casualty insurers for deceptive sales practices, racial discrimination and systematic failures in claims adjustment. Mr. Blood has tried a number of class actions, including the precedent-setting case, *Lebrilla v. Farmers Group, Inc.* Mr. Blood also has been involved in a number of cases that have resulted in significant settlements, including *Lebrilla, McNeil v. Am. Gen. Life & Accident Ins. Co.* ($234 million), *Lee v. USLife Corp.* ($148 million), *Garst v. Franklin Life Ins. Co.* ($90.1

million), *In re Gen. Am. Sales Practices Litig.* ($67 million), *Williams v. United Ins. Co. of Am.* ($51.4 million); and *Sternberg v. Apple Computer, Inc.* ($50 million).

Mr. Blood is responsible for several precedent-setting appellate decisions, including *McKell v. Washington Mutual*, 142 Cal. App. 4th 1457 (2007) and *Lebrilla v. Farmers Group, Inc.*, 119 Cal. App. 4th 1070 (2004). Mr. Blood is a frequent lecturer on class action procedure and consumer fraud issues and is a member of the Board of Governors of the Consumer Attorneys of California.

Mr. Blood is admitted to practice in California and in the United States Courts of Appeals for the Fifth, Sixth, Eighth, Ninth and Eleventh Circuits and the United States District Courts for the Southern, Central, Eastern and Northern Districts of California. He is a member of the San Diego County and American Bar Associations, the State Bar of California, the American Association for Justice, the Consumer Attorneys of California, and the Consumer Attorneys of San Diego.

**ANNE L. BOX** graduated from the University of Tulsa with a Bachelor of Science degree in Economics in 1985 and received a Juris Doctor degree in 1988. While in law school, she was the Articles Editor for the *Energy Law Journal* and won the Scribes Award for her article *Mississippi's Ratable-Take Rule Preempted: Transcontinental Gas Pipeline Corp. v. State Oil and Gas Bd.*, 7 Energy L.J. 361 (1986). From 1988-1991, she was an Associate Attorney in the Energy Section of Jenkins & Gilchrist, P.C. in Dallas, Texas. In 1991, she became an Assistant District Attorney in Tarrant County, Texas where she tried over 80 felony cases to verdict. Ms. Box was elevated to Chief Prosecutor in 1998, and along with supervising felony attorneys, her responsibilities included running the day-to-day operations of a felony district court. Ms. Box was admitted to the State Bar of Texas in 1989 and the State Bar of

California in 2003.  Her practice at Coughlin Stoia focuses on securities fraud.

**DOUGLAS R. BRITTON** was born in Los Angeles, California, in 1968. Mr. Britton received his Bachelor of Business Administration degree from Washburn University in Topeka, Kansas in 1991 and his Juris Doctor degree, *cum laude*, from Pepperdine University Law School in 1996. Mr. Britton was admitted to the Nevada Bar in 1996 and to the California Bar in 1997 and is admitted to practice in all of the state courts in California, as well as the United States District Courts for the Northern, Southern, Eastern, and Central Districts of California.  Mr. Britton has been litigating securities class action lawsuits since his admission to the Bar in 1996.

**ANDREW J. BROWN** was born in Northern California in 1966. He received his Bachelor of Arts degree from the University of Chicago in 1988 and received his Juris Doctor degree from the University of California, Hastings College of Law in 1992. Upon passing the Bar, Mr. Brown worked as a trial lawyer for the San Diego County Public Defender's Office.  In 1997, he opened his own firm in San Diego, representing consumers and insureds in lawsuits against major insurance companies. His current practice focuses on representing consumers and shareholders in class action litigation against companies nationwide.

As a partner of Coughlin Stoia, Mr. Brown continues to change the way corporate America does business.  He prosecutes complex securities fraud and shareholder derivative actions, resulting in multi-million dollar recoveries to shareholders and precedent-setting changes in corporate practices. Examples include: *In re Unumprovident Corp. Sec. Litig.*, 396 F. Supp. 2d 858 (E.D. Tenn 2005); *Does I v. The Gap, Inc.*, Case No. 010031 (D. N. Mariana Islands); *Arlia v. Blankenship*, 234 F. Supp. 2d 606 (S.D. W.Va. 2002); and *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581 (N.D. Ohio 2004).

Mr. Brown is admitted to the state Bar of California and admitted to practice before the United States District Courts for all Districts in California.

**JOY ANN BULL** received her Juris Doctor degree, *magna cum laude*, from the University of San Diego in 1988.  She was a member of the University of San Diego National Trial Competition Team and the *San Diego Law Review*.  Ms. Bull focuses on the litigation of complex securities and consumer class actions.

For nine years, Ms. Bull has concentrated her practice in negotiating and documenting complex settlement agreements and obtaining the required court approval of the settlements and payment of attorneys' fees.  These settlements include: *In re Dole S'holders Litig.*, Case No. BC281949 (Cal. Super. Ct., Los Angeles County) ($172 million recovery plus injunctive relief); *Lindmark v. Am. Express*, Case No. 00-8658-JFW(CWx) (C.D. Cal.) ($38 million cash payment plus injunctive relief); *In re Disposable Contact Lens Antitrust Litig.*, MDL No. 1030 (M.D. Fla.) ($89 million); *In re LifeScan, Inc. Consumer Litig.*, Case No. C-98-20321-JF(EAI) (N.D. Cal.) ($45 million cash recovery); *In re Bergen Brunswig Corp. Sec. Litig.*, Case No. SACV-99-1305-AHS(ANx) (C.D. Cal.) ($27.9 million cash recovery); *Hall v. NCAA*, Case No. 94-2392-KHV (D. Kan.) (more than $70 million cash recovery); *In re Glen Ivy Resorts, Inc.*, Case No. SD92-16083MG (Banker. Ct. C.D. Cal.) ($31 million cash recovery); and *In re Advanced Micro Devices Sec. Litig.*, Case No. C-93-20662-RPA(PVT) (N.D. Cal.) ($34 million cash recovery).

**CHRISTOPHER M. BURKE** earned his Juris Doctor degree from the University of Wisconsin in 1993 and his Ph.D. in 1996.  His practice areas include antitrust and consumer protection. He has been part of the trial teams that successfully prosecuted the *In re Disposable Contact Lens Antitrust Litig.* ($89 million) and *Schwartz v. Visa* ($800 million).

Prior, he was an Assistant Attorney General at the Wisconsin Department of Justice. He has lectured on law-related topics including constitutional law, law and politics and civil rights at the State University of New York at Buffalo and at the University of Wisconsin. His book, *The Appearance of Equality: The Supreme Court and Racial Gerrymandering* (Greenwood, 1999), examines conflicts over voting rights and political representation within the competing rhetoric of communitarian and liberal strategies of justification.

**SPENCER A. BURKHOLZ** received his Bachelor of Arts degree in Economics, *cum laude*, from Clark University in 1985, where he was elected to Phi Beta Kappa, and received his Juris Doctor degree from the University of Virginia School of Law in 1989. Mr. Burkholz specializes in securities class actions and has been one of the senior lawyers on some the most high-profile cases in the nation in the past decade.

Mr. Burkholz was one of the lead attorneys representing over 60 public and private institutional investors that filed and settled individual actions in the *WorldCom* securities litigation. He is also one of the senior lawyers representing The Regents of the University of California on behalf of all investors in the *Enron* securities class action where investors have recovered over $7 billion. Mr. Burkholz was also responsible for significant settlements in the *Qwest* and *Cisco* securities class actions.

Mr. Burkholz is a member of the California Bar and has been admitted to practice in numerous federal courts throughout the country.

**MICHELLE CICCARELLI** represents shareholders, workers, and consumers in a broad range of complex class-action litigations for securities fraud, fraudulent business practices, human rights abuses, labor and employment violations, as well as derivative litigation for breaches of fiduciary duties by corporate officers and directors. She is the Editor of Coughlin Stoia's *Corporate Governance Bulletin* and *Taking Action - Fighting Corporate Corruption*, and the author of *Improving Corporate Governance Through Litigation Settlements*, Corporate Governance Review, 2003.

She participated in the successful prosecution of several important actions, including *Does I v. The Gap, Inc.* Case No. 01-0031 (D.N. Mariana Islands), in which she was one of the lead litigators, spending several months on Saipan working with clients, investigating claims, and obtaining discovery. The case was successfully concluded with a $20 million settlement, including a precedent-setting Monitoring Program to monitor labor and human rights practices in Saipan garment factories. She was also a member of the *WorldCom* litigation team, which recovered over $650 million for various institutional investors, and the *Enron* litigation team, which recovered a $7.3 billion partial recovery for the investor class – the largest securities opt-out and class-action securities recoveries in history.

She is a frequent lecturer on securities fraud, corporate governance, and other issues of import to institutional investors, including lecturing at Cornell University Law School (Joint JD/MBA Program 2003) and the University of Kentucky College of Law (Randall-Park Colloquium 2006).

Formerly, she practiced in Kentucky in the area of labor and employment law. She was the co-editor of the *Kentucky Employment Law Letter* (1998) and co-author of *Wage and Hour Update* (Lorman 1998). She was also a regular lecturer for the Kentucky Cabinet for Economic Development.

She was a law clerk to the Honorable Sara Walter Combs, Chief Judge, Kentucky Court of Appeals (1994-1995) after obtaining her Juris Doctor degree from the University of Kentucky

in 1993. She is a member of the California and Kentucky Bars, and is admitted to practice before the United States District Courts for both jurisdictions as well as the Sixth Circuit Court of Appeals.

As a law student, she trained lawyers and law students to represent immigrants, *pro bono*, in deportation proceedings at the Federal Penitentiary in Lexington, Kentucky (1992-93) and participated in a summer program in Miami assisting Haitian refugees seeking asylum status (1992). She also served as an intern to former Congressman Joe Kennedy in his Charlestown, Massachusetts office (1992).

**CHRIS COLLINS** earned his Bachelor of Arts degree in History from Sonoma State University in 1988 and his Juris Doctor degree from Thomas Jefferson School of Law. His practice areas include antitrust and consumer protection. Mr. Collins first joined the firm in 1994 and was a part of the trial teams that successfully prosecuted the tobacco industry. Mr. Collins left the firm and served as a Deputy District Attorney for the Imperial County where he was in charge of the Domestic Violence Unit. Mr. Collins is currently counsel on the California Energy Manipulation antitrust litigation, the Memberworks upsell litigation, as well as a number of consumer actions alleging false and misleading advertising and unfair business practices against major corporations.

Mr. Collins is a member of the American Bar Association, the Federal Bar Association, the California Bar Association, and the Consumer Attorneys of California and San Diego.

**PATRICK J. COUGHLIN** is the Firm's Chief Trial Counsel, and has been lead counsel for several major securities matters, including one of the largest class action securities cases to go to trial, *In re Apple Computer Sec. Litig.*, Case No. C-84-20148(A)-JW (N.D. Cal.). Mr. Coughlin has argued in the United States Supreme Court on behalf of shareholders, *Dura Pharms., Inc. v.*

*Broudo*, 544 U.S. 336 (2005), in which an important decision was issued by the high court concerning loss causation in securities cases. Although the Court overruled established Ninth Circuit precedent, the decision is widely regarded as a favorable one for investors alleging fraud.

Formerly, Mr. Coughlin was an Assistant United States Attorney in the District of Columbia and the Southern District of California, handling complex white collar fraud matters. During this time, Mr. Coughlin helped try one of the largest criminal RICO cases ever prosecuted by the United States, *United States v. Brown,* Case No. 86-3056-SWR, as well as an infamous oil fraud scheme resulting in a complex murder-for-hire trial, *United States v. Boeckman,* Case No. 87-0676-K.

Mr. Coughlin's recent trials involving securities violations include cases against Wells Fargo and California Amplifier. Cases that settled on the eve of trial include cases against Alcatel and America West. Mr. Coughlin now heads up the prosecution of the high profile *HealthSouth* and *Enron* cases. Mr. Coughlin has also handled and resolved a number of large securities cases involving such companies as 3Com, Boeing, IDB Communications Group, Unocal, Sybase, Connor, Media Vision, ADAC, Sunrise Medical, Valence, Sierra Tucson and Merisel. Throughout his career, Mr. Coughlin has tried more than 50 jury and non-jury trials. Mr. Coughlin tried one of the largest private RICO trials against the major tobacco companies on behalf of hundreds of thousands of Ohio Taft-Hartley health and welfare fund participants. Mr. Coughlin also helped end the Joe Camel ad campaign, a cartoon ad campaign that targeted children and secured a $12.5 billion recovery for the Cities and Counties of California in the landmark 1998 state settlement with the tobacco companies.

**JOSEPH D. DALEY** received his undergraduate degree from Jacksonville University and his

Juris Doctor degree from the University of San Diego School of Law.  Mr. Daley is a member of the Firm's Appellate Practice Group, where his practice concentrates on federal appeals. Published precedents include: *In re Merck & Co., Inc.*, Case No. 06-2911, 2007 U.S. App. LEXIS 17000 (3d Cir. July 18, 2007); *In re Qwest Commc'ns Int'l*, 450 F.3d 1179 (10th Cir. 2006); *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935 (10th Cir. 2005); *Southland Sec. Corp. v. INSpire Ins. Solutions Inc.*, 365 F.3d 353 (5th Cir. 2004).

Mr. Daley edited the award-winning *Federal Bar Association Newsletter* (San Diego chapter) in the Year 2000, and served as the Year 2000 Chair of San Diego's Co-operative Federal Appellate Committees ("COFACS").  Mr. Daley co-authored *What's Brewing in Dura v. Broudo? The Plaintiffs' Attorneys Review the Supreme Court's Opinion and Its Import for Securities-Fraud Litigation*, 37 Loy. U. Chi. L.J. 1 (2005), and *The Nonretroactivity of the Private Securities Litigation Reform Act of 1995*, 25 Sec. Regulation L.J. 60 (1997), reprinted in 3 Sec. Reform Act Litig. Rep. 258 (1997) and 25 RICO L. Rep. 819 (1997).

While attending law school, Mr. Daley was a member of the USD Appellate Moot Court Board (1995-1996) and received several awards for written and oral advocacy, including: Order of the Barristers, Roger J. Traynor Constitutional Law Moot Court Team (Best Advocate Award); Philip C. Jessup International Law Moot Court Competition (United States National Champions, First Place Regional Team); USD Alumni Torts Moot Court Competition (First Place Overall and Best Brief); the USD Jessup International Law Moot Court Competition (First Place Overall and Best Brief); and the American Jurisprudence Award in Professional Responsibility.

Mr. Daley was admitted to the California Bar in 1996.  He is admitted to practice before the United States District Courts for the Northern, Southern, Eastern and Central Districts of California, as well as before the Supreme Court of the United States, and the United States Court of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and District of Columbia Circuits.

**PATRICK W. DANIELS** is a partner of the Firm and the global director of business development for Coughlin Stoia.  He received his Bachelor of Arts degree from the University of California, Berkeley, *cum laude,* and his Juris Doctor degree from the University of San Diego School of Law.

Mr. Daniels oversees the Firm's client outreach and development programs.  He advises hundreds of public and multi-employer pension funds, fund managers, insurance companies and banks around the world on issues related to corporate fraud in the U.S. securities markets and "best practices" in the corporate governance of publicly traded companies.  He has represented dozens of institutional investors in some of the largest and most significant shareholder actions in the United States, including Enron, WorldCom, AOL Time Warner, HealthSouth and Royal Dutch Shell, to name just a few.

Mr. Daniels leads the Firm's cooperative efforts and joint ventures with outside independent advisors, including former United States Secretary of State Madeleine Albright's firm, The Albright Group, to provide advice and counsel to major investors in the United States markets.  As part of these joint ventures, Mr. Daniels works very closely with political and financial leaders throughout the world to advise national and state government pension funds, central banks and fund managers in the United States, Australia, the United Kingdom and the European Union.

In the area of advancing international standards on human rights, Mr. Daniels was a lead counsel in an international coalition of attorneys and human rights groups who won an historic settlement with major United States

clothing retailers and manufacturers, including The Gap, Ralph Lauren, Donna Karan and Calvin Klein, on behalf of a class of over 50,000 predominantly female Chinese garment workers on the island of Saipan in an action seeking to hold the Saipan garment industry responsible for creating a system of indentured servitude and forced labor in the island's garment factories. The coalition obtained an unprecedented agreement for supervision of working conditions in the Saipan factories by an independent NGO, as well as a substantial multi-million dollar compensation award for the workers.

Mr. Daniels is based in the Firm's headquarters in San Diego but he is also a managing partner of the Firm's Manhattan office.

**MICHAEL J. DOWD** graduated from Fordham University, *magna cum laude*, with a Bachelor of Arts degree in History and Latin in 1981. While at Fordham, he was elected to Phi Beta Kappa. He earned his Juris Doctor degree from the University of Michigan School of Law in 1984 and entered private practice in New York that same year. He was admitted to practice in New York in 1985 and in California in 1988.

