1  MICHAEL L. CHARLSON (Bar No. 122125)
   LAURENCE A. WEISS (Bar No. 164638)
2  ALEXANDER M.R. LYON (Bar No. 211274)
   HELLER EHRMAN LLP
3  275 Middlefield Road
   Menlo Park, California  94025-3506
4  Telephone: (650) 324-7000
   Facsimile: (650) 324-0638
5  Michael.Charlson@hellerehrman.com
   Laurence.Weiss@hellerehrman.com
6  Alexander.Lyon@hellerehrman.com

7  Attorneys for Defendants
   THRESHOLD PHARMACEUTICALS, INC.,
8  HAROLD E. "BARRY" SELICK
   and JANET I. SWEARSON

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                         OAKLAND DIVISION

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated, | Case No.: 4:07-CV-04972-CW |
| | CLASS ACTION |
| Plaintiff, | |
| v. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| THRESHOLD PHARMACEUTICALS, INC., HAROLD E. "BARRY" SELICK and JANET I. SWEARSON | |
| Defendants. | |
| RAYNOLD L. GILBERT, On Behalf of Himself and All Others Similarly Situated, | Hearing Date:   June 12, 2008<br>Hearing Time:   2:00 p.m.<br>Place:          Courtroom 2, 4th Floor<br>Judge:          Hon. Claudia Wilken |
| Plaintiff, | |
| v. | |
| THRESHOLD PHARMACEUTICALS, INC., HAROLD E. "BARRY" SELICK and JANET I. SWEARSON | |
| Defendants. | |

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Threshold Pharmaceuticals, Inc. ("Threshold"), Harold E. "Barry" Selick and Janet I. Swearson (collectively "Defendants") hereby request that the Court take judicial notice of following documents and other evidence referenced in Defendants' motion to dismiss Plaintiffs' Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint" or "AC") filed concurrently herewith. All of the documents and other evidence discussed below have been submitted to the Court as exhibits to the Declaration of Alexander Lyon ("Lyon Dec.").

## I.   DOCUMENTS REFERENCED IN THE COMPLAINT

Defendants request that the Court take judicial notice of the documents listed below on the grounds that they are referenced in the Complaint. Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a motion to dismiss. *See Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994); *DeMarco v. Depotech Corp.,* 149 F. Supp. 2d 1212, 1217-18 (S.D. Cal. 2001). Where a complaint references only excerpts of a document, the Court may consider the entire text. *Cooper v. Pickett,* 137 F.3d 616, 623 (9th Cir. 1997); *Depotech,* 149 F. Supp. 2d at 1217-18.

**Lyon Dec. Ex. A** – The registration statement for Threshold's February 2005 initial public offering, filed with the SEC on February 3, 2005. The document is referenced throughout the Complaint, including at AC ¶¶ 61-74, 80.

**Lyon Dec. Ex. C** – A May 19, 2005, press release issued by Threshold. The document is referenced in the Complaint at AC ¶ 83.

**Lyon Dec. Ex. D** – An article reporting the results of the Bari Study of TH-070, entitled *Clinical Evidence Supporting the Role of Lonidamine for the Treatment of BPH*, by P. Ditonno, M.D., *et al.*, published in Reviews in Urology, Vol. 7, Suppl. 7, 2005. The document is referenced in the Complaint at AC ¶¶ 53 n.3, 66 n.4, 68-69.

**Lyon Dec. Ex. F** – A securities analyst report issued by Fortis Bank on September 20, 2005. The document is referenced in the Complaint at AC ¶ 42.

2

**Lyon Dec. Ex. G –** The registration statement for Threshold's October 2005 follow-on offering, filed with the SEC on October 3, 2005. The document is referenced throughout the Complaint, including at AC ¶¶ 75-78, 81.

**Lyon Dec. Exs. H and I –** An audio recording and certified transcription of a March 1, 2006, investor conference call hosted by Threshold. The Complaint references statements made during this conference call at AC ¶¶ 86-87.

**Lyon Dec. Ex. K –** A May 11, 2006, press release issued by Threshold. The document is referenced in the Complaint at AC ¶ 102.

**Lyon Dec. Exs. L and M –** An audio recording and certified transcription of a May 11, 2006, investor conference call hosted by Threshold. The Complaint references statements made during this conference call at AC ¶¶ 39, 71, 73, 105.

**Lyon Dec. Ex. N –** A July 17, 2006, press release issued by Threshold. The document is referenced in the Complaint at AC ¶ 117.

## II.  DOCUMENTS NOT CITED IN THE COMPLAINT BUT OTHERWISE A PROPER SUBJECT OF JUDICIAL NOTICE

Defendants request that the Court take judicial notice of two additional SEC filings and a Threshold press release listed below. While the documents are not explicitly identified in the Complaint, the events they disclose are discussed in the Complaint. Such documents, the authenticity of which is not in question and on which the Complaint necessarily relies, are judicially noticeable and appropriately considered on a motion to dismiss. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *Glenbrook Capital L.P. v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (a court may take judicial notice of public documents, including documents filed with the SEC and press releases, on a motion to dismiss).

**Lyon Dec. Ex. B –** The Complaint alleges that defendant Harold E. Selick had a pecuniary interest in Threshold stock sold by Sofinnova Venture Partners V, L.P. ("Sofinnova") in March 2006. *See* AC ¶¶ 133, 135, 137. Lyon Dec. Ex. B is an Initial Statement of Beneficial Ownership of Securities (Form 3) filed with the SEC on February 3, 2005, on behalf of Dr. Selick, and which discloses Dr. Selick's interest in Threshold stock as of that date.

**Lyon Dec. Ex. E –** The Complaint alleges that George Tidmarsh, Threshold's founder, resigned from the Company's Board of Directors in March 2006. AC ¶¶ 93, 98, 139-43. The Complaint suggests that Dr. Tidmarsh's resignation was sudden and the announced reason for his resignation – that he wished to pursue other ventures – pretextual. Lyon Dec. Ex. E is a press release issued by Threshold on August 18, 2005, seven months earlier, which announces that Dr. Tidmarsh was relinquishing his post as Threshold's President to pursue other ventures.

**Lyon Dec. Ex. J –** The Complaint alleges that defendant Harold E. Selick had a pecuniary interest in Threshold stock sold by Sofinnova in March 2006. *See* AC ¶¶ 133, 135, 137. Lyon Dec. Ex. J is a Statement of Changes in Beneficial Ownership of Securities (Form 4) filed with the SEC on March 20, 2006, reporting the sales by Sofinnova on behalf of Threshold Director Michael Powell, which reported the sales of Threshold stock by Sofinnova that are alleged in the Complaint.

\* \* \*

Defendants respectfully request that the Court take judicial notice of the foregoing documents for purposes of ruling on Defendants' motion to dismiss the Complaint.

Dated: March 7, 2008            HELLER EHRMAN LLP

By /s/Alexander M.R. Lyon
    ALEXANDER M.R. LYON

Attorneys for Defendants
THRESHOLD PHARMACEUTICALS, INC.,
HAROLD E. "BARRY" SELICK
and JANET I. SWEARSON