Mr. Dowd served as an Assistant United States Attorney in the Southern District of California from 1987-1991 and again from 1994-1998. As an Assistant United States Attorney, Mr. Dowd obtained extensive trial experience, including the prosecution of bank fraud, bribery, money laundering and narcotics cases. He is a recipient of the Director's Award for Superior Performance as an Assistant United States Attorney. Mr. Dowd has been responsible for prosecuting complex securities cases and obtaining recoveries for investors, including cases involving AOL Time Warner, WorldCom, Qwest, Vesta, U.S. West, Safeskin and Bergen Brunswig. Mr. Dowd was the lead lawyer for the Coughlin Stoia trial team in *In re AT&T Corp. Sec. Litig.*, which was tried in the District of New Jersey, and settled after two weeks of

trial for $100 million. Mr. Dowd also participated in the Firm's tobacco cases.

**TRAVIS E. DOWNS III** received his Bachelor of Arts degree in History, *cum laude*, from Whitworth College in 1985, and received his Juris Doctor degree from University of Washington School of Law in 1990. Mr. Downs concentrates his practice in securities class actions and Shareholders' derivative actions.

Mr. Downs is responsible for the prosecution and recovery of significant settlements in the following cases: *In re Informix Corp. Sec. Litig.*, Case No. C-97-1289-CRB (N.D. Cal.) ($137.5 million recovery); *In re MP3.com, Inc. Sec. Litig.*, Case No. 00-CV-1873-K(NLS) (S.D. Cal.) ($36 million recovery); *In re Conner Peripherals, Inc. Sec. Litig.*, Case No. C-95-2244-MHP (N.D. Cal.) ($26 million recovery); *In re Silicon Graphics, Inc. II Sec. Litig.*, Case No. 97-4362-SI (N.D. Cal.) ($20.3 million recovery); *In re J.D. Edwards Sec. Litig.*, Case No. 99-N-1744 (D. Colo.) ($15 million recovery); *In re Sony Corp. Sec. Litig.*, Case No. CV-96-1326-JGD(JGx) (C.D. Cal.) ($12.5 million recovery); *In re Veterinary Ctrs. of Am., Inc. Sec. Litig.*, Case No. 97-4244-CBM(MCx) (C.D. Cal.) ($6.75 million recovery); *In re JDN Realty Corp. Derivative Litig.*, Case No. 00-CV-1853 (N.D. Ga.) (obtained extensive corporate governance enhancements); *In re Hollywood Entertainment Corp. Sec. Litig.*, Case No. 95-1926-MA (D. Or.) ($15 million recovery); *In re Legato Sys., Inc. Derivative Litig.*, Case No. 413050 (Cal. Super. Ct., San Mateo County) (obtained extensive corporate governance enhancements); and *In re Flagstar Cos., Inc. Derivative Litig.*, Case No. 736748-7 (Cal. Super. Ct., Alameda County) (obtained extensive corporate governance enhancements).

Mr. Downs is a member of the Bar of the State of California and is also admitted to practice before the United States District Courts for the Central, Northern and Southern Districts of California. He is also a member of the American Bar Association and the San Diego

County Bar Association.  Mr. Downs lectures and participates in professional education programs.

**WILLIAM J. DOYLE II** earned his Bachelor of Arts degree in 1993 from the University of San Diego, majoring in Business Economics.  Mr. Doyle earned his Juris Doctor degree in 1997 from California Western School of Law. Previously, Mr. Doyle was a civil litigator with the firm of Wingert Grebing Brubaker & Ryan, LLP in San Diego.

Mr. Doyle's practice focuses on securities fraud, antitrust, and financial services class actions. Mr. Doyle is admitted to practice before the United States Court of Appeal for the First Circuit, the United States District Courts for the Southern, Central, and Northern Districts of California, the United States District Court for the District of Colorado and all California State courts.  He is a member of the American Bar Association, the State Bar of California, the Association of Trial Lawyers of America, and the Association of Business Trial Lawyers.

**DANIEL DROSMAN** is a partner with Coughlin Stoia.  He is a former federal prosecutor with extensive litigation experience before trial and appellate courts.  His practice focuses on securities fraud litigation and other complex civil litigation.  Mr. Drosman is admitted to practice in New York and California and before federal courts throughout those states.

Mr. Drosman is a native San Diegan who received his Bachelor of Arts degree in Political Science from Reed College in 1990, with honors, and was a member of Phi Beta Kappa. He received his Juris Doctor degree from Harvard Law School in 1993.  Following graduation from law school, Mr. Drosman served for three years as an Assistant District Attorney for the Manhattan District Attorney's Office.  While there, Mr. Drosman served in both the appellate section, where he briefed and argued over 25 cases to the New York appellate courts, and in the trial section, where he prosecuted a wide variety of street crime.

From 1996-1997, Mr. Drosman was an associate in the New York office of Weil Gotshal & Manges, where he concentrated his practice in civil litigation and white-collar criminal defense.

In 1997, Mr. Drosman returned to San Diego and became an Assistant United States Attorney in the Southern District of California. In the Southern District, Mr. Drosman tried cases before the United States District Court and briefed and argued numerous appeals before the Ninth Circuit Court of Appeals.  He was a member of the border crimes unit, where he was assigned to investigate and prosecute violations of the federal narcotics and immigration laws and official corruption cases.  During his tenure as an Assistant United States Attorney, Mr. Drosman received the Department of Justice Special Achievement Award in recognition of sustained superior performance of duty.

Mr. Drosman's practice involves representing defrauded investors in securities class actions, an area in which he has co-authored a law journal article.

**AMBER L. ECK** graduated from Pepperdine University *magna cum laude* with a Bachelor of Arts degree in 1990. Upon graduation, she worked for two years at a Los Angeles legal newspaper, the *Metropolitan News-Enterprise*. Ms. Eck then attended Boston University School of Law, where she received her Juris Doctor degree, *magna cum laude*, in 1995. At Boston University, Ms. Eck was a member of the Giles Sutherland Rich Intellectual Property Moot Court Team which received honors for Best Brief in the Northeast Region. In addition, she served as Case and Note Editor for the *Boston University International Law Journal* and Chapter Justice for Phi Alpha Delta.

Ms. Eck has prosecuted securities class actions and shareholder derivative suits for the past ten years. Ms. Eck received the Wiley W. Manuel Pro Bono Service Award in 1999 and the Distinguished Service Award in 2002 from the County of San Diego for *pro bono* service. Ms. Eck is a member of the California (1995) and Nevada (1996) Bars, and is admitted to practice before the United States District Courts for all districts in both jurisdictions. She served on the Board of Directors for the Barristers Club of San Diego (1996-1997) and is a member of the American Inns of Court, Enright Chapter.

**THOMAS E. EGLER** was born in Pittsburgh, Pennsylvania in 1967. Mr. Egler received his Bachelor of Arts degree from Northwestern University in 1989. Mr. Egler received his Juris Doctor degree in 1995 from Catholic University of America, Columbus School of Law, where he served as Associate Editor for *Catholic University Law Review* from 1994-1995. From 1995-1997, Mr. Egler was Law Clerk to the Honorable Donald E. Ziegler, Chief Judge, United States District Court, Western District of Pennsylvania.

Mr. Egler was admitted to the California Bar in 1995 and the Pennsylvania Bar in 1996. He is admitted to practice before the United States District Courts for the Western District of Pennsylvania, the Northern, Southern and Central Districts of California and the United States Court of Appeals for the Third and Eleventh Circuits.

**PAUL J. GELLER** received his Bachelor of Science degree in Psychology from the University of Florida, where he was a member of the University Honors Program. Mr. Geller then earned his Juris Doctor degree, with Highest Honors, from Emory University School of Law. At Emory, Mr. Geller was an Editor of the *Law Review*, was inducted into the Order of the Coif legal honor society, and was awarded multiple American Jurisprudence Book Awards for earning the highest grade in the school in a dozen courses.

After spending several years representing blue chip companies in class action lawsuits at one of the largest corporate defense firms in the world, Mr. Geller became a founding partner and head of the Boca Raton offices of the national class action boutiques Cauley Geller Bowman & Rudman, LLP and Geller Rudman, PLLC. In July 2004, through a merger of the firms, Mr. Geller opened the Boca Raton, Florida office of Coughlin Stoia.

In May 2005, Mr. Geller was selected by *The National Law Journal* as one of the nation's top "40 Under 40" – an honor bestowed upon 40 of the country's top lawyers under the age of 40. The *NLJ* had previously compiled its "40 Under 40" list in July 2002; Mr. Geller is the only lawyer in the country that was selected for inclusion both in 2002 and again in 2005. In July 2006, as well as July 2003, Mr. Geller was featured in *Florida Trend* magazine as one of Florida's "Legal Elite." Mr. Geller has also been featured in the *South Florida Business Journal* as one of Florida's top lawyers, and was named one of the nation's top 500 lawyers by Lawdragon in August 2006. In June 2007, Mr. Geller was selected by *Law & Politics* as one of Florida's top lawyers.

Mr. Geller is rated AV by Martindale-Hubbell (the highest rating available) and has served as lead or co-lead counsel in a majority of the securities class actions that have been filed in the southeastern United States in the past several years, including cases against Teco Energy ($17 million settlement), Hamilton Bancorp ($8.5 million settlement), Prison Realty Trust (co-lead derivative counsel; total combined settlement of over $120 million); and Intermedia Corp. ($38 million settlement). Mr. Geller recently served as one of the court-appointed lead counsel in cases involving the alleged manipulation of the asset value of some of the nation's largest mutual funds, including *Hicks v. Morgan Stanley & Co.*;

*Abrams v. Van Kampen Funds, Inc.*; and *In re Eaton Vance Sec. Litig.* ($51.5 million aggregate settlements).

Mr. Geller is also heavily involved in corporate governance litigation. For example, Mr. Geller recently represented a shareholder of Applica Inc. who was concerned with allegedly reckless acquisitions made by the company. Mr. Geller and his partners secured a settlement that required Applica to establish a new independent Acquisitions Committee charged with conducting due diligence and approving future acquisitions, even though such a committee is not required by SEC regulations. In another corporate governance lawsuit, Mr. Geller and his co-counsel challenged the independence of certain members of a Special Committee empanelled by Oracle Corp. to look into certain stock sales made by its Chairman and CEO, Larry Ellison. After Delaware Chancery Court Vice Chancellor Leo E. Strine issued an Order agreeing that the Special Committee was "fraught with conflicts," *The Wall Street Journal* called the decision "one of the most far-reaching ever on corporate governance."

Mr. Geller has also successfully represented consumers in class action litigation. He recently settled *Kehoe v. Fidelity Fed.,* a consumer class action alleging privacy violations filed in the Southern District of Florida, for $50 million. He was personal counsel to the lead plaintiff in *Stoddard v. Advanta*, a case that challenged the adequacies of interest rate disclosures by one of the nation's largest credit card companies ($11 million settlement), and was personal counsel to one of the lead plaintiffs in the American Family Publishers sweepstakes litigation, which alleged that the defendant misled consumers into thinking they would win a lottery if they purchased magazine subscriptions ($38 million settlement).

Mr. Geller is currently representing Emergency Room physicians in Florida who are suing four of the nation's largest HMOs for improper payment calculations. The four related cases have been through numerous appeals. After Mr. Geller's most recent appellate victory in the case, he was presented an award by the America Law Media's *Daily Business Review* and named one of the 2006 "Florida's Most Effective Lawyers."

During the past few years, several of Mr. Geller's cases have received regional and national press coverage. Mr. Geller has appeared on CNN Headline News, CNN Moneyline with Lou Dobbs, ABC, NBC and FOX network news programs. Mr. Geller is regularly quoted in the financial press, including *The New York Times*, *The Wall Street Journal*, *The Washington Post* and *BusinessWeek*.

Mr. Geller has been or is a member of the Association of Trial Lawyers of America, the Practicing Law Institute, the American Bar Association, the Palm Beach County Bar Association (former Member of Bar Grievance Committee) and the South Palm Beach County Bar Association (former Co-Chair of Pro Bono Committee).

**DAVID J. GEORGE** earned his Bachelor of Arts degree in Political Science from the University of Rhode Island, *summa cum laude*. Mr. George then graduated at the top of his class at the University of Richmond School of Law. At the University of Richmond, Mr. George was a member of the *Law Review*, was the President of the McNeill Law Society/Order of the Coif, and earned numerous academic awards, including outstanding academic performance in each of his three years there and outstanding graduate.

Before joining the Firm, Mr. George, who is AV rated by Martindale-Hubbell (the highest rating available), was a partner in the Boca Raton office of Geller Rudman, PLLC. Mr. George, a zealous advocate of shareholder rights, has been lead and/or co-lead counsel with respect to various securities class action

matters, including: *In Re Cryo Cell Int'l, Inc. Sec. Litig.* ($7 million settlement); *In Re TECO Energy, Inc. Sec. Litig.* ($17.35 million settlement); *In Re Newpark Res., Inc. Sec. Litig.* ($9.24 million settlement); *In Re Mannatech, Inc. Sec. Litig.* (N.D. Tex.); *In Re Jabil Circuit Sec. Litig.* (S.D. Fla.) and *In Re Shaw Group Sec. Litig.* (E.D. La.). Mr. George has also acted as lead counsel in numerous consumer class actions, including *Lewis v. Labor Ready, Inc.* ($11 million settlement), *Flaxman v. Geico* (S.D. Fla.) and *In Re Webloyalty, Inc. Mktg. and Sales Practices Litig.* (D. Mass.); among many others. Before joining Geller Rudman, Mr. George spent more than a decade as a commercial litigator with two of the largest corporate law firms in the United States. During that time, Mr. George aggressively prosecuted and defended a wide array of complex commercial litigation matters, including securities class action matters, non-compete litigation, fraud claims, and real estate-based litigation matters.

Mr. George is licensed to practice law in the state courts of Florida, as well as the United States District Courts for the Southern, Middle, and Northern Districts of Florida, and the First and Fifth Circuit Courts of Appeal. He is currently or has been a member of the American Bar Association, the Federal Bar Association, the Academy of Florida Trial Lawyers, the Palm Beach County Bar Association, and the Southern Palm Beach County Bar Association.

**JONAH H. GOLDSTEIN** is a partner with Coughlin Stoia. Formerly, Mr. Goldstein was an Assistant United States Attorney in the United States Attorney's Office for the Southern District of California, where he obtained extensive trial experience (including a seven-defendant 11-week trial), and briefed and argued appeals before the Ninth Circuit Court of Appeals. Mr. Goldstein has been responsible for prosecuting complex securities cases and obtaining recoveries for investors. Mr. Goldstein was a member of the Firm's trial team in *In re AT&T Corp. Sec. Litig.*, No. 3:00-CV-5364, which was tried in the United States District Court for the District of New Jersey and settled after two weeks of trial for $100 million.

Mr. Goldstein graduated from Duke University with a Bachelor of Arts degree in Political Science in 1991. He received his Juris Doctor degree from the University of Denver College of Law in 1995, where he was the Notes & Comments Editor of the *University of Denver Law Review*. Following graduation from law school, Mr. Goldstein served as a law clerk for the Honorable William H. Erickson on the Colorado Supreme Court.

Mr. Goldstein is admitted to practice in Colorado (1995) and California (1997).

**JOHN K. GRANT** was born in Provo, Utah in 1961. Mr. Grant received his Bachelor of Arts degree from Brigham Young University in 1988 and his Juris Doctor degree from the University of Texas at Austin in 1990. Mr. Grant was admitted to the California Bar in 1994.

**KEVIN K. GREEN** is a partner in the Firm's Appellate Practice Group. He received his Bachelor of Arts degree in Political Economy, with honors and distinction, from the University of California at Berkeley in 1989. He took his Juris Doctor degree from Notre Dame Law School in 1995. After admission to the California Bar, he clerked for the Honorable Theodore R. Boehm, Associate Justice, Supreme Court of Indiana, where he developed his interest in appellate work. Mr. Green then returned to California to clerk for the Honorable Barry T. Moskowitz, United States District Court, Southern District of California. The latter position included two sittings by designation on the United States Court of Appeals for the Ninth Circuit.

In 1999, Mr. Green entered practice on behalf of defrauded consumers and investors, focusing from the outset on appeals. After briefing and arguing appellate matters for several years, he became a Certified Appellate

Specialist, State Bar of California Board of Legal Specialization. He also advises the Firm's trial litigators on issues and strategy.

Reflecting the practice's national scope, Mr. Green has handled appeals and writs in jurisdictions across the country. The cases involve diverse subject matter and questions of first impression often resulting in published opinions. Illustrative appeals he has briefed and argued include: *Harris v. Los Angeles Super. Ct.*, Case No. B195121, 2007 WL 2325580 (Cal. App. 2d, Aug. 16, 2007); *Ritt v. Billy Blanks Enter.*, 870 N.E.2d 212 (Ohio Ct. App. 2007); *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457 (2006); *In re Guidant S'holders Derivative Litig.*, 841 N.E.2d 571 (Ind. 2006); *Denver Area Meat Cutters & Employers Pension Plan v. Clayton*, 209 S.W.3d 584 (Tenn. Ct. App. 2006); *Hyams v. Halifax PLC*, 2005 WL 3441230 (N.J. App. Div., Dec. 16, 2005); *Lebrilla v. Farmers Group, Inc.*, 119 Cal. App. 4th 1070 (2004); *West Corp. v. Super. Ct.*, 116 Cal. App. 4th 1167 (2004); and *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003). In partnership with co-counsel, he assisted in briefing *Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235 (2006), and also prepared an *amicus curiae* brief on behalf of the National Association of Shareholder and Consumer Attorneys in *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979 (2004).

Beyond his appellate practice, Mr. Green is active in professional activities. Since 2006, he has sat on the State Bar of California Committee on Appellate Courts. He is currently the Chair of the Civil Rules Subcommittee of the San Diego County Bar Association's Appellate Court Committee. In connection with the Firm's consumer fraud practice, Mr. Green is a member of the State Bar Antitrust and Unfair Competition Law Section. He is also a member of the American Constitution Society, the Federal Bar Association, and the California Supreme Court Historical Society.

In the area of publication, Mr. Green is the author of *The Unfair Competition Law After Proposition 64: The California Supreme Court Speaks*, Journal of Competition (Vol. 15, No. 2, Fall/Winter 2006) (published by State Bar Antitrust and Unfair Competition Law Section). While a student, he wrote *A Vote Properly Cast? The Constitutionality of the National Voter Registration Act of 1993*, 22 Journal of Legislation 45 (1996) (published by Notre Dame Law School).

**TOR GRONBORG** was born in Portland, Oregon in 1969. Mr. Gronborg received his Bachelor of Arts degree in 1991 from the University of California at Santa Barbara and was a recipient of an AFL-CIO history scholarship. In 1992, Mr. Gronborg did graduate work in international relations and strategic studies at the University of Lancaster, United Kingdom on a Rotary International Fellowship. Mr. Gronborg received his Juris Doctor degree from Boalt Hall at the University of California at Berkeley where he was a member of the Moot Court Board.

Since 1997, Mr. Gronborg has worked on securities fraud actions and has been lead or co-lead litigation counsel in cases that have recovered more than $800 million, including: *In re Cardinal Health, Inc. Sec. Litig.* ($600 million); *In re Prison Realty Sec. Litig.* ($104 million); *In re Tele-Commc'ns, Inc. Sec. Litig.* ($33 million); and *Rasner v. Sturm,* (FirstWorld Communications) ($26.5 million). Twice, Mr. Gronborg's pleadings have been upheld by the Ninth Circuit (*Broudo v. Dura Pharms., Inc.*, 339 F.3d 933 (9th Cir. 2003); *In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006 (9th Cir. 2005)) and he has been responsible for a number of significant rulings, including: *In re Cardinal Health Inc., Sec. Litig.*, 426 F. Supp. 2d 688 (S.D. Ohio 2006); *In re Direct General Corp. Sec. Litig.*, Case No. 3:05-0077, 2006 U.S. Dist. LEXIS 56128 (M.D. Tenn. 2006); and *In re Dura Pharms., Inc. Sec. Litig.*, 452 F.Supp. 2d 1005 (S.D. Cal. 2006).

Mr. Gronborg was admitted to the California Bar in 1995 and in 1997 was licensed to practice in the courts of the Ninth Circuit and the Northern, Central, and Southern Districts of California. In addition to his securities litigation practice, Mr. Gronborg has lectured on the Federal Rules of Civil Procedure and electronic discovery.

**ELLEN A. GUSIKOFF STEWART** was born in New York, New York in 1964. She received her Bachelor of Arts degree in Economics from Muhlenberg College in 1986 and her Juris Doctor degree from Case Western Reserve University in 1989. Ms. Stewart was admitted to the California Bar in 1989 and is admitted to practice before all federal courts in California, the Sixth and Ninth Circuit Courts of Appeals, and the Western District of Michigan.

Ms. Stewart currently practices in the Firm's settlement department, negotiating and documenting the Firm's complex securities, merger and consumer privacy class and derivative actions. Notably, recent settlements include: *Schwartz v. TXU Corp.*, (N.D. Tex. 2005) ($149.75 million in cash plus corporate governance reforms); *In re Doral Fin. Corp. Sec. Litig.*, (S.D.N.Y. 2007) ($129 million plus corporate governance reforms); *In re Chiron S'holder Deal Litig.*, (Cal. Super. Ct., Alameda County 2006) (significant increase in merger consideration); *In re Payment, Inc. S'holder Litig.*, (Davidson County, Tenn. 2006) (increased merger consideration and improved merger terms).

**KATHLEEN A. HERKENHOFF** received a Bachelor of Arts in English Literature from the University of California at Berkeley in 1989 and received a Juris Doctor degree from Pepperdine University School of Law in 1993. While at Pepperdine, she received American Jurisprudence Awards in Constitutional Law and Agency-Partnership Law. After graduation from Pepperdine, Ms. Herkenhoff was an enforcement attorney with the United States Securities and Exchange Commission.

Ms. Herkenhoff is a 1993 admittee to the State Bar of California and has been admitted to practice before the United States District Courts for the Northern, Central, Eastern and Southern Districts of California. Ms. Herkenhoff has successfully prosecuted several complex securities class actions, including obtaining a $122 million settlement against Mattel, Inc. and several of its former officers and directors.

**DENNIS J. HERMAN** received his Bachelor of Science degree from Syracuse University in 1982. He is a 1992 graduate of Stanford Law School, where he received the Order of the Coif and the Urban A. Sontheimer Award for graduating second in his class. Mr. Herman concentrates his practice in securities class action litigation.

Mr. Herman served as one of the lead counsel in the successful prosecution of securities actions against Lattice Semiconductor, Inc., Stellent, Inc., and Specialty Laboratories, Inc., each of which resulted in significant, precedent-setting decisions upholding complaints on behalf of defrauded investors. Mr. Herman has also been significantly involved in the prosecution of numerous other securities fraud claims that have resulted in substantial recoveries for investors, including actions filed against VeriSign Corp. ($78 million), NorthWestern Corp. ($40 million), and Electro-Scientific Industries, Inc. ($9 million). Mr. Herman has also successfully represented the estate of a bankrupt company in lawsuits against its former officers and outside auditor seeking recovery for actions that deepened the company's insolvency before it went bankrupt.

Previously, Mr. Herman practiced for 10 years in Denver, Colorado, where he had a general commercial litigation practice and litigated many cases involving fraud and other tort claims, as well as a wide variety of cases involving contract claims, land use disputes, environmental issues, inter-governmental disputes, voting rights, and intellectual

property disputes. Mr. Herman is admitted to practice in both California and Colorado, and is a member of the bar of the United States Courts of Appeals for the Fifth, Eighth and Tenth Circuits, as well as the bars of the United States District Courts for Colorado, and the Northern, Central and Southern Districts of California. Prior to attending law school, Mr. Herman was an investigative reporter and editor for a number of newspapers in California and Connecticut.

**HELEN J. HODGES** received her Bachelor of Science degree in accounting from Oklahoma State University in 1979. While attending Oklahoma State, Ms. Hodges obtained her private pilot's license and in 1980 was a member of Oklahoma State's flying team, which won top honors at the National Intercollegiate Flying Association competition. Ms. Hodges became a certified public accountant in 1982 and received her Juris Doctor degree from the University of Oklahoma in 1983, where she was the Managing Editor of the *Law Review*. She was admitted to the State Bars of Oklahoma in 1983 and California in 1987.

Ms. Hodges was a staff accountant with Arthur Andersen & Co. and served as the law clerk for the *Penn Square* cases in the Western District of Oklahoma. Ms. Hodges has been involved in numerous securities class actions, including: *Knapp v. Gomez*, Civ. No. 87-0067-H(M) (S.D. Cal.), in which a plaintiffs' verdict was returned in a Rule 10b-5 class action; *Nat'l Health Labs*, which was settled for $64 million; *Thurber v. Mattel*, which was settled for $122 million and *Dynegy*, which was settled for $474 million. In the last several years, Ms. Hodges has focused on prosecution of *Enron*, where a record recovery ($7.2 billion) has been obtained for investors.

Ms. Hodges is rated AV by Martindale-Hubbell (the highest rating available) and she was selected as a Super Lawyer in Southern California Super Lawyers 2007 – San Diego Edition.

**G. PAUL HOWES**, after Marine Corps Vietnam service, received his Bachelor of Arts degree with distinction from the University of New Mexico, was elected to Phi Beta Kappa and Phi Kappa Phi, and was the tympanist for the New Mexico Symphony Orchestra. He received his Juris Doctor degree and Masters in Public Administration from the University of Virginia. He served as a Special Assistant to the Director of the FBI, Judge William H. Webster and then as a law clerk to Judge Roger Robb, United States Circuit Court of Appeals for the District of Columbia Circuit. He was an ABC News correspondent for the Washington Bureau and then served for 11 years as an Assistant United States Attorney for the District of Columbia, primarily prosecuting complex drug-organization homicides. Beginning in October 2001, he led the Firm's investigation of Enron's collapse, established the Firm's Houston office, and was an integral member of the trial team. Mr. Howes concentrated on the Enron action and headed the investigation of the Enron-inspired securities fraud Dynegy action and led the trial team to a $474 million settlement in March 2005. He is a member of the New Mexico, District of Columbia and California Bars.

**ERIC ALAN ISAACSON** received his Bachelor of Arts degree *summa cum laude* from Ohio University in 1982. He earned his Juris Doctor degree with high honors from Duke University School of Law in 1985 and was elected to the Order of the Coif. Mr. Isaacson served as a Note and Comment Editor for the *Duke Law Journal* and in his third year of law school became a member of the Moot Court Board. After graduation, Mr. Isaacson clerked for the Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit.

In 1986, Mr. Isaacson joined the litigation department of O'Melveny & Myers, where his practice included cases involving allegations of trademark infringement, unfair business practices and securities fraud. He served as a member of the trial team that successfully

prosecuted a major trademark infringement action.

Mr. Isaacson joined the plaintiffs' bar in 1989, and has taken part in prosecuting many securities fraud class actions. He was a member of the plaintiffs' trial team in *In re Apple Computer Sec. Litig.*, No. C 84-20198(A)-JW (N.D. Cal.). Since the early 1990s, his practice has focused primarily on appellate matters in cases that have produced dozens of published precedents. *See, e.g., In re WorldCom Sec. Litig. (Cal. Pub. Employees' Ret. Sys. v. Caboto-Gruppo Intesa, BCI)*, Case No. 05-6967-CV, 2007 U.S. App. LEXIS 17797 (2d Cir. 2007); *Sanford v. MemberWorks, Inc.,* 483 F.3d 956 (9th Cir. 2007); *Sanchez v. County of San Diego,* 464 F.3d 916 (9th Cir. 2006), *rehearing denied,* 483 F.3d 965 (9th Cir. 2007); *In re Daou Sys., Inc., Sec. Litig. (Sparling v. Daou),* 411 F.3d 1006 (9th Cir. 2005); *Ill. Mun. Ret. Fund v. CitiGroup, Inc.,* 391 F.3d 844 (7th Cir. 2004); *Deutsch v. Turner Corp.,* 324 F.3d 692 (9th Cir. 2003); *Lone Star Ladies Investment Club v. Schlotzsky's Inc.,* 238 F.3d 363 (5th Cir. 2001); *Hertzberg v. Dignity Partners, Inc.,* 191 F.3d 1076 (9th Cir. 1999); *Warshaw v. Xoma Corp.,* 74 F.3d 955 (9th Cir. 1996); *Fecht v. Price Co.,* 70 F.3d 1078 (9th Cir. 1995); and *Mangini v. R.J. Reynolds Tobacco Co.,* 7 Cal. 4th 1057 (1994).

Mr. Isaacson's publications include: *What's Brewing in Dura v. Broudo? A Review of the Supreme Court's Opinion and Its Import for Securities-Fraud Litigation,* (co-authored with Patrick J. Coughlin and Joseph D. Daley), 37 Loyola University Chicago Law Journal 1 (2005); *Pleading Scienter Under Section 21D(b)(2) of the Securities Exchange Act of 1934: Motive, Opportunity, Recklessness and the Private Securities Litigation Reform Act of 1995* (co-authored with William S. Lerach), 33 San Diego Law Review 893 (1996); *Securities Class Actions in the United States* (co-authored with Patrick J. Coughlin), Litigation Issues in the Distribution of Securities: An International Perspective 399 (Kluwer International/International Bar Association,

1997); *Pleading Standards Under the Private Securities Litigation Reform Act of 1995: The Central District of California's* Chantal *Decision* (co-authored with Alan Schulman & Jennifer Wells), *Class Action & Derivative Suits,* Summer 1996, at 14; *Commencing Litigation Under the Private Securities Litigation Reform Act of 1995* (co-authored with Patrick J. Coughlin), Securities Litigation 1996 9-22 (Practising Law Institute 1996); *The Flag Burning Issue: A Legal Analysis and Comment,* 23 Loyola of Los Angeles Law Review 535 (1990).

Mr. Isaacson has served as a cooperating attorney with the American Civil Liberties Union of San Diego and Imperial counties. He also received awards for *pro bono* work from the California State Bar and the San Diego Volunteer Lawyer Program. He has filed *amicus curiae* briefs on behalf of a variety of organizations, including the Social Justice Committee and Board of Trustees of the First Unitarian Universalist Church of San Diego.

Since January 2004, Mr. Isaacson has served as a member of the Board of Directors – and since March 2005 as Board President – of the San Diego Foundation for Change, an organization dedicated to funding and supporting community-led efforts to promote social equality, economic justice and environmental sustainability. Its grantees have included groups as diverse as Activist San Diego, the Interfaith Committee for Worker Justice and the San Diego Audubon Society.

Mr. Isaacson has been a member of the California Bar since 1985. He is also admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh and District of Columbia Circuits, and before all federal district courts in the State of California.

**JAMES I. JACONETTE** was born in San Diego, California in 1967. Mr. Jaconette is one of three partners responsible for the day-to-day

prosecution of *In re Enron Corp. Sec. Litig.* (S.D. Tex.) and *In re Dynegy Inc. Sec. Litig.* (S.D. Tex.), on behalf of lead plaintiff The Regents of the University of California, and the large classes of public investors represented in those actions.  Mr. Jaconette has litigated securities class actions and corporate governance/merger & acquisition-related actions since 1995.  To date, cases in which Mr. Jaconette executed a primary litigating role, including *In re Informix Corp. Sec. Litig.* (N.D. Cal.), have resulted in approximately $300 million in settlements, judgments, or common funds that benefited investors.

Mr. Jaconette attended San Diego State University, receiving his Bachelor of Arts degree with honors and distinction in 1989 and his M.B.A. in 1992.  In 1995, Mr. Jaconette received his Juris Doctor degree *cum laude* from Hastings College of the Law, University of California, San Francisco.  Mr. Jaconette was the Mortar Board Vice President from 1988-1989, a member of the *Hastings Law Journal* from 1993-1994, and Associate Articles Editor for same from 1994-1995.  Mr. Jaconette authored *The Fraud-on-the-Market Theory in State Law Securities Fraud Suits*, Hastings Law Journal, Volume 46, August, 1995.  In 1993, Mr. Jaconette served as law clerk to the Honorable Barbara J. Gamer, and in 1994, as extern to the Honorable William H. Orrick, Jr., District Judge.

In 1995, Mr. Jaconette was admitted to the California Bar and licensed to practice before the United States District Court, Southern District of California.

**FRANK J. JANECEK, JR.** received his Bachelor of Science degree in Psychology from the University of California at Davis in 1987 and his Juris Doctor degree from Loyola Law School in 1991.  He is admitted to the Bar of the State of California, the district courts for all districts California, and to the United States Court of Appeals for the Sixth, Ninth, and Eleventh Circuits.  For 11 years, Mr. Janecek has practiced in the areas of consumer, Proposition 65, taxpayer, and tobacco litigation.  He has participated as a panelist and a speaker in continuing legal education programs relating to California's Unfair Competition laws, public enforcement tobacco litigation, and challenging unconstitutional taxation schemes.

Mr. Janecek litigated several Proposition 65 actions, including *People ex. rel. Lungren v. Super. Ct.*, 14 Cal. 4th 294 (1996), which was jointly prosecuted with the Attorney General's office.  These actions resulted in the recovery of more than $10 million in disgorgement and/or civil penalties and warnings to consumers of their exposure to cancer-causing agents and reproductive toxins.  Mr. Janecek chaired several of the litigation committees in California's tobacco litigation, which resulted in the $25.5 billion recovery for California and its local entities.  Mr. Janecek also handled a constitutional challenge to the State of California's Smog Impact Fee, in the case *Ramos v. Dep't of Motor Vehicles*, Case No. 95AS00532 (Cal. Super. Ct., Sacramento County).  As a result of the *Ramos* litigation, more than a million California residents received full refunds, plus interest, totaling $665 million.

Mr. Janecek is the co-author with Patrick J. Coughlin of "A Review of R.J. Reynolds' Internal Documents Produced in *Mangini v. R.J. Reynolds Tobacco Co.*, No. 939359 - The Case that Rid California and the American Landscape of 'Joe Camel'" (January 1998), which, along with more than 60,000 internal industry documents, was released to the public through Congressman Henry Waxman.  He is also the author of *California's Unfair Competition Act and Its Role in the Tobacco Wars* (Fall 1997).  Mr. Janecek is a member of the American Bar Association, the California Bar Association, the San Diego County Bar Association and the Consumer Attorneys of California and San Diego.

**NANCY M. JUDA** concentrates her practice in employee benefits law and works in the Firm's

Institutional Investors Department. Ms. Juda received her Juris Doctor degree from American University in 1992 and her undergraduate degree from St. Lawrence University in 1988.

Prior to joining Coughlin Stoia, Ms. Juda was employed by the United Mine Workers of America Health & Retirement Funds, where she began her practice in the area of employee benefits law. Ms. Juda was also associated with union-side labor law firms in Washington, D.C., where she represented the trustees of Taft-Hartley pension and welfare funds on qualification, compliance, fiduciary and transactional issues under ERISA and the Internal Revenue Code.

Using her extensive experience representing union pension funds, Ms. Juda advises Taft-Hartley fund trustees regarding their options for seeking redress for losses due to securities fraud. Ms. Juda currently advises trustees of funds providing benefits for members of unions affiliated with the Building and Construction Trades Department of the AFL-CIO, including funds sponsored by the Operative Plasterers and Cement Masons International Association of America and Canada, International Union of Painters and Allied Trades, United Union of Roofers, Waterproofers and Allied Workers and International Union of Elevator Constructors. Ms. Juda also represents workers in ERISA class actions involving breach of fiduciary duty claims against corporate plan sponsors and fiduciaries.

Ms. Juda is licensed to practice in Maryland (1992) and the District of Columbia (1995). She is a member of the National Coordinating Committee for Multi-Employer Plans, the International Foundation of Employee Benefit Plans, the Employee Benefits Committee of the American Bar Association's Section of Labor and Employment Law and the AFL-CIO Lawyers' Coordinating Committee.

Ms. Juda is the Editor of the Firm's quarterly newsletter, *Taking Action – Fighting Corporate Corruption*.

**JEFFREY W. LAWRENCE** received his Bachelor of Arts degree, *magna cum laude*, from Tufts University in 1976. In 1979, Mr. Lawrence graduated *magna cum laude* with a Juris Doctor degree from Boston School of Law. He was a staff member of the *Boston University Law Review* from 1977-1978, and its editor from 1978-1979.

From September 1979 to September 1980, Mr. Lawrence served as a law clerk to the Honorable Walter Jay Skinner, United States District Court, District of Massachusetts. He was admitted to the Massachusetts Bar in 1979 and to the Bar of California in 1991. He is licensed to practice before the United States Court of Appeals, First and Ninth Circuits, the United States District Court, District of Massachusetts and the Northern District of California.

From 1983-1994, Mr. Lawrence was an Assistant United States Attorney, Criminal Division, where he obtained extensive trial experience in white-collar crimes, ranging from money-laundering to stock fraud.

**ARTHUR C. LEAHY** graduated with a Bachelor of Arts degree in Business from Point Loma College in 1987. In 1990, Mr. Leahy graduated *cum laude* and received a Juris Doctor degree from the University of San Diego School of Law, where he served as Managing Editor of the Law Review. While in law school, Mr. Leahy authored an article published in the *San Diego Law Review* and other articles published in another law journal. In addition, he served as a judicial extern for the Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit. After law school, Mr. Leahy served as a judicial law clerk for the Honorable Alan C. Kay of the United States District Court for the District of Hawaii.

Mr. Leahy works on securities actions in which his clients have recovered hundreds of millions of dollars. Mr. Leahy is a member of the California Bar and has been admitted in numerous federal courts throughout the country.

**JEFFREY D. LIGHT** was born in Los Angeles, California in 1964. He received his Bachelor of Science degree from San Diego State University in 1987 and his Juris Doctor degree from the University of San Diego in 1991, *cum laude*. Mr. Light was the recipient of the American Jurisprudence Award in Constitutional Law. He served as law clerk to the Honorable Louise DeCarl Adler, United States Bankruptcy Court, and the Honorable James Meyers, Chief Judge, Southern District of California, United States Bankruptcy Court. Mr. Light was admitted to the California Bar in 1992 and is admitted to practice before all federal courts in California.

Mr. Light is also a member of the San Diego County Bar Association and is on the Attorney Fee Arbitration Panel. Mr. Light currently practices in the Firm's settlement department, negotiating, documenting and obtaining court approval of the Firm's complex securities, merger, consumer and derivative actions. These settlements include: *In re AT&T Corp. Sec. Litig.* (D.N.J. 2005) ($100 million recovery); *In re Infonet Corp. Sec. Litig.* (C.D. Cal. 2004) ($18 million recovery); and *In re Ashworth, Inc. Sec. Litig.* (S.D. Cal. 2004) ($15.25 million recovery).

**JAMES D. MCNAMARA** earned his Juris Doctor degree from the University of San Diego School of Law in 1997 and a Bachelor of Arts degree in Political Science from the University of San Diego in 1994. Mr. McNamara was admitted to practice in California in 1997. Mr. McNamara's practice focuses primarily on consumer protection, with an emphasis on actions brought by policyholders against life, auto and other insurers for deceptive sales practices. He has also been engaged in consumer fraud and antitrust matters in the

mortgage lending, telecommunications and insurance brokerage industries.

He is a member of the San Diego County Bar Association, American Bar Association, the State Bar of California, and the Association of Trial Lawyers of America.

**AZRA Z. MEHDI** earned her Bachelors of Arts in 1992 from the University of Illinois at Chicago, with high honors in English and German Literature. She was a member of the Honors College and spent a year at the University of Vienna in Austria. She received her Juris Doctor degree from DePaul University College of Law in Chicago in 1995. Upon graduation, Ms. Mehdi did an internship at the Austrian law firm of Ortner Poch & Foramitti. Ms. Mehdi focuses her practice on antitrust litigation and securities fraud litigation.

Ms. Mehdi is admitted to practice in New York (1996), California (2002), before the United States District Court for the Southern and Eastern Districts of New York (1997), and the United States District Court for the Northern, Central and Southern Districts of California (2002). She is a member of the American Bar Association, the California Bar Association and the San Francisco Bar Association. Ms. Mehdi is fluent in German and Hindi.

**DAVID W. MITCHELL** was born in Wilmington, Delaware in 1973. He graduated from the University of Richmond in 1995 with a Bachelor of Arts degree in both Economics and History and thereafter received his Juris Doctor degree from the University of San Diego School of Law in 1998.

Prior to joining the Firm, Mr. Mitchell served as an Assistant United States Attorney in the Southern District of California. While at the United States Attorney's Office, he worked on cases involving narcotics trafficking, bank robbery, murder-for-hire, alien smuggling, and terrorism. He tried nearly 20 cases to verdict before federal criminal juries and made

numerous appellate arguments before the Ninth Circuit Court of Appeals.

Mr. Mitchell's practice focuses on securities fraud and antitrust litigation. He is a member of the State Bar of California and is admitted to practice before the Southern and Central Districts of California and the Ninth Circuit Court of Appeals.

**MATTHEW MONTGOMERY** was born in Pontiac, Michigan in 1970. Mr. Montgomery received his Bachelor of Arts degree from Stanford University in 1992 and his Juris Doctor degree from the University of California, Berkeley in 1995. Mr. Montgomery was admitted to the California Bar in 1995 and is licensed to practice in the courts of the Ninth and Sixth Circuits, as well as the Northern, Central and Southern Districts of California. Mr. Montgomery practices in the Firm's securities litigation group.

**STEPHEN J. ODDO** graduated from Santa Clara University with a Bachelor of Arts degree in English with a minor in Spanish. He received his Master of Arts degree from the Medill School of Journalism at Northwestern University before receiving his Juris Doctor degree from the University of San Diego. Mr. Oddo was admitted to the California Bar in 1994. He specializes in securities class actions involving mergers and acquisitions.

**KEITH F. PARK** graduated from the University of California at Santa Barbara in 1968 and from the Hastings College of Law of the University of California in 1972.

Mr. Park is responsible for the recoveries in more than 1,000 securities class actions, including actions involving: Dollar General ($162 million recovery); Mattel ($122 million recovery); Prison Realty ($105 million recovery); Honeywell (in addition to the $100 million recovery, obtained Honeywell's agreement to adopt significant corporate governance changes relating to compensation of senior executives and directors, stock trading by directors, executive officers and key employees, internal and external audit functions, and financial reporting and board independence); Sprint (in addition to $50 million recovery, obtained important governance enhancements, including creation of "Lead Independent Director" and expensing of stock options); Hanover Compressor (on top of $85 million recovery, obtained the following governance enhancements, among others: direct shareholder nomination of Board and mandatory rotation of audit firm); 3COM ($259 million recovery); Chiron ($43 million recovery); MedPartners ($56 million recovery); NME ($60.75 million recovery); and TCI ($26.5 million recovery).

He is admitted to practice in California and New York.

**PAMELA M. PARKER** received her Bachelor of Arts degree in Political Science and French, with a concentration in International Politics, from the State University of New York at Binghamton, and was elected to Phi Beta Kappa. Ms. Parker received a Juris Doctor degree from Harvard Law School, *cum laude,* in 1982. While at Harvard, Ms. Parker was an Articles Editor of the *Civil Rights/Civil Liberties Law Review*. After graduation, she served as a law clerk to the Honorable Frank J. Battisti, Chief Judge of the United States District Court, Northern District of Ohio. Upon leaving the clerkship, Ms. Parker worked as an associate with the New York firm of Paul Weiss Rifkind Wharton & Garrison. In 1988, Ms. Parker became associated with the New York firm of Lankenau Kovner & Bickford, concentrating her practice in representation of publications, libel defense, and First Amendment law.

For 13 years, Ms. Parker's practice has included appellate matters and environmental, consumer fraud and securities fraud litigation. Ms. Parker participated in the successful prosecution of several important actions, including: *In re The Exxon Valdez*, Case No.

A89-095 (D. Ala.), in which she served as a member of the trial support team, and which resulted in a $5 billion jury verdict; *Pinney v. Great Western Bank,* Case No. CV-95-2100-I(RNBx) (C.D. Cal.), in which she served as one of the principal attorneys for plaintiffs and which resulted in a settlement of $17.2 million; and *Does I v. The Gap, Inc.,* Case No. 01 0031 (D. N. Mariana Islands), in which she was the lead prosecuting attorney and which resulted in a $20 million settlement, including a precedent-setting Monitoring Program to monitor labor and human rights practices in Saipan garment factories. In July 2003, Ms. Parker was named Trial Lawyer of the Year by the Trial Lawyers for Public Justice in recognition of her work on the case in the Northern Mariana Islands.

Ms. Parker is a member of the Appellate Practice Group of Coughlin Stoia. She has worked on a variety of appellate matters before numerous courts, including the United States Courts of Appeal for the Fifth, Sixth, Ninth, and Tenth Circuits and the appellate courts of California, Alabama, Ohio and Tennessee. She is a Lawyer Representative to the Ninth Circuit Judicial Conference.

Ms. Parker is admitted to practice in California and New York. She has been an active member of the Federal Bar Association, the San Diego County Bar Association and the Lawyers Club of San Diego, and also holds memberships with the American Bar Association and California Women Lawyers. She sits on the Board of Directors for the Legal Aid Society of San Diego.

**STEVEN W. PEPICH** received his Bachelor of Science degree in Economics from Utah State University in 1980 and his Juris Doctor degree from De Paul University in 1983. Mr. Pepich is admitted to practice before the Courts of California and the District Court for the Southern, Central, Eastern, and Northern Districts of California. Mr. Pepich has been engaged in a wide variety of civil litigation, including consumer fraud, mass tort, royalty, civil rights, human rights, ERISA and employment law actions, as well as many securities and corporate litigations. He was part of the plaintiffs' trial team in *Mynaf v. Taco Bell Corp.*, which settled after two months of trial on terms favorable to two plaintiff classes of restaurant workers, for recovery of unpaid wages. He was also a member of the plaintiffs' trial team in *Newman v. Stringfellow* where, after a nine-month trial in Riverside, California, all claims for exposure to toxic chemicals were ultimately resolved for $109 million.

Mr. Pepich has also participated in the successful prosecution of numerous securities fraud class actions, including: *Gohler v. Wood*, Case No. 92-C-181 ($17.2 million recovery); *In re Advanced Micro Devices Sec. Litig.*, Case No. C-93-20662-RPA(PVT) ($34 million recovery); *In re Catalyst Semiconductor Sec. Litig.*, Case No. C-93-2096 ($15 million recovery); *In re Gupta Corp. Sec. Litig.*, Case No. C-94-1517 ($6 million recovery); *In re La.-Pacific Corp. Sec. Litig.*, Case No. C-95-707 ($65 million recovery); and *In re Boeing Sec. Litig.*, Case No. C-97-1715Z ($92 million recovery). Mr. Pepich is a member of the American Bar Association, the San Diego Bar Association and the Association of Business Trial Lawyers of San Diego. Mr. Pepich co-authored with William S. Lerach *Personal Liability Considerations of Officers and Directors in the Takeover Context*, CEB, Business Law Institute, April 1986, and *New Diligence Considerations in the Context of the Federal Securities Laws*, CEB Fourth Annual Securities Institute, May 1986.

**THEODORE J. PINTAR** received his Bachelor of Arts degree from the University of California at Berkeley in 1984 where he studied Political Economies of Industrial Societies. Mr. Pintar received his Juris Doctor degree from the University of Utah College of Law in 1987 where he was Note and Comment Editor of the Journal of *Contemporary Law* and the *Journal of Energy Law and Policy*. Formerly,

Mr. Pintar was associated with the firm of McKenna Conner & Cueno in Los Angeles, California, where he focused in commercial and government contracts defense litigation. Mr. Pintar is co-author of *Assuring Corporate Compliance with Federal Contract Laws and Regulations*, Corporate Criminal Liability Reporter, Vol. 2 (Spring 1988).

Mr. Pintar participated in the successful prosecution of numerous securities fraud class actions and derivative actions, including participation on the trial team in *Knapp v. Gomez*, No. 87-0067-H(M) (S.D. Cal.), which resulted in a plaintiff's verdict. Mr. Pintar also participated in the successful prosecution of numerous consumer class actions, including: (i) actions against major life insurance companies such as Manulife ($555 million settlement value) and Principal Life Insurance Company ($379 million settlement value); (ii) actions against major homeowners insurance companies such as Allstate ($50 million settlement) and Prudential Property and Casualty Co. ($7 million settlement); and (iii) an action against Columbia House ($55 million settlement value), a direct marketer of CDs and cassettes.

Most recently, Mr. Pintar was part of the litigation team in the AOL Time Warner state and federal court opt-out actions, which arose from the 2001 merger of American Online and Time Warner. These cases resulted in a global settlement of $618 million, entered into just weeks before the California state court trial was scheduled to begin.

Mr. Pintar is a member of the State Bar of California and the San Diego County Bar Association.

**WILLOW E. RADCLIFFE** earned her Bachelor of Arts degree from the University of California at Los Angeles in 1994 and her Juris Doctor degree from the Seton Hall University School of Law, *cum laude*, in 1998. Ms. Radcliffe clerked for the Honorable Maria-Elena James,

Magistrate Judge for the United States District Court for the Northern District of California, prior to joining the Firm.

Ms. Radcliffe's practice at Coughlin Stoia focuses on the prosecution of securities class actions and derivative actions in state and federal court. She is a member of the California Bar, and is admitted to practice before the United States District Court for the Northern District of California.

**JACK REISE** earned his Bachelor of Arts degree in History from Binghamton University. He graduated *cum laude* from University of Miami School of Law where he was an Associate Editor on the *University of Miami Inter-American Law Review* and was also the recipient of the American Jurisprudence Book Award in Contracts.

Since he began practicing law, Mr. Reise has been devoted to protecting the rights of those who have been harmed by corporate misconduct. Mr. Reise started his legal career representing individuals suffering the debilitating affects of asbestos exposure back in the 1950s and 1960s.

Mr. Reise has since concentrated his practice on class action litigation, including securities fraud, shareholder derivative actions, consumer protection, and unfair and deceptive insurance practices and antitrust. Prior to joining the Firm, Mr. Reise was a partner at the law firm of Cauley Geller.

A substantial portion of Mr. Reise's practice is devoted to representing shareholders in actions brought under the federal securities laws. He is currently serving as lead counsel in more than a dozen cases nationwide, including *Abrams v. Van Kampen Funds*, Case No. 01 C 7538 (N.D. Ill.) (involving a mutual fund that is charged with improperly valuating its net asset value), and *In re NewPower Holdings Sec. Litig.*, Case No. 02 Civ. 1550 (CLB) (S.D.N.Y.),

which settled with several of the defendants for $26 million.

Mr. Reise has been admitted to the Florida Bar since 1995. He is also admitted to practice before the United States Courts of Appeals for the First, Fourth, and Eleventh Circuits, as well as the Southern and Middle District Courts of Florida.

**JOHN J. RICE** graduated *cum laude* from Harvard University with a Bachelor of Arts degree in History and received his Juris Doctor degree from the University of Virginia. After law school, he was a judicial law clerk to the late United States District Court Judge Judith N. Keep of the Southern District of California.

Mr. Rice brings significant trial experience to Coughlin Stoia, where he is a member of the Firm's litigation team. Prior to joining the Firm, he prosecuted a wide array of cases, ranging from complex white-collar to murder to Russian organized crime cases. Most recently, he worked as an Assistant United States Attorney in the Southern District of California, specializing in public corruption cases. He has also served stints prosecuting organized crime for the United States Attorney's Office in the Southern District of New York and was nominated to serve as Branch Chief in the Northern Mariana Islands, prosecuting public corruption and white-collar criminal cases.

Mr. Rice has been praised for his diligent efforts to combat graft, corruption and collusion among public and private officials in San Diego. In 2005, he spearheaded prosecution teams on behalf of the United States Attorney's Office that successfully convicted the acting San Diego Mayor and a well-known councilman on federal corruption charges. In May 2006, Mr. Rice again exposed and prosecuted corrupt public figures, this time unraveling an intricate plot between a former college president and a political consultant who were misappropriating public funds for campaign finance.

Mr. Rice also served as Assistant United States Attorney in the Southern District of New York and Assistant Attorney General in the Republic of Palau. He was the Branch Chief at the United States Attorney's office for the Commonwealth of the Northern Mariana Islands. Most recently, Mr. Rice was Assistant United States Attorney at the United States Attorney's office in San Diego, California.

Mr. Rice serves as an adjunct professor at the University of San Diego School of Law and Western State University School of Law. He is also an Instructor at the Department of Justice Office of Legal Education and a frequent lecturer of trial advocacy and advanced trial advocacy.

**DARREN J. ROBBINS** is a founding partner of the Firm and oversees the Firm's mergers and acquisition practice. Mr. Robbins has extensive experience in federal and state securities class action litigation, and has recovered more than $600 million for shareholders serving as lead counsel in numerous securities class actions including *In re TXU Sec. Litig.* ($120 million recovery); *In re Prison Realty Sec. Litig.* ($120 million recovery); and *In re Dollar General Sec. Litig.* ($172.5 million recovery).

In January 2007, Mr. Robbins was recognized as one of the American Lawyer's Young Litigators 45 and Under for making significant strides in the securities litigation field. Similarly, Mr. Robbins received the California Lawyers Attorney of the Year Award in 2004 for his role as lead counsel in *In re Hanover Compressor Sec. Litig.*, which resulted in an $85 million recovery for shareholders and landmark corporate governance reforms.

Mr. Robbins is a frequent speaker at conferences and seminars and has lectured on a wide-range of topics related to securities litigation including: Prosecuting and

Defending Shareholder Derivative Suits to Force Corporate Change in the Post-Enron World (2005); Corporate Governance Forum (2005); Securities Litigation & Enforcement Institute, Corporate Governance Litigation (2004); International Foundation of Employees Benefit Plans, How to Deal with Class Action Litigation (2004); Advanced Securities Law Workshop (2004); Practice Before the Federal Magistrates (2004); Business Law Annual Meeting, Third-Party Liability in the Post-Enron Environment (2003); Tillinghast-Towers Perrin Seminar on Directors & Officers Liability, Rapid Growth in Securities Class Action Recoveries Post-PSLRA (2003); Directors Roundtable, Battling Over Corporate Disclosure, The Revolution in Securities Class Actions (2002); Business Ethics and Corporate Governance in the Post-Enron World (2002); CALBIOsummit, Class Action Litigation and Prevention (2002); The Opal Financial Group and COLT, Third Annual Investment Education Symposium (2001); Maximizing Returns from Class Actions (2001); and Directors Roundtable (1997). Mr. Robbins is also the co-author of "The Race to the Bottom: Bidding for Lead Counsel and its Impact on Securities Class Actions" presented by the Practicing Law Institute Securities Workshop (2001).

Mr. Robbins received his Bachelor of Science and Master of Arts degrees in Economics from the University of Southern California and his Juris Doctorate from Vanderbilt School of Law.

**HENRY ROSEN** obtained his Bachelor of Arts degree in 1984 from the University of California, after attending American College in Paris. In 1988, Mr. Rosen received his Juris Doctor degree from the University of Denver, where he was Editor-in-Chief for the *University of Denver Law Review*. Mr. Rosen served as Judicial Law Clerk to the Honorable Jim R. Carrigan, United States District Court, District of Colorado, from 1989 to 1990. He is a member of the Firm's Hiring Committee and is also a member of the Firm's Technology Committee, which focuses on applications to digitally manage documents produced during litigation and internally generate research files.

Major clients include Minebea Co., Ltd., a Japanese manufacturing company, represented in securities fraud arbitration against a United States investment bank. Mr. Rosen has significant experience prosecuting every aspect of securities fraud class actions and has obtained hundreds of millions of dollars on behalf of defrauded investors. Prominent cases include: *In re Storagetek Sec. Litig.*, Case No. 92-B-750 (D. Colo.); *In re Access HealthNet Sec. Litig.*, Case No. SACV-96-1250-GLT(EEx) and Case No. SACV-97-191-GLT(EEx) (C.D. Cal.); *In re Valence Sec. Litig.*, Case No. C-95-20459-JW(EAI) (N.D. Cal.); *In re J.D. Edwards Sec. Litig.*, Case No. 99-N-1744 (D. Colo.); *In re Bergen Brunswig Sec. Litig.* and *Bergen Brunswig Capital Litig.*, Case No. SACV-99-1462-AHS(ANx) (C.D. Cal.); *In re Advanced Lighting Sec. Litig.*, No. 1:99CV8936 (N.D. Ohio); and *In re Safeskin Sec. Litig.*, Case No. 99cv454-BTM(LSP) (S.D. Cal.).

Mr. Rosen is admitted to the California Bar (1991) and the Colorado Bar (1988). He is a member of the State Bar of California, the American Bar Association (Litigation Section), the Association of Trial Lawyers of America, the California Trial Lawyers of America, California Trial Lawyers Association and the San Diego Trial Lawyers Association.

**DAVID A. ROSENFELD** earned his Bachelor of Science degree in Accounting from Yeshiva University's Sy Syms School of Business and his Juris Doctor degree from the Benjamin N. Cardozo School of Law.

While in law school, Mr. Rosenfeld interned in the chambers of the Honorable Frederic Block in the United State District Court for the Eastern District of New York.

Mr. Rosenfeld was responsible for initiating some of the largest and most significant

securities and shareholder class action lawsuits since the passage of the Private Securities Litigation Reform Act of 1995, and developed an expertise in the area of lead plaintiff jurisprudence.

In 2003, Mr. Rosenfeld joined Samuel Rudman in opening the New York office of Geller Rudman, PLLC and assisted Mr. Rudman in raising the Firm's profile as one of the nation's "most active" plaintiffs' firms.

At Coughlin Stoia, Mr. Rosenfeld continues to concentrate his practice on the investigation and initiation of securities and consumer fraud class actions. Mr. Rosenfeld also advises the Firm's institutional and individual investor clients on issues related to their involvement in securities class action lawsuits.

Mr. Rosenfeld is admitted to practice in the States of New York and New Jersey and in the United States District Courts for the Southern District of New York, Eastern District of New York, District of New Jersey, District of Colorado, Eastern District of Wisconsin and the Eastern and Western Districts of Arkansas.

**ROBERT M. ROTHMAN** earned his Bachelor of Arts degree in Economics from the State University of New York at Binghamton. He then earned his Juris Doctor degree, with Distinction, from Hofstra University School of Law. During law school, Mr. Rothman was a member of the law review and was awarded the Dean's Academic Scholarship for completing his first year in the top one percent of his class.

After law school, Mr. Rothman practiced commercial litigation with an international law firm. Having litigated cases involving many of the nation's largest companies, Mr. Rothman has extensive experience in the areas of consumer protection, antitrust, and investment fraud.

Mr. Rothman has served as lead counsel in many class actions alleging violations of the securities laws, including cases filed against First Bancorp ($74.25 million recovery), Interstate Bakeries ($18 million recovery), Spiegel ($17.5 million recovery), and NBTY ($16 million recovery). Mr. Rothman also actively represents shareholders in connection with going private transactions. For example, Mr. Rothman was a lead counsel in a case seeking to block the attempted buyout of Cablevision by its majority shareholders. The litigation resulted in an increase of more than $2.2 billion in cash consideration being offered to Cablevision's public stockholders, and provided additional protections, including $300 million of personal guarantees from the controlling shareholders for any liabilities payable as a result of a breach of the merger agreement.

In addition, Mr. Rothman actively litigates consumer fraud cases. In a case alleging false advertising claims against a yellow pages directory where Mr. Rothman was the lead counsel, the defendant agreed to a settlement valued in excess of $67 million. Mr. Rothman also tries, arbitrates, and mediates cases. For example, he obtained a multi-million dollar verdict after the trial of a shareholders' derivative case.

Prior to joining Coughlin Stoia, Mr. Rothman was a partner at Geller Rudman PLLC, where he concentrated his practice on representing shareholders and consumers in class actions.

Mr. Rothman is admitted to practice before the courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York. Mr. Rothman is a member of the American Bar Association's Sections of Litigation and Antitrust Law.

**SAMUEL H. RUDMAN** received his Bachelor of Arts degree in Political Science from Binghamton University in 1989 and earned his Juris Doctor degree from Brooklyn Law School

in 1992. While at Brooklyn Law School, Mr. Rudman was a Dean's Merit Scholar and a member of the *Brooklyn Journal of International Law* and the Moot Court Honor Society.

Upon graduation from law school, Mr. Rudman joined the Enforcement Division of the United States Securities & Exchange Commission in its New York Regional Office as a staff attorney. In this position, Mr. Rudman was responsible for numerous investigations and prosecutions of violations of the federal securities laws. Thereafter, Mr. Rudman joined one of the largest corporate law firms in the country, where he represented public companies in the defense of securities class actions and also handled several white-collar criminal defense matters.

Since joining the Firm, Mr. Rudman has been responsible for the investigation and initiation of securities and shareholder class actions. In addition, Mr. Rudman developed a focus in the area of lead plaintiff jurisprudence and has been responsible for numerous reported decisions in this area of securities law.

Mr. Rudman continues to focus his practice in the area of investigating and initiating securities and shareholder class actions and also devotes a considerable amount of time to representing clients in ongoing securities litigation.

**Scott Saham** was born in Detroit, Michigan in 1970. Mr. Saham received a Bachelor of Arts degree in 1992 from the University of Michigan. Mr. Saham received a Juris Doctor degree from the University of Michigan Law School in 1995.

Mr. Saham is licensed to practice law in both California and Michigan. Mr. Saham's practice areas include securities and other complex litigation. Prior to joining Coughlin Stoia, Mr. Saham served as an Assistant United States Attorney in the Southern District of California.

**Ex Kano Sams II** was born in Los Angeles, California in 1971. In 1993, Mr. Sams received his Bachelor of Arts degree in Political Science from the University of California, Los Angeles. In 1996, Mr. Sams received his Juris Doctor degree from the University of California, Los Angeles, where he was a member of the *UCLA Law Review*.

After graduating from UCLA Law School, Mr. Sams represented plaintiffs in complex and class action civil rights litigation, including employment, housing and sexual harassment discrimination. Mr. Sams was actively involved in a number of actions against the tobacco industry and participated in a trial against numerous tobacco companies. Mr. Sams also participated in California litigation against the tobacco industry which resulted in billions of dollars in recovery to cities and counties in California.

As a partner of Coughlin Stoia, Mr. Sams continues to represent plaintiffs in securities, consumer and environmental litigation. Mr. Sams is a member of the State Bar of California and has been admitted to the United States Court of Appeals for the Ninth Circuit, the United States District Courts for Northern, Southern, Eastern, and Central Districts of California and the District of Colorado.

**Christopher P. Seefer** received his Bachelor of Arts degree from the University of California, Berkeley in 1984 and his Master of Business Administration degree from the University of California, Berkeley in 1990. He received his Juris Doctor degree from the Golden Gate University School of Law in 1998. Mr. Seefer concentrates his practice in securities class action litigation. Mr. Seefer was a Fraud Investigator with the Office of Thrift Supervision, Department of the Treasury (1990-1999) and a field examiner with the Office of Thrift Supervision (1986-1990). Mr. Seefer is a member of the Bar of California, the United States District Courts for the Northern, Central, and Southern Districts of California, and the

United States Court of Appeals for the Ninth Circuit.

**MARK SOLOMON** earned his law degrees at Trinity College, Cambridge University, England (1985), Harvard Law School (1986), and the Inns of Court School of Law, England (1987). He is admitted to the Bar of England and Wales (Barrister), Ohio and California, as well as to various United States Federal District and Appellate Courts.   Mr. Solomon regularly represents both United States - and United Kingdom - based pension funds and asset managers in class and non-class securities litigation. Mr. Solomon is a founding partner of Coughlin Stoia.

Before studying law in England, Mr. Solomon served as a British police officer.   After qualifying as a barrister, he first practiced at the international firm Jones Day in Cleveland, Ohio (1987-1990), followed by practice at the Los Angeles office of New York's Stroock & Stroock & Lavan (1990-1993).  At those firms, Mr. Solomon's representations included the defense of securities fraud and other white-collar crimes, antitrust, copyright, commercial and real estate litigation and reinsurance arbitration. While practicing in Los Angeles, acting for plaintiffs, Mr. Solomon took to trial and won complex commercial contract and real estate actions in the Orange County and Los Angeles Superior Courts, respectively.

Since 1993, Mr. Solomon has spearheaded the prosecution of many significant cases.  He has obtained substantial recoveries and judgments for plaintiffs through settlement, summary adjudications and trial.  He litigated, through trial, *In re Helionetics*, where he and his trial partner, Paul Howes, won a unanimous $15.4 million jury verdict in November 2000.  He has successfully led many other cases, among them: *Schwartz v. TXU* ($150 million recovery plus significant corporate governance reforms); *In re Informix Corp. Sec. Litig.* ($142 million recovery); *Rosen v. Macromedia, Inc.* ($48 million recovery); *In re Comty. Psychiatric Ctrs.*

*Sec. Litig.* ($42.5 million recovery); *In re Advanced Micro Devices Sec. Litig.* ($34 million recovery); *In re Tele-Commc'ns, Inc. Sec. Litig.* ($33 million recovery); *In re Home Theater Sec. Litig.* ($22.5 million judgment); *In re Diamond Multimedia Sec. Litig.* ($18 million recovery); *Hayley v. Parker* ($16.4 million recovery); *In re Gupta Corp. Sec. Litig.* ($15 million recovery); *In re Radius Sec. Litig.*; *In re SuperMac Tech., Inc. Sec. Litig.* (combined recovery of $14 million); *Markus v. The North Face* ($12.5 million recovery); *In re Brothers Gourmet Coffees, Inc. Sec. Litig.* ($9 million recovery); *Anderson v. EFTC* ($9 million recovery); *In re Flir Sys. Inc. Sec. Litig.* ($6 million recovery); *In re Nike, Inc. Sec. Litig.* ($8.9 million recovery); *Sharma v. Insignia* ($8 million recovery); and *In re Medeva Sec. Litig.* ($6.75 million recovery).

Mr. Solomon chaired the American Bar Association Directors and Officers Liability Sub-Committee and the Accountants Liability Sub-Committee between 1996 and 2001.

**JONATHAN M. STEIN** earned his Bachelor of Science degree in Business Administration from the University of Florida, where he concentrated his studies in Finance.  While at Florida, he was selected to join the honor society of Omicron Delta Epsilon, recognizing outstanding achievement in Economics.  Mr. Stein earned his Juris Doctor degree from Nova Southeastern University, where he was the recipient of the American Jurisprudence Book Award in Federal Civil Procedure and served as Chief Justice of the Student Honor Court.

Mr. Stein began his practice of law in Fort Lauderdale as a prosecutor in the State Attorney's Office for the Seventeenth Judicial Circuit of Florida, where he handled numerous jury trials.  Before concentrating his practice in class action litigation, he also practiced as a litigator with one of Florida's largest law firms, where he concentrated on fighting insurance fraud.   Prior to joining Coughlin Stoia, Mr. Stein was a partner with Geller Rudman, PLLC.  Mr. Stein is involved in all aspects of class

action litigation, including securities fraud, shareholder class and derivative actions, consumer fraud, products liability and antitrust.

A substantial portion of Mr. Stein's practice is dedicated to the representation of public shareholders of companies whose shares are acquired through management buyouts, leveraged buyouts, mergers, acquisitions, tender offers and other change-of-control transactions. Mr. Stein has represented clients in seeking to protect shareholders by insuring that they receive maximum compensation for their shares and also by insuring that they receive all necessary information and disclosure concerning the transactions. He has been successful in restructuring many transactions and recovering millions of dollars in additional value for shareholders.

Mr. Stein is licensed to practice law in the state courts of Florida, as well as in the United States District Courts for the Southern and Middle Districts of Florida and the District of Colorado. In addition to these courts and jurisdictions, Mr. Stein regularly works on cases with local counsel throughout the country. Mr. Stein has been or is a member of the Association of Trial Lawyers of America, the American Bar Association, the Palm Beach County Bar Association and the South Palm Beach County Bar Association.

JOHN J. STOIA, JR. received his Bachelor of Science degree from the University of Tulsa in 1983. While working on his degree, Mr. Stoia was elected President of the National Political Science Honor Society and graduated with highest honors. In 1986, Mr. Stoia received his Juris Doctor degree from the University of Tulsa and graduated in the top of his class. In 1987, Mr. Stoia graduated in the top of his class from the Georgetown University Law Center in Washington, D.C., receiving his Masters of Law in Securities Regulation. Thereafter, Mr. Stoia served as an enforcement attorney with the United States Securities and Exchange Commission prior to going into private practice. Mr. Stoia is one of the founding partners of Coughlin Stoia.

Mr. Stoia worked on dozens of nationwide complex securities class actions, including *In re Am. Cont. Corp./Lincoln Sav. & Loan Sec. Litig.*, MDL No. 834 (D. Ariz.), which arose out of the collapse of Lincoln Savings & Loan and Charles Keating's empire. Mr. Stoia was a member of plaintiffs' trial team, which obtained verdicts against Mr. Keating and his co-defendants in excess of $3 billion and settlements of over $240 million.

Mr. Stoia has been responsible for over $10 billion in recoveries on behalf of victims of insurance fraud due to deceptive sales practices such as "vanishing premiums," "churning," and discrimination in the sale of burial or debit insurance.

Mr. Stoia has been involved in over 40 nationwide class actions brought by policyholders against United States and Canadian life insurance companies seeking redress for deceptive sales practices during the 1980s and 1990s. Mr. Stoia was lead or co-lead counsel and actively involved in nationwide cases against, among others, Prudential ($4+ billion), New York Life ($600+ million), Transamerica Life Insurance Company ($250+ million), General American Life Insurance Company ($85+ million), Manufacturer's Life ($550+ million), Metropolitan Life ($2 billion), American General and subsidiaries ($500+ million), Allianz ($55+ million), Principal Life ($380+ million) and Pacific Life Insurance Company.

Mr. Stoia was involved in numerous cases brought against life insurance companies for racial discrimination involving the sale of debt or "industrial life" insurance policies during the 20th century. Mr. Stoia was lead counsel in *McNeil v. Am. Gen'l Life Ins. Accident Ins. Co.*, the first major settlement involving discrimination claims which resulted in a $234

million recovery for class members. Mr. Stoia resolved other race-based insurance cases, including *Brown v. United Life Ins. Co.* ($40 million), *Morris v. Life Ins. Co. of Ga.* ($55 million), and *Thompson v. Metropolitan Life* ($145 million).

Mr. Stoia brought some of the first cases against the insurance brokerage industry and insurers relating to undisclosed kickbacks known as "contingent commissions" and illegal bid-rigging activities. He is one of the lead plaintiffs' counsel in the consolidated MDL proceedings pending in the United States District Court for the District of New Jersey (*In re Employee-Benefit Ins. Brokerage Antitrust Litig.*, Case No. 2:05-cv-1079(FSH), and *In re Insurance Brokerage Antitrust Litig.*, Case No. 2:04-cv-5184(FSH), MDL No. 1663). He is also the lead trial counsel representing the California Department of Insurance against five of the largest Employee Benefit Insurance companies (MetLife, Prudential, Hartford, Cigna and UnumProvident) for violating California Insurance Regulations for failing to disclose payments of contingent commissions to brokers in California and other improper activities. *The People of the State of California v. Universal Life Resources*, Case No. GIC838913 (Cal. Super. Ct., San Diego County). To date, four out of the five defendants have agreed to sweeping changes in their disclosure practices within California as a result of that action.

Mr. Stoia currently represents numerous large institutional investors who suffered hundreds of millions of dollars in losses as a result of the major financial scandals, including AOL/Time Warner, and is court-appointed co-lead counsel in eight nationwide class actions against sellers of deferred annuities to senior citizens.

Mr. Stoia was selected as Litigator of the Month by *The National Law Journal* (July 2000). He was also selected as a Super Lawyer in *Southern California Super Lawyers 2007 – San Diego Edition*. Mr. Stoia is also a frequent lecturer on numerous legal topics. Recent speaking engagements and lectures include: Speaker, Association of Life Insurance Counsel Panel (May 2007); Speaker, 2007 International Reinsurance Summit; Speaker, Conference on Industry Litigation 2007 (ALI-ABA); Speaker, 12th Annual ALI-ABA Conference on Life Insurance and Financial Services Industry Litigation (2007); Speaker, IBA West Blue Ribbon Conference (2006); Speaker, ATLA Annual Convention – Insurance Law Section, Panel: Broker/Dealer Liability (2006); Speaker, ATLA Winter Convention – Securities Fraud: Rights and Remedies of Shareholders; Co-chair, ALI-ABA Program 11th Annual: Financial Services and Insurance Industry Litigation (2006); Speaker, Barreau du Quebec Class Action Seminar (2005); Speaker, ACI Consumer Finance Class Actions Conference (2005); and ALI-ABA, Practicing Law Institutute and American Trial Lawyers Association seminars and conferences: Speaker, ALI-ABA Program: Life and Health Insurance Litigation (2004).

SPEAKING ENGAGEMENTS:

July 12, 2007 NYC: PLI Annual Conference on Class Action Litigation

June 6-8, 2007 Bermuda: 2007 International Reinsurance Summit

May 10-11, 2007 Chicago, IL: Insurance Industry and Financial Services Litigation

May 7, 2007 San Diego, CA: Association of Life Insurance Counsel Panel

July 27-28, 2006 New York City, NY: PLI Class Action Litigation Prosecution and Defense Strategies

May 1, 2006 Kona, Hawaii: IBA West Blue Ribbon Conference

March 30-31, 2006 Washington, DC: Co-Chair; ALI-ABA Conference on Life Insurance and Financial Services Industry Litigation

February 14, 2007 Washington, DC: The Federalist Society's Corporations, Securities & Antitrust Practice Group – Class Action Fairness Act: Two Years Later

October 21, 2005 Quebec, Canada: Barreau du Quebec Class Action Seminar

September 26, 2005 New York City, NY: ACI Consumer Finance Class Actions Conference

July 24, 2005 Toronto, Canada: ATLA Annual Convention – Insurance Law Section, Panel: Broker/Dealer Liability

March 18, 2005 New York City, NY: ALI-ABA Program: Financial Services and Insurance Industry Litigation

**SANFORD SVETCOV** is a partner with the Appellate Practice Group of Coughlin Stoia. He has briefed and argued more than 300 appeals in state and federal court, including: *Braxton v. Mun. Court*, 10 Cal. 3d 138 (1973) (First Amendment); *Procunier v. Navarette*, 434 U.S. 555 (1978) (civil rights); *Parker Plaza West Partners v. UNUM Pension & Ins. Co.*, 941 F.2d 349 (5th Cir. 1991) (real estate); *Catellus Dev. Corp. v. U.S.*, 34 F.3d 748 (9th Cir. 1994) (CERCLA); *U.S. v. Hove*, 52 F.3d 233 (9th Cir. 1995) (criminal law); *Kelly v. City of Oakland*, 198 F.3d 779 (9th Cir. 1999) (employment law, same gender sexual harassment); *U.S. v. Henke*, 222 F.3d 633 (9th Cir. 2000) (securities fraud); *Moore v. Liberty Nat'l Life Ins. Co.*, 267 F.3d 1209 (11th Cir. 2001) (civil rights); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) (securities fraud); and *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F. 3d 1226 (9th Cir. 2004) (securities fraud).

Mr. Svetcov's professional appellate litigation experience includes securities fraud litigation, CERCLA, CEQA, commercial litigation, Clean Water Act, Civil Rights Act litigation, toxic torts, federal criminal law, California writ practice, employment law and ERISA.

Mr. Svetcov was a partner with the firm of Landels Ripley & Diamond, LLP, in San Francisco, from 1989 to 2000. His extensive legal experience includes service as: Chief, Appellate Section, United States Attorney's Office, San Francisco, 1984-1989; Attorney-in-Charge, Organized Crime Strike Force, San Francisco, 1981-1984; Chief Assistant United States Attorney, San Francisco, 1978-1981; Deputy Attorney General, State of California, 1969-1977; Legal Officer, United States Navy, VT-25, Chase Field, Beeville, Texas, 1966-1969; and Deputy Legislative Counsel, Legislature of California, Sacramento, 1965-1966.

Mr. Svetcov is certified as a Specialist in Appellate Practice by the State Bar of California Board of Legal Specialization. He was selected by the Attorney General for the Department of Justice's John Marshall Award for Excellence in Appellate Advocacy in 1986 and is a member and past President (1998) of the American Academy of Appellate Lawyers, and a member of the California Academy of Appellate Lawyers.

In 1999, Chief Justice Rehnquist appointed Mr. Svetcov to a three-year term on the Federal Appellate Rules Advisory Committee. He is also an ex-officio member of the Ninth Circuit Rules Advisory Committee on Rules and Internal Operating Procedures. His other memberships and service commitments to the legal profession include: the California Academy of Appellate Lawyers; the Bar Association of San Francisco (Appellate Courts section); the American Bar Association (Appellate Judges Conference) Committee on Appellate Practice; and the Northern California Federal Bar Association, Board of Directors.

Mr. Svetcov earned his Bachelor of Arts degree, *cum laude*, from Brooklyn College in 1961 and his Juris Doctor degree from the University of California at Berkeley in 1964. He is a member of the Bars of the State of California, the United States Supreme Court, the Court of Appeals, Fifth, Eighth, Ninth and

Eleventh Circuits, and the United States District Court, Northern District of California.

For two decades, he as been active as a teacher and lecturer at continuing legal education programs, including those of the ABA Appellate Practice Institutes (1990-2000); the Ninth Circuit Federal Bar Association Appellate Practice Seminar, and the N.I.T.A. Appellate Advocacy Seminar and Fifth Circuit Bar Association Appellate Practice Seminars (1991-1999). He has served as an adjunct professor at Hastings College of Law and an instructor in Appellate Advocacy at the United States Attorney General's Advocacy Institute (1980-1989).

Mr. Svetcov is also active in community affairs. He has been a member of the San Francisco Jewish Community Relations Council since 1982, its president from 1991-1992, and during the years 1993-1995, he also served on the Northern California Hillel Council.

**BONNY E. SWEENEY** is a partner in the San Diego office of Coughlin Stoia, where she specializes in antitrust and unfair competition class action litigation. She is currently Chair of the Antitrust and Unfair Competition Law Section of the State Bar of California and has served on the Executive Committee of the Section since 2002. In 2007, Ms. Sweeney was honored by *Competition Law 360* as an "Outstanding Woman" in antitrust.

Ms. Sweeney is co-lead counsel in several multi-district antitrust class actions pending in federal courts around the country, including *In re Payment Card Interchange Fee and Merch. Disc. Antitrust Litig.* (E.D.N.Y.), *In re Carbon Black Antitrust Litig.* (D. Mass.), and *In re Currency Conversion Fee Antitrust Litig.* (S.D.N.Y.), and serves on the Plaintiffs' Executive Committee in *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.* (N.D. Cal.). In *Currency Conversion*, Bonny helped recover $336 million for class members through a proposed settlement that is awaiting approval

from the federal court. In *DRAM*, the federal court recently approved settlements totally more than $300 million.

Ms. Sweeney was one of the trial lawyers in *Law v. NCAA/Hall v. NCAA/Schreiber v. NCAA* (D. Kan.), in which the jury awarded more than $70 million to three classes of college coaches. She has participated in the successful prosecution and settlement of numerous other antitrust and unfair competition cases, including *In re LifeScan, Inc. Consumer Litig.* (N.D. Cal.), which settled for $45 million; the Bank Privacy Cases (Cal. Super. Ct., San Francisco County), which resulted in better bank privacy policies, funding to non-profit groups advocating for privacy rights, and benefits to credit cardholders, *In re NASDAQ Market-Makers Antitrust Litig.* (S.D.N.Y.), which settled for $1.027 billion, and *In re Airline Ticket Commc'n Antitrust Litig.* (D. Minn.), which settled for more than $85 million.

In 2003, Ms. Sweeney was honored with the Wiley M. Manuel Pro Bono Services Award and the San Diego Volunteer Lawyer Program Distinguished Service Award for her work on behalf of welfare applicants in *Sanchez v. County of San Diego*. In addition to her service for the Antitrust and Unfair Competition Law Section, Ms. Sweeney contributes to legal education by speaking on antitrust topics, California's unfair competition law, and complex litigation matters. She also has published articles and testified before the California Judiciary Committee on these topics.

Ms. Sweeney graduated *summa cum laude* from Case Western Reserve University School of Law in 1988, where she served as editor of the *Law Review* and was elected to the Order of the Coif. She earned a Master of Arts degree from Cornell University in 1985, a Chinese Language Certificate from the Beijing Language Institute in 1982, and a Bachelor of Arts degree from Whittier College in 1981.

A litigator since 1988, Ms. Sweeney is admitted to practice in California and Massachusetts, and is a member of the Antitrust Section of the American Bar Association and the Antitrust and Unfair Competition Law Section of the California Bar Association.

**SUSAN GOSS TAYLOR** graduated from Pennsylvania State University in 1994 with a double major in International Politics and Russian. She earned her Juris Doctor degree from The Catholic University of America, Columbus School of Law in 1997. While in law school she was a member of the Moot Court team and was a student attorney in the D.C. Law Students in Court Program, where she was responsible for defending juveniles and indigent adults in criminal proceedings. Ms. Taylor was admitted to the Bar in California in 1997.

Ms. Taylor served as a Special Assistant United States Attorney for the Southern District of California where she obtained considerable trial experience prosecuting drug smuggling and alien smuggling cases.

Ms. Taylor entered private practice in 1999, initially focusing on antitrust and consumer fraud class actions. Ms. Taylor has served as counsel on the Microsoft antitrust litigation and the DRAM antitrust litigation, as well as on a number of consumer actions alleging false and misleading advertising and unfair business practices against major corporations such as General Motors, Saturn, Mercedes-Benz USA, LLC, BMG Direct Marketing, Inc., and Ameriquest Mortgage Company. As a partner with Coughlin Stoia, Ms. Taylor has been responsible for prosecuting securities fraud class actions and has obtained recoveries for investors in litigation involving WorldCom and Qwest.

Ms. Taylor is a member of the California Bar Association, the San Diego County Bar Association, the American Bar Association, Consumer Attorneys of San Diego, and

Lawyer's Club. She also is an active member of the Junior League of San Diego.

**DAVID C. WALTON** earned his Bachelor of Arts degree in Accounting from the University of Utah and his Juris Doctor degree from the University of Southern California Law Center in 1993. He was a staff member of the *Southern California Law Review* and a member of the Hale Moot Court Honors Program.

Mr. Walton is a member of the Bar of California, a Certified Public Accountant (California 1992), a Certified Fraud Examiner, and is fluent in Spanish. Mr. Walton focuses on class actions and private actions on behalf of defrauded investors, particularly in the area of accounting fraud. He has investigated and participated in the litigation of many large accounting scandals, including Enron, WorldCom, Qwest Communications, AOL Time Warner, Krispy Kreme, Informix, HealthSouth, Dynegy, Dollar General and numerous companies implicated in stock option backdating. In 2003-2004, Mr. Walton served as a member of the California Board of Accountancy, which is responsible for regulating the accounting profession in California.

**DOUGLAS WILENS** earned his Bachelor of Science degree in Accounting from the University of Florida. He graduated with honors from the University of Florida College of Law where he received a "Book Award" for the highest grade in his class for Legal Drafting. Mr. Wilens is licensed to practice law in the state courts of Florida and New York, as well as in the Eleventh Circuit Court of Appeals and the United States District Courts for the Southern and Eastern Districts of New York and the Southern, Middle, and Northern Districts of Florida.

Prior to joining Coughlin Stoia, Mr. Wilens was an associate in the Boca Raton office of Cauley Geller where he was involved in all aspects of class litigation, including the prosecution of

claims of securities fraud, claims of breach of fiduciary duty related to change-of-control transactions, and consumer protection actions. Prior to joining Cauley Geller, Mr. Wilens was an associate in the New York office of Proskauer Rose LLP, a nationally recognized firm, where he litigated complex actions on behalf of numerous professional sports leagues, including the National Basketball Association, the National Hockey League and Major League Soccer.

Mr. Wilens is or has been a member of the American Bar Association, New York City Bar Association, Broward County Bar Association, Sports Lawyers Association and the Florida Bar Section on Entertainment and Sports Law. Mr. Wilens has also served as an adjunct professor at Florida Atlantic University and Nova Southeastern University where he has taught undergraduate and graduate level Business Law classes.

**SHAWN A. WILLIAMS** earned his Bachelor of Arts degree in English from the State University of New York at Albany in 1991. He earned his Juris Doctor degree from the University of Illinois College of Law in 1995. Upon graduation from law school, he served as an Assistant District Attorney in the Manhattan District Attorney's Office (1995-2000), where he spent four years in the trial division, prosecuting all levels of street crimes, and one year conducting white-collar fraud investigations.

Mr. Williams' practice focuses on class action securities fraud matters. He is admitted to practice in all courts of the State of New York, including the United States District Courts for the Southern and Eastern Districts of New York. Mr. Williams is also admitted to practice in all courts of the State of California and the United States Court of Appeals for the Ninth Circuit.

**DEBRA J. WYMAN** was born in La Mesa, California in 1967. Ms. Wyman specializes in securities litigation and has litigated numerous cases against public companies in the state and federal courts which resulted in hundreds of millions of dollars in recoveries to investors. In late 2004, Ms. Wyman was a member of the trial team in *In re AT&T Corp. Sec. Litig.*, which was tried in the District Court in New Jersey, and which settled after two weeks of trial for $100 million. Currently, Ms. Wyman is litigating the complicated accounting fraud matter against HealthSouth Corporation, one of the largest and long-running corporate frauds in history.

Ms. Wyman received her Bachelor of Arts degree from the University of California, Irvine in 1990 and her Juris Doctor degree from the University of San Diego School of Law in 1997. Ms. Wyman was admitted to the California Bar in 1997 and is licensed to practice before all the California State Courts, as well as all the United States District Courts in California and the Eleventh Circuit Court of Appeals. She is a member of the California Bar Association and the San Diego County Bar Association.

## OF COUNSEL

**CAMERON BAKER** joined the firm as Of Counsel in November of 2005. Since then, he has focused on securities class actions. Mr. Baker currently serves as one of the lead attorneys for the class in *Jaffe v. Household International, Inc.*, Lead Case No. 02-C-5893 (N.D. Ill.).

Prior to joining the Firm, Mr. Baker was an Assistant City Attorney for the City and County of San Francisco. In this capacity, he represented San Francisco in a number of significant and intriguing cases. His first case at the City Attorney's office was the tobacco litigation brought by the city under California Business and Profession Code section 17200. After the settlement of that case, he represented the city in similar suits against the firearms industry and the energy industry. Subsequently, when PG&E declared

bankruptcy, Mr. Baker represented the city in the PG&E bankruptcy trial before Judge Dennis Montali as well as related administrative hearings before the California Public Utilities Commission. As a result of this work, which was performed in coalition with other California counties, Mr. Baker received litigation awards from the California County Counsel Association.

While at the City Attorney's office, Mr. Baker also represented the city in two personal injury trials and represented the San Francisco Unified School District in a class action case brought under the ADA.

Prior to joining the City Attorney's office, Mr. Baker was an associate at Morrison & Foerster LLP (1996-1998) and Brobeck, Phleger & Harrison LLP (1991-1996). His practice at these firms focused on intellectual property litigation, although it included various other litigation. He graduated from Boalt Hall School of Law in 1991.

**ELISABETH A. BOWMAN** practice areas include class action consumer protection and antitrust. In addition, Ms. Bowman oversees and assists in the preparation of Coughlin Stoia's litigation graphics.

Ms. Bowman assisted in the successful prosecution of the following trials: *Long v. Wells Fargo Co.; Yourish v. Ca. Amplifier; In re Helionetics, Inc. Sec. Litig.; Schwartz v. Visa; Douglas Shooker v. Gary Winnick*; and *In re AT&T Corp. Sec. Litig.*

Ms. Bowman received her Bachelor of Fine Arts degree from the University of Alaska at Anchorage in 1986. She majored in Fine Arts and Psychology. While a student at the U of A, she received a grant from the Ford Foundation to participate in the artists in residency program at the Visual Arts Center, Alaska. Ms. Bowman received her Juris Doctor degree from the University of San Diego in 1989. During the summer of 1987, she attended USD's

Institute on International and Comparative Law in Oxford, England.

Ms. Bowman was in private practice as a criminal defense attorney for eight years, handling both trials and appeals in state and federal courts. Ms. Bowman is a member of Volunteers in Parole ("VIP"), an organization based on the Big Brothers' paradigm, in which attorneys are matched with parolees from the California Youth Authority in an effort to offer positive mentoring. She also served on VIP's local and state-wide boards.

Ms. Bowman is a member of the California Bar (1990), and is admitted to the Supreme Court of the State of California, the United States District Court for the Southern District of California, the United States Court of Appeals for the Ninth Circuit, and the Supreme Court of the United States.

**BRUCE BOYENS** earned his Juris Doctor degree from the University of Kentucky College of Law, while working in various industrial jobs to support his family. He also earned a Certificate in Environmental Policy and Management from Harvard University. Mr. Boyens has served as Of Counsel to the Firm since 2001. A private practitioner in Denver, Colorado since 1990, Mr. Boyens specializes in consulting with labor unions on issues relating to labor and environmental law, labor organizing, labor education, union elections, internal union governance and alternative dispute resolutions.

In this capacity, he was a Regional Director for the International Brotherhood of Teamsters elections in 1991 and 1995. He developed and taught collective bargaining and labor law courses for the George Meany Center, the United Mine Workers of America, Transportation Workers Local 260, the Kentucky Nurses Association, among others. Previously, he was an Attorney Instructor at the University of Tennessee Legal Clinic in Knoxville, Tennessee (1977-1978) and an

Assistant Professor at the West Virginia Institute of Technology in Montgomery, West Virginia (1975).

He served as a special arbitrator of securities fraud claims in Kentucky in the matter of *SEC v. Prudential Sec., Inc.*, (D. D.C.) Case No. 93-2164 (1993).

He served as the Western Regional Director and Counsel for the United Mine Workers from 1983-1990, where he was the chief negotiator in over 30 major agreements for the United Mine Workers, and represented the United Mine Workers in all matters before the National Labor Relations Board. From 1973-1977, he served as General Counsel to District 17 of the United Mine Workers Association and also worked as an underground coal miner during that time.

From 1978-1982, he served as the Assistant Regional Director/Inspection and Enforcement (Kentucky, Tennessee, Alabama and Georgia) for the United States Department of the Interior, Office of Surface Mining in Knoxville, Tennessee.

He has authored several articles in the areas of labor and environmental law, including: *Development of Foreign Coal by American Companies*, The National Coal Issue, West Virginia Law Review (Spring 1985), *Export of Coal, Jobs and Capital and Its Effects on the American Coal Industry*, Ninth Annual Seminar in Mineral Law, University of Kentucky College of Law (October 1984), and the *Guide to Black Lung Benefits* (December 1972). He has served as a member of the Editorial Board of the *Journal of Mineral Law & Policy*, University of Kentucky College of Law, from 1988-1999.

He is a member of the Tennessee and West Virginia Bars.

**JAMES CAPUTO** has focused his practice on the prosecution of complex litigation involving securities fraud and corporate misfeasance, consumer actions, unfair business practices, contamination and toxic torts, and employment and labor law violations. He has successfully served as lead or co-lead counsel in numerous class and consumer action litigation matters, including, for example: *In re S3 Sec. Litig.*, Case No. CV770003 (Cal. Super. Ct., Santa Clara County); *Santiago v. Kia Motors Am.*, Case No. 01CC01438 (Cal. Super. Ct., Orange County); Case No. 0988 MJJ (N.D. Cal.); *In re Fleming Co. Sec. Litig.*, Case No. 5:02-CV-178 (TJW) (E.D. Tex.); *In re Capstead Mortgage Corp. Sec. Litig.*, Case No. 3:98-CV-1716 (N.D. Tex.); *In re Valence Tech. Sec. Litig.*, Case No. C95-20459 (JW)(EAI) (N.D. Cal.); *In re THQ, Inc. Sec. Litig.*, Master File No. CV-00-01783-JFW (C.D. Cal.); and *In re ICN Pharm. Corp. Sec. Litig.,* Case No. CV-98-02433 (C.D. Cal.).

Mr. Caputo was formerly a partner at Spector Roseman & Kodroff.  He was one of the trial counsels in the year-long trial of *Newman v. Stringfellow*, a toxic exposure case involving nearly 4,000 plaintiffs.  That case ultimately settled for approximately $110 million. He was co-trial counsel in an employment law class action against Taco Bell, which settled for $14 million.

Mr. Caputo received a Bachelor of Science degree from the University of Pittsburgh in 1970 and a Masters degree from the University of Iowa in 1975.  In 1984, he received his Juris Doctor degree, *magna cum laude*, from California Western School of Law, where he served as Editor-In-Chief of the *International Law Journal*.  He also clerked for Presiding Justice Daniel J. Kremer of the California Court of Appeal from 1985-1987 and to Associate Justice Don R. Work of the California Court of Appeal from 1984-1985.  He has co-authored *No Single Cause: Juvenile Delinquency and the Search for Effective Treatment* (1985) and authored Comment, *Equal Right of Access in Matters of Transboundary Pollution: Its Prospects in Industrial and Developing Countries*, 14 Cal. West. Intl. L. J. 192 (1984). Mr. Caputo has also numerous presentations to

various legal and professional groups regarding complex and class action litigation.

He is admitted to practice in the State of California and the United States District Courts for the Southern, Central and Northern Districts of California as well as numerous other jurisdictions. Mr. Caputo is a member of the San Diego County and American Bar Associations, the Consumer Attorneys of California, and the Association of Trial Lawyers of America.

**L. THOMAS GALLOWAY** received a Bachelor of Arts degree in History/Latin from Florida State University and received his Juris Doctor degree from the University of Virginia Law School in 1972, where he was a member of the Editorial Board of the *University of Virginia Law Review*.

Mr. Galloway is the founding partner of Galloway & Associates, a law firm that concentrates in the representation of institutional investors – namely, public and multi-employer pension funds.

Mr. Galloway has authored several books and articles, including: *The American Response to Revolutionary Change: A Study of Diplomatic Recognition* (AEI Institute 1978); *America's Energy: Reports from the Nation* (Pantheon 1980); Contributor, *Coal Treatise* (Matthew Bender 1981); Contributor, *Mining and the Environment: A Comparative Analysis of Surface Mining in Germany, Great Britain, Australia, and the United States*, 4 Harv. Envtl. L. Rev. 261 (Spring 1980); *A Miner's Bill of Rights*, 80 W. Va. L. Rev. 397 (1978); and Contributor, *Golden Dreams, Poisoned Streams* (Mineral Policy Center Washington D.C. 1997).

Mr. Galloway represents and/or provides consulting services for the following: National Wildlife Federation, Sierra Club, Friends of the Earth, United Mine Workers of America, Trout Unlimited, National Audubon Society, Natural Resources Defense Council, German Marshal Fund, Northern Cheyenne Indian Tribe and Council of Energy Resource Tribes. He is a member of the District of Columbia and Colorado State Bars.

**BYRON S. GEORGIOU** received his Bachelor of Arts degree with Great Distinction and with Honors in Social Thought and Institutions, from Stanford University in 1970 attending on an Alfred P. Sloan full academic scholarship. After a year co-founding and teaching 7th and 8th graders at the Mariposa School, which has thrived for 35 years as an alternative primary through middle school in rural Mendocino County, he attended Harvard Law School, graduating *magna cum laude* in 1974. He was admitted to the California Bar in 1974 and served for one year as law clerk to the Honorable Robert F. Peckham, Chief Judge of the United States District Court for the Northern District of California. He is a member of the Bar of the United States Supreme Court, the United States Court of Appeals for the Ninth Circuit and the United States District Courts for the Northern, Eastern, Central and Southern Districts of California.

Mr. Georgiou served from 1975-1980 in various capacities with the California Agricultural Labor Relations Board, defending the constitutionality of the law up through the United States and California Supreme Courts, and prosecuting unfair labor practice cases enforcing the collective bargaining rights of farm workers, who had been excluded from labor protection under the National Labor Relations Act.

From 1980-1983, Mr. Georgiou served as Legal Affairs Secretary to California Governor Edmund G. Brown Jr., responsible for litigation by and against the Governor, judicial appointments, liaison with the Attorney General, Judiciary and State Bar, legal advice to the Governor and members of his Cabinet, and exercise of the Governor's powers of extradition and clemency.

From 1983-1994, he was Managing Partner and co founder of the San Diego law firm of Georgiou, Tosdal, Levine & Smith, a general civil practice, with emphasis on litigation, appearances before executive and legislative governmental bodies, and representation of labor organizations and their members, including contract negotiations and enforcement for many California public and private sector labor organizations.

In 1994, he co-founded and served as President of American Partners Capital Group, concentrating on serving the needs of institutional investors through capital formation programs in a variety of alternative asset categories.

In 1981, Mr. Georgiou was honored as Public Official of the Year by the California Trial Lawyers Association and served as Chair of the Governor's Task Force on Alcohol, Drugs and Traffic Safety, one of the nation's first vehicles for enacting tough drunk driver legislation, sponsored by the Mothers Against Drunk Driving (MADD).

Mr. Georgiou has been with the Firm since 2000 and serves as the primary liaison with a number of the Firm's principal institutional clients and has been actively involved in the historic litigations seeking recoveries for defrauded investors in *Enron, Dynegy, AOL Time Warner* and *WorldCom.*

**MITCHELL D. GRAVO** concentrates his practice in lobbying and government relations. He represents clients before the Alaska Congressional delegation, the Alaska Legislature, the Alaska State Government and the Municipality of Anchorage.

Mr. Gravo attended Ohio State University as an undergraduate before attending the University of San Diego School of Law. He came to Alaska in 1977, served briefly as an intern with the Municipality of Anchorage and then clerked a year for Superior Court Judge J.

Justin Ripley. After his clerkship with Judge Ripley, he went back to the work for the Municipality of Anchorage, where he first served as the executive assistant to the Municipal Manager and then as the first lobbyist for the then Mayor of Anchorage, George M. Sullivan. Mr. Gravo has been described as one of the "top lobbyists in the state" by Alaska's major daily newspaper, *The Anchorage Daily News.*

His legislative clients include the Anchorage Economic Development Corporation, the Anchorage Convention and Visitors Bureau, UST Public Affairs, Inc., the International Brotherhood of Electrical Workers, Alaska Seafood International, Distilled Spirits Council of America, RIM Architects, Anchorage Police Department Employees Association, Fred Meyer and the Automobile Manufacturer's Association.

**ALBERT H. MEYERHOFF** has concentrated his practice for more than 30 years in labor, civil rights and environmental law. After graduating from Cornell Law School in 1972, he joined California Rural Legal Assistance representing farm workers and the rural poor. These efforts included the landmark case of *CAAP v. Regents of the University of California,* challenging the use of public research funds to promote agricultural mechanization. He also litigated a host of state and federal civil rights cases involving racial discrimination in employment, voting and public education, including *Maria P. v. Riles,* invalidating a California statute excluding undocumented children from California schools. In 1981, Mr. Meyerhoff joined the Natural Resources Defense Council (NRDC), a national environmental organization, as Director of their Public Health Program. His concentration is in litigation concerning toxic substances and occupational health has and brought successful challenges to the continued use of cancer-causing pesticides (*Les v. Reilly),* the exclusion of women of "child-bearing age" from the workplace (*Love v. Thomas),* and the California

Governor's failure to comply with Proposition 65, an anti-toxics law (*AFL-CIO v. Deukmejian*). During his 17 years with NRDC, Mr. Meyerhoff testified more than 50 times before the United States Senate and House of Representatives.

Mr. Meyerhoff has authored numerous articles for scholarly and general publications, including the *Stanford Law Review*, *EPA Journal*, *Environmental Law Quarterly*, *The New York Times*, *The Washington Post* and *Los Angeles Times*. He has appeared regularly on such programs as CBS News 60 Minutes, ABC 20/20, NBC Dateline, Good Morning America, The Today Show and The NewsHour with Jim Lehrer, and has been an invited speaker at the Harvard Business School, the National Academy of Sciences, the American Academy of Sciences and the AFL-CIO.

Since 1998, Mr. Meyerhoff has been lead counsel in several labor and environmental cases, including *UNITE v. The Gap*, contesting the sale of garments manufactured under sweatshop conditions in the Commonwealth of the Mariana Islands, and *Public Citizen v. U.S. D.O.T.*, challenging cross-border trucking from Mexico to conform to NAFTA but in violation of United States environmental laws.

Mr. Meyerhoff was selected as "Trial Lawyer of the Year" by Trial Lawyers for Public Justice and for a lifetime achievement award from the ACLU.

**JACQUELINE E. MOTTEK** received her Bachelor of Science degree in Government and Politics, *cum laude*, from the University of Maryland, College Park in 1979. Ms. Mottek obtained her Juris Doctor degree in 1986 from the University of San Francisco School of Law, where she was a recipient of the American Jurisprudence Award in Constitutional Law and a member of the *University of San Francisco's Law Review*.

Ms. Mottek was associated with the law firm Brobeck Phleger & Harrison from 1987-1994. In 1994, Ms. Mottek served as sole chair in a jury trial resulting in a verdict in favor of her clients of $1 million. In 1994, Ms. Mottek became a partner with the firm Lieff Cabraser Heimann & Bernstein, concentrating her practice in plaintiffs' class actions with an emphasis on consumer fraud litigation and other complex business litigation for plaintiffs. She successfully prosecuted a certified class action on behalf of physicians who provided medical services to Blue Cross of California HMO members. She is the author of *The Impact of Classwide Arbitration on Mandatory Arbitration*, Vol. 1, No. 13, Class Action Litigation Report, (October 27, 2000).

Prior to joining Coughlin Stoia, Ms. Mottek prosecuted consumer fraud class actions. She serves as co-lead counsel in several consumer class actions, including *Tenet HealthCare Cases II*, JCCP No. 4285, pending before the Los Angeles Superior Court, and as co-lead counsel and a member of the executive committee of the *Cellphone Termination Fees Litig.*, JCCP 4332, pending before the Superior Court of Alameda County. She is also a senior litigator in *Spielholz v. LA Cellular, Inc.*, Case No. BC186787 (resulting in the published opinion *Spielholz v. Super. Ct.*, 86 Cal. App. 4th 1866 (2001), granting a petition for a writ of mandamus she drafted in a question of first impression in California); in the matters coordinated before the federal court in the Northern District of Illinois, styled *In re Owen Fed. Bank Mortgage Servicing Litig.*, MDL No. 1604; and as counsel in *Paton v. Cingular Wireless*, Case No. CGC-04-428855, in the Superior Court of San Francisco.

**LEONARD B. SIMON** is admitted to practice in California, New York, and the District of Columbia.

Mr. Simon's practice has been devoted heavily to litigation in the federal courts, including both the prosecution and the defense of major class actions and other complex litigation in the securities and antitrust fields. He has also handled a substantial number of complex

appellate matters, arguing cases in the United States Supreme Court, several federal Courts of Appeal, and several California appellate courts. He has also represented large, publicly traded corporations.

Mr. Simon served as plaintiffs' co-lead counsel in *In re Am. Cont. Corp./Lincoln Savings & Loan Sec. Litig.*, MDL No. 834 (D. Ariz.) (settled for $240 million), and *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.) (settled for more than one billion dollars). He is currently in a leadership position in the private Microsoft Antitrust Litigation, and in the California Utilities Antitrust Litigation. He was centrally involved in the prosecution of *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551(D. Ariz.), the largest securities class action ever litigated.

Mr. Simon is an Adjunct Professor of Law at Duke University, the University of San Diego, and the University of Southern California Law Schools. He has lectured extensively on securities, antitrust and complex litigation on programs sponsored by the ABA Section of Litigation, the Practising Law Institute, and ALI-ABA, and at UCLA Law School, University of San Diego Law School, and Stanford Business School. He is an Editor of California Federal Court Practice, and has authored a law review article on the Private Securities Litigation Reform Act of 1995.

Mr. Simon received his Bachelor of Arts degree from Union College in 1970 and his Juris Doctor degree from Duke University School of Law, Order of the Coif and with distinction, in 1973. He served as law clerk to the Honorable Irving Hill, United States District Judge for the Central District of California, in 1973-1974.

**SANDRA STEIN** received her Bachelor of Science degree from the University of Pennsylvania and a Juris Doctor degree from Temple University Law School. She is a member of the bar in Pennsylvania and Washington, D.C. Ms. Stein concentrates her practice in securities class action litigation, legislative law, and antitrust litigation. She served as Counsel to United States Senator Arlen Specter (Pennsylvania). Ms. Stein currently serves as Vice President to the Institute for Law and Economic Policy, a think tank which develops policy positions on selected issues involving the administration of justice within the American Legal System. In addition, Ms. Stein serves on the Board of Advisors of the Annenberg Institute of Public Service at the University of Pennsylvania. Ms. Stein was the recipient of the National Federation of Republican Women's "Best of America" award and has been honored by the White House, California State Senate, and California State Assembly for civic leadership.

In a unique partnership with her daughter, Laura Stein, an attorney at Coughlin Stoia, the Steins serve as two of the top asset recovery attorneys in the Firm. The Steins focus on maximizing profits and minimizing losses to shareholders due to corporate fraud and breaches of fiduciary duty. They also seek to deter future violations of federal and state securities laws by reinforcing the standards of good corporate governance. They work with over 500 Institutional Investors across the nation. Some of their clients have led cases against the following companies with great success: AOL Time Warner, TYCO, Cardinal Health, AT&T, Hanover Compressor and First Bancorp, to name a few.

Ms. Stein has been active in a number of organizations, including the National Association of Shareholder and Consumer Attorneys (NASCAT), National Association of State Treasurers (NAST), the AFL-CIO Lawyers Coordinating Committee, the National Coordinating Committee for multi-employer Plans (NCCMP), and the International Foundation for Employer Benefit Plans (IFEBP), among others.

Ms. Stein has addressed the National Association of Auditors, Controllers and

Treasurers on the subject of corporate governance and its role as a positive force in future class action securities settlements. She has also spoken before numerous AFL-CIO conventions and dozens of public and multi-employer pension funds.

## SPECIAL COUNSEL

**SUSAN K. ALEXANDER** graduated with honors from Stanford University in 1983 and earned her Juris Doctor degree from the University of California, Los Angeles in 1986. Ms. Alexander joined the Appellate Practice Group at the Firm in 2000, focusing on federal and state appeals of securities fraud class actions. Ms. Alexander has argued on behalf of defrauded investors in the Fifth, Ninth, and Tenth Circuits. Representative results include *Pirraglia v. Novell, Inc.*, 339 F.3d 1182 (10th Cir. 2003) (reversal of district court dismissal of securities fraud complaint), and *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249 (5th Cir. 2005) (reversal of district court dismissal of securities fraud complaint).

Ms. Alexander's prior appellate work was with the California Appellate Project ("CAP"), where she prepared appeals and petitions for writs of *habeas corpus* on behalf of individuals sentenced to death, as well as supervising private attorneys in their preparation of appeals and *habeas corpus* petitions. At CAP, and subsequently in private practice, Ms. Alexander litigated and consulted on death penalty direct and collateral appeals for 10 years. Representative results include *In re Brown*, 17 Cal. 4th 873 (1998) (reversal of first degree murder conviction, special circumstance finding, and death penalty), and *Odle v. Woodford*, 238 F.3d 1084 (9th Cir. 2001) (remand of death penalty conviction for retrospective competency hearing). Ms. Alexander was previously associated with Bronson, Bronson & McKinnon, where she litigated professional malpractice and product liability cases on behalf of attorneys, doctors,

and automobile manufacturers, including defense verdicts in two jury trials.

Ms. Alexander is a member of the Bars of the State of California, the United States Supreme Court, the Court of Appeals, Fifth, Ninth, and Tenth Circuits, and the United States District Court, Northern, Central, Eastern and Southern Districts of California. Ms. Alexander is also a member of the Federal Bar Association, Appellate Division and the Appellate Practice Section of the Bar Association of San Francisco.

Ms. Alexander is married with three teenage children.

**BRUCE GAMBLE** is a member of the Firm's institutional investor client services group. He serves as liaison with the Firm's institutional investor clients in the United States and abroad, advising them on securities litigation matters. He formerly served as Of Counsel to the Firm, where he worked with the institutional investor client services group, providing a broad array of highly specialized legal and consulting services to public retirement plans. Prior to that, he was General Counsel and Chief Compliance Officer for the District of Columbia Retirement Board, where he served as Chief Legal Advisor to the Board of Trustees and staff. His experience also includes the following positions: President and CEO of the National Association of Investment Companies, representing general partners of private equity firms in the United States; Staff Director and Counsel to a Small Business Subcommittee in the United States House of Representatives, where he executed a strategy for the Subcommittee's oversight jurisdiction over federal programs that promoted business development and access to capital and credit; and Chief Legislative Advocate, and then President and In-House Counsel to the National Bankers Association in Washington, D.C., where he served as principal liaison with federal financial institutions' supervisory agencies and the United States Congress. He

also served in several senior staff positions on Capitol Hill.

Mr. Gamble received his Bachelor of Science degree in Economics from the University of Louisville, and his Juris Doctor degree from Georgetown University Law Center. He formerly served as a member of the Executive Board and co-chair of the investment section of the National Association of Public Pension Attorneys (NAPPA), a professional and educational organization whose membership consists exclusively of attorneys who represent public pension funds. He frequently participates as a speaker for various organizations serving United States and international public pension plans.

He is admitted to practice in New York, the District of Columbia, Pennsylvania, and the United States Supreme Court.

THE HONORABLE LAWRENCE IRVING joined the firm in 2006 as special counsel to the Firm, advising the Firm's institutional investor clients regarding securities matters, including litigation and settlements, and acting as the firm's liaison with The Regents of the University of California – the lead plaintiff in the *Enron* securities class action. Previously, Judge Irving was appointed by Judge Barbara Lynn as *Guardian ad Litem* for the investor class in the *Halliburton* securities case, to review and report to the court on the fairness of the proposed settlement.

Judge Irving received his B.S. in Business Administration and his L.L.B. from the University of Southern California. For many years, Judge Irving was a leading trial lawyer in San Diego. He was elected a Fellow in the prestigious American College of Trial Lawyers and was President of the San Diego Chapter of the American Board of Trial Advocates. He was appointed to the Federal Bench in San Diego in 1982, having received an Exceptionally Well Qualified rating by the American Bar Association. He presided over numerous high-profile criminal and civil trials, including a five-month jury trial in the *Nucorp* securities class action.

Judge Irving resigned from the Federal Bench in 1990 because of his stance against Federal Sentencing Guidelines and Minimum Mandatory Sentencing laws. He received numerous awards for his judicial service, including awards from such diverse groups as the FBI and ACLU.

Judge Irving has mediated many high profile cases since 1991, including numerous large class action securities cases. According to the *Los Angeles Daily Journal*, Judge Irving is one of the most sought after mediators/arbitrators in California. Judge Irving successfully mediated the resolution of actions against the following companies: Lincoln Savings & Loan (D. Ariz.); Coeur d'Alene (D. Colo.); Morrison Knudsen (D. Idaho & Del.); Sensormatic (D. Fla.); ADM Archer Daniels Midland (D. Ill.); Hollywood Park, LA Gear, Occidental, Lockheed, Clothestime, Great Western Savings, Pacific Enterprises, Toyota, Venture Entertainment and Ascend (C.D. Cal.); Pioneer Mortgage, National Health Labs and Proxima (S.D. Cal.); Ross Systems, Resound, Insignia Solutions, IMP, Informix and Leasing Solutions (N.D. Cal.); Salomon Bros., Woolworth Corporation and Standard Microsystems (S.D. N.Y.); and Washington Mutual, Foodmaker, Mercer Ind., Price Costco, Gensia and Midcom Communications (D. Wash.). In addition, Judge Irving also mediated the $2.2 billion settlement in the *Enron* securities litigation with defendant J.P. Morgan (S.D. Tex.).

Judge Irving has served as chair and a member of numerous Judicial Selection Committees, including as Chair of former California Governor Pete Wilson's San Diego Superior Courts Committee, Chair of Senator Barbara Boxer's Southern California Federal Judicial and United States Attorneys Selection Committee, Chair of several San Diego United States Magistrate Judicial Selection

committees, and currently serves on President Bush's Southern California Federal Judicial and United States Attorney Selection Committee.

Judge Irving has received several awards, including the following: 1990 Trial Judge of the Year – San Diego Trial Lawyers, 1990 Annual Award of San Diego Defense Lawyers (Civil), 1990 Criminal Defense Lawyers' Club of San Diego, "Extraordinary Abilities as a Federal District Judge," 1990 San Diego Press Club – Headliner Law and Justice, 2001 Witkin Award, and 2002 San Diego Bar Association Outstanding Service Award. Judge Irving is also a member of many Professional Associations including: Fellow, American College of Trial Lawyers; Fellow, American Bar Foundation; American Board of Trial Advocates (President San Diego Chapter 1972); San Diego County Bar Association (Board of Directors 1972-1975, Vice President 1975, and Treasurer 1974).

Judge Irving will continue to serve as mediator in certain cases and will continue his *pro bono* activities on behalf of significant causes.

**RUBY MENON** received her Bachelor of Arts degree in Journalism/English and her Juris Doctor degree from Indiana University. Her practice focuses on providing a variety of legal services to individual and institutional investors, which include public pension funds both in the United States and abroad. Ms. Menon is a member of the Firm's advisory team and serves as a liaison between the Firm and its individual and institutional investor clients. She provides a broad array of highly specialized legal and consulting services to retirement plans and individual investors.

Ms. Menon was the first general counsel of the Denver Employees' Retirement Plan, providing all legal services to the members of the Retirement Board and staff. Prior to that, she was the general counsel for the Indiana Public Employees' Retirement Fund. At Indiana, one of her successful projects was to help develop the legal strategy and advocacy for the State's

Referendum lifting the long-standing prohibitions on the pension funds' investment in equity instruments.

As general counsel for two large multi-employee retirement plans, Ms. Menon developed expertise in many areas of employee benefits administration, including legislative and regulatory affairs, investments, tax, fiduciary compliance and plan administration. She provided day-to-day legal advice to the Board and staff, and was responsible for drafting all legislative initiatives involving benefit and investment structure, enabling the retirement plans to provide secure long-term benefits for state, public safety and municipal employees.

Ms. Menon also served as a Deputy Prosecuting Attorney for the Marion County Prosecutor's Office in Indianapolis, Indiana. In addition, she was an adjunct professor for the Indiana Wesleyan University in Indianapolis, Indiana, where she taught law, ethics and communication.

She is a frequent instructor for several certificate and training programs for trustees, administrators, and other key decision makers of employee benefit plans. She frequently participates as a speaker for various organizations serving United States and international public pension plans.

Ms. Menon's bar affiliations and court admissions include: District of Columbia; New York; Colorado; Indiana; and the United States Supreme Court.

## FORENSIC ACCOUNTANTS

**R. STEVEN ARONICA** is a Certified Public Accountant licensed in the States of New York and Georgia and is a member of the American Institute of Certified Public Accountants, the Institute of Internal Auditors and the Association of Certified Fraud Examiners. He has been employed in the practice of

accounting for 25 years, including: (1) public accounting where he was responsible for providing clients with a wide range of accounting and auditing services; (2) private accounting with Drexel Burnham Lambert, Inc., where he held positions with accounting and financial reporting responsibilities as a Vice President; and (3) various positions with the United States Securities and Exchange Commission ("SEC"). Mr. Aronica has extensive experience in securities regulation and litigation. At the SEC, Mr. Aronica reviewed and analyzed financial statements and related financial disclosures contained in public filings for compliance with generally accepted accounting principles, generally accepted auditing standards, and the accounting and auditing rules, regulations and policies of the SEC. Mr. Aronica was also an Enforcement Division Branch Chief, responsible for managing a group of investigators and accountants who initiated, developed and executed numerous investigations involving financial fraud, accounting improprieties and audit failures. Mr. Aronica has been instrumental in the prosecution of numerous financial and accounting fraud civil litigation claims against companies which include Lucent Technologies, Oxford Health Plans, Computer Associates, Aetna, WorldCom, Tyco, Vivendi, AOL Time Warner, Ikon, Thomas & Betts, InaCom and Royal Ahold. In addition, Mr. Aronica helped prosecute numerous claims against each of the major United States public accounting firms.

**ANDREW J. RUDOLPH** is a Certified Fraud Examiner and a Certified Public Accountant licensed to practice in California. He is an active member of the American Institute of Certified Public Accountants, California's Society of Certified Public Accountants, and the Association of Certified Fraud Examiners. His 20 years of public accounting, consulting and forensic accounting experience includes financial fraud investigation, auditor malpractice, auditing of public and private companies, business litigation consulting, due

diligence investigations and taxation. Mr. Rudolph is the National Director of Coughlin Stoia's Forensic Accounting Department, which provides the Firm with in-house forensic accounting expertise in connection with securities fraud litigation against national and foreign companies. Mr. Rudolph is the Director of Forensic Accounting at the Firm and has given numerous lectures and assisted with articles on forensic investigations and financial statement fraud. Mr. Rudolph has directed hundreds of financial statement fraud investigations which were instrumental in the recovered billions of dollars for defrauded investors. Prominent cases include *Qwest*, *HealthSouth*, *WorldCom*, *Boeing*, *Honeywell*, *Vivendi*, *Aurora Foods*, *Informix* and *Platinum Software*.

**CHRISTOPHER YURCEK** is one of the Firm's senior forensic accountants and provides in-house forensic accounting and litigation expertise in connection with major securities fraud litigation. Mr. Yurcek is a Certified Public Accountant with 19 years of accounting, forensic examination and consulting experience in areas including financial statement audit, fraud investigation, auditor malpractice, turn-around consulting, business litigation, and business valuation. Mr. Yurcek is currently responsible for overseeing the firm's forensic accounting investigation in *In re Enron Corp. Sec. Litig*. Mr. Yurcek provides the firm with in-house forensic accounting expertise and directs accounting investigations in connection with well-publicized securities fraud litigation, including cases such as *Enron*, *Vesta*, *Informix*, *Mattel*, *Coca Cola Company* and *Media Vision*. Mr. Yurcek's experience included providing forensic accounting expertise to bankruptcy trustees and audit and accounting services at a national CPA firm. Mr. Yurcek speaks at professional accounting seminars on topics such as financial statement fraud and fraud prevention and has co-authored articles on these subjects. Mr. Yurcek is a member of the American Institute of

Certified Public Accountants and the California
Society of CPAs.