COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN (220163)
DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@csgrr.com
dpfefferbaum@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THRESHOLD PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | No. 4:07-cv-04972-CW<br><br><u>CLASS ACTION</u> |
| RAYNOLD L. GILBERT, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>THRESHOLD PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | No. 4:07-cv-04971-CW<br><br><u>CLASS ACTION</u><br><br>DATE:        June 12, 2008<br>TIME:        2:00 p.m.<br>COURTROOM:   Hon. Claudia Wilken |

PLAINTIFFS' RESPONSE TO REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## I. INTRODUCTION

In connection with defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss"), defendants have asked the Court to take judicial notice of 14 documents, including Securities and Exchange Commission ("SEC") filings, audio recordings, transcripts, and analyst reports. *See* Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Request"). Defendants' Request is misplaced because: (i) the authenticity of certain documents is not established; (ii) none of the submitted materials can be accepted as true or used to contradict the pleadings at the motion to dismiss stage of the litigation; and (iii) to the extent that certain documents can be properly considered, the "incorporation doctrine" provides the Court with ample grounds to do so, without taking judicial notice or accepting the truth of the proffered documents.

Judicial notice is a limited doctrine intended to permit courts to accept the ***truth*** of facts whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Judicial notice is only appropriate where the authenticity of the document proffered "is not contested." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Here, defendants have sought judicial notice for two unmarked and unauthenticated audio recordings and their transcripts. Because defendants have failed to meet their burden that these audio recordings are accurate, authentic or trustworthy, the Court should deny their Request as to these exhibits. Subject to certain caveats and exceptions described below, plaintiffs do not generally dispute the authenticity of the other exhibits submitted with defendants' Request (*i.e.*, that the various press releases, SEC filings, and journal articles are what they purport to be). However, that the documents are authentic does not mean that they are ***true***. Because the truth of many of the documents attached to the Request are in dispute, judicial notice is improper.

The incorporation doctrine provides adequate ground for the Court to look to those documents that are quoted in, or form the basis of, the allegations in the complaint for purposes of determining whether those allegations are pled with sufficient particularity. *Lee*, 250 F.3d at 688-89. Unlike the doctrine of judicial notice, however, the incorporation doctrine is not intended to permit

1  the Court to accept the ***truth*** of such documents, or authorize it to make factual findings based on the
2  contents of such documents. *Id*. (when facts contained in a document are disputed, a court may only
3  consider the document for the limited purpose of recognizing the fact that the document exists and
4  not for the truth of such documents); *In re Metawave Commc'ns Corp. Sec. Litig*., 298 F. Supp. 2d
5  1056, 1061 n.1 (W.D. Wash. 2003) (considering documents under the doctrine of incorporation but
6  not for the truth of the statements therein because plaintiffs disputed their truth).  At most, the Court
7  can take judicial notice of "the fact that these documents [] were publicly-filed and for the fact that
8  the statements made therein were made to the public on the dates specified."  *Shurkin v. Golden*
9  *State Vintners, Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006).  Defendants' Request, here, goes
10 well beyond these limits.

11     A judicially noticed fact "must be one not subject to reasonable dispute" because it can be
12 determined from sources "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b);
13 *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002); *Bryant v. Avado Brands, Inc.*, 187
14 F.3d 1271, 1275-80 (11th Cir. 1999).  The Ninth Circuit has held that a district court may judicially
15 notice "***undisputed*** matters of public record" but not "***disputed*** facts stated in public records."  *Lee*,
16 250 F.3d at 690 (emphasis in original); *see also In re NorthPoint Commc'ns Group, Inc., Sec. Litig.*
17 *& Consol. Cases*, 221 F. Supp. 2d 1090, 1095 (N.D. Cal. 2002) (refusing to consider SEC filings
18 that defendants wanted judicially noticed because they contained disputed facts); *Bryant*, 187 F.3d at
19 1277-78 (SEC filings "should be considered only for the purpose of determining what statements the
20 documents contain, not to prove the truth of the documents' contents") (citation omitted); *In re*
21 *Adaptive Broadband Sec. Litig.*, No. C 01-1092 SC, 2002 U.S. Dist. LEXIS 5887, at *61 (N.D. Cal.
22 Apr. 2, 2002) (taking judicial notice that statements were made in a Form 10-K referenced in the
23 complaint but not judicial notice of the truth of the statements).

## II. ARGUMENT

### A. Audio Recordings and Transcripts (Exs. H, I, L, and M[1])

The Court cannot consider two unauthenticated audio recordings purportedly containing defendants' March 1, 2006 and May 11, 2006 conference calls, or transcripts of these audio recordings. Authenticity is "a condition precedent to admissibility [and] is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). In particular, with regard to audio recordings, "the trial court, in the exercise of its judicial discretion, must be satisfied that the recording is accurate, authentic, and generally trustworthy. The burden is properly on the offering party." *United States v. King*, 587 F.2d 956, 961 (9th Cir. 1978).

Defendants have provided no evidence of the source of the recordings, the identity of the individuals making the recording or that the audio recordings in question are actually the investor conference calls that they purport to be. The Lyon Decl. describes each audio-CD as a "true and correct copy of an audio recording of a March 1, 2006 [and a May 11, 2006] investor conference call hosted by Threshold." Lyon Decl. at 2-3. This is wholly inadequate. *Cf. Orr v. Bank of Am. NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002) (attorney's statement that a deposition extract was "a true and correct copy," was inadequate for authentication). Mr. Lyon has not supplied plaintiffs or the Court with any evidence that he has personal knowledge that the audio recordings are what they purport to be or that he has personal knowledge of whether the recordings were contemporaneous with the conference calls, who made the recordings, the recordings' original format or the chain of custody leading up to defendants' use of the recordings. *Cf. United States v. Ford*, 632 F.2d 1354 (9th Cir. 1980) ("As foundation for the tape recording, the custodian of the tape testified about the time, place, and manner of its creation, and of its continual custody in the archives of the national foundation for

---

[1] Exhibit ("Ex.") references refer to defendants' Request and the Declaration of Alexander M.R. Lyon in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Lyon Decl."), filed March 7, 2008.

trustees."). Mr. Lyon's declaration does not adequately demonstrate that the recordings are accurate, authentic or trustworthy. *King*, 587 F.2d at 961.

The Court should not take judicial notice of the transcripts of the unauthenticated audio recordings because they are no more authentic than the underlying recordings they purport to transcribe. *See* Exs. I and M. The transcripts themselves raise additional authenticity issues. They were prepared for defense counsel on February 3 and 4, 2008 by Legal-World Interpreting. Exs. I and M at 1. At the top of each transcript, it indicates that they were made from sound files in the .mp3 format named "FINANCIALCONFCALLHELLEREHRMAN[.]MP3" and "HELLER-EHRMAN2NDCONFCALL.MP3." *Id*. However, the files contained on the audio-CDs provided to plaintiffs are named 20562thld.asf and 19061thld.asf. This difference in file name suggests that the audio recordings and the transcripts provided to plaintiffs may not have been made from the same audio files. At the very least, this further underscores the lack of adequate authentication provided by Mr. Lyon's declaration.

Further, these transcripts conflict with the Bloomberg and Thomson StreetEvents transcripts which plaintiffs, and the market, relied upon. ¶¶87, 105;[2] *see* Herman Decl. ¶¶2-3.[3] By attempting to introduce the recently prepared transcripts to contradict the facts pled by plaintiffs, defendants are impermissibly disputing the facts of the case on a motion to dismiss.[4] *Lee*, 250 F.3d at 690; *NorthPoint*, 221 F. Supp. 2d at 1095. Disputed facts are inappropriate for judicial notice; at most, defendants demonstrate that there may be an issue of fact to be resolved by the jury. *Id*. Finally,

---

[2] Paragraph ("¶") references refer to plaintiffs' Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint"), filed January 15, 2008.

[3] "Herman Decl." refers to the Declaration of Dennis J. Herman in Support of Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss, filed herewith.

[4] Moreover, to the extent Threshold expressly or impliedly sanctioned the transcripts, they would have had a duty to correct them long before now. *See Alfus v. Pyramid Tech. Corp*., 764 F. Supp. 598, 603 (N.D. Cal. 1991) ("where a company undertakes to pass on earnings forecasts through analysts' reports, it must correct figures that are incorrect. If the company places its imprimatur, expressly or impliedly, on analysts' projections, such a duty to disclose may arise."). Here, the record is insufficient to conclude, as a matter of law, that defendants did not have a duty to correct the transcripts, nor should the Court resolve this issue of fact on the pleadings.

even if the exhibits were accurate transcriptions of the audio recordings, they lack authenticity for the same reasons as the audio recordings that they purport to transcribe. For all these reasons, the request for judicial notice for Exs. H, I, L, and M must be denied.

**B.    Documents Referenced in the Complaint (Exs. A, C, D, F, G, K, and N)**

Plaintiffs acknowledge that the Court may consider those documents that are referenced in the Complaint under the incorporation doctrine. Although these exhibits may be considered to put the statements in the Complaint in context – *e.g.*, by referencing purported cautionary language – they may not be considered for their truth, or to engage in improper fact finding on the pleadings.

**1.    Threshold Pharmaceuticals, Inc.'s Initial Public Offering Registration Statement and Follow-On Offering Prospectus (Exs. A and G)**

Under the incorporation doctrine, the Court may consider the contents of defendants' SEC filings referenced by plaintiffs in their Complaint. *Lee*, 250 F.3d at 688 (courts cannot consider documents outside the pleadings). Plaintiffs reference the final and effective versions of defendants' IPO registration statement and prospectus, filed February 3 and February 4, 2005, respectively. *See*, *i.e.*, Complaint at ¶¶40-41, 43, 63. Plaintiffs also reference defendants' final and effective Follow-On registration statement and prospectus, filed on October 7 and October 12, 2005, respectively. *See, e.g., id.* at ¶76.

The Court should not accept these final effective SEC filings for the truth of the matters asserted therein.[5] *Adaptive Broadband*, 2002 U.S. Dist. LEXIS 5887, at *61 (court took "judicial notice the fact that the statements therein were made, but does not take judicial notice of their truth"); *NorthPoint*, 221 F. Supp. 2d at 1095 (refusing to consider SEC filings that defendants wanted judicially noticed because they contained disputed facts). While the Court does not have to take judicial notice of the documents to consider them, the Court may take judicial notice that the

---

[5]    Defendants rely on a preliminary version of Threshold's registration statement, filed on October 3, 2005. *See* Request at 3. This registration statement was subject to amendment on October 7, 2005, prior to becoming effective. However, because the final amendment is not material to the arguments made by defendants in their motion to dismiss, plaintiffs do not object to judicial notice on these grounds.

statements were made and the dates upon which they were made. To the extent that defendants seek judicial notice for the ***truth*** or ***accuracy*** of these documents, or attempt to draw inferences from them, the Request must be denied.

### 2. Threshold Press Releases (Exs. C and K)

The Court should deny defendants' request for judicial notice of the May 19, 2005 Press Release (Ex. C) and the May 11, 2006 Press Release (Ex. K) because defendants seek judicial notice of the ***truth*** of the matters asserted therein and improperly use these statements to make factual arguments on a motion to dismiss.[6] Because the truth of the matters asserted in these press releases is in dispute, the Court may only take judicial notice of the fact that these statements were made to the public, and on the dates specified. *Shurkin*, 471 F. Supp. at 1011. In the alternative, the Court can consider them under the incorporation doctrine. *Lee*, 250 F.3d at 688-89.

Defendants improperly rely on the May 19, 2005 Press Release to establish as fact that the Bari Study report was published on May 19, 2005, and additionally, that the market became aware of the study at this time.[7] Motion to Dismiss at 7, 12 ("Threshold actually disclosed the full Bari Study no later than May 19, 2005."). The Court may take notice that, on this date, defendants ***said*** the Bari Study ***would*** be published in the future. It cannot accept Threshold's press release as evidence that the study ***was*** published on that – or any other – date, or to determine the extent to which the information contained in that report was effectively communicated to the market.[8] This is an issue for the finder of fact. *See* Opp.[9] at 15.

---

[6] Plaintiffs do not contest defendants' request for judicial notice of the July 17, 2006 Press Release (Ex. N) because defendants properly rely on this document solely to demonstrate what Threshold communicated to the market – *i.e.*, that they were suspending all further clinical trials of TH-070 – and not for the truth of the matters asserted therein.

[7] *See* Motion to Dismiss at 7 ("[T]he investigator's report on the Bari Study was published in May 2005, about three months after the IPO.") (citing May 19, 2005 Press Release (Ex. C)).

[8] Defendants actually emphasize the dispute by noting that plaintiffs' Complaint states the study was published in June 2005. Motion to Dismiss at 7 ("*see* AC ¶74 (alleging June 2005 publication)").

[9] "Opp." refers to Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss, filed herewith.

1	In the May 11, 2006 Press Release, defendants announced that the FDA had placed the clinical trials on a "partial clinical hold" due to safety concerns about TH-070. Ex. K. Like the May 19, 2005 Press Release, the Court may only consider Threshold's May 11, 2006 Press Release for the statements made to the market and the date which the information was delivered, it cannot consider or take judicial notice of the truth of the matters asserted therein.

### 3. Bari Study Report (Ex. D)

Because plaintiffs reference the Bari Study report, the Court can take judicial notice of (or consider under the incorporation doctrine) the contents of the Bari Study report, but cannot consider it for the truth of the matters asserted therein. *See Lee*, 250 F.3d at 690.

## C. Judicial Notice of Documents Not Cited in the Complaint Is Improper

At the motion to dismiss stage, the Court may only consider material within the four corners of the complaint. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994); *Lee*, 250 F.3d at 688-90. There are only two exceptions to this general rule. *Lee*, 250 F.3d at 688. First, a court may consider documents properly submitted as part of the complaint or, under the incorporation doctrine, documents upon which the complaint necessarily relies and the authenticity of which is not disputed. *Id*. at 688-89. The purpose for this exception is to allow the court to assess the complaint allegations in context. Second, a court may take judicial notice of facts: (1) generally known within the community; or (2) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 689.

### 1. Harold E. Selick's Form 3 and Powell's Form 4 (Exs. B and J)

Plaintiffs have not relied on, or referenced, Harold E. Selick's Form 3 (Ex. B) or Michael Powell's Form 4 (Ex. J) in their Complaint, rendering judicial notice of these documents improper. *Branch*, 14 F.3d at 453-54. These documents do not fit under either exception because the truth of the facts contained therein is in dispute. Fed. R. Evid. 201(b); *Lee*, 250 F.3d at 688. The Court may take judicial notice of the fact that these documents were filed with the SEC, the contents of the statements contained therein, and the date of filing. *Shurkin*, 471 F. Supp. 2d at 1011. However, the Court should not take judicial notice of the truth of the statements or allow defendants to argue the facts of the case on a motion to dismiss. Plaintiffs argue that Selick's carried interest in Sofinnova

1  Ventures, Inc. which is disclosed in the IPO registration statements and Follow-On Offering
2  prospectuses, provides some further evidence of scienter.  ¶133.  Defendants attempt to make a
3  factual argument by pointing to a purported absence of a disclosed interest in Threshold in Selick's
4  Form 3.  This is an inappropriate factual argument at the motion to dismiss stage and requires that
5  the Court accept Selick's Form 3 for the truth of the matters asserted therein.  *Lee*, 250 F.3d at 688.
6  Defendants can no more rely on an unreferenced Form 3 to prove that a party has a beneficial
7  interest than they can rely on the absence of such an entry to disprove an interest.  Likewise Powell's
8  Form 4 can be considered only for the statements contained therein, but not for the truth of those
9  statements.

### 2. August 18, 2005 Press Release (Ex. E)

11  Judicial notice of the August 18, 2005 Press Release is improper because plaintiffs do not
12  rely on the document.  Even if the Court were to consider it, it cannot consider the press release for
13  the truth of the matter asserted therein.  Defendants invoke the August 18, 2005 Press Release in an
14  attempt to rebut plaintiffs' argument that George Tidmarsh's reason for leaving the Board of
15  Directors was pretextual, by demonstrating that he gave the same reason for leaving his position as
16  president.  Motion to Dismiss at 24.  Defendants are attempting to argue the merits of the case on
17  motion to dismiss, which is impermissible.  *Lee*, 250 F.3d at 688.  Furthermore, the Court cannot
18  accept the press release as evidence of ***why*** Tidmarsh left his position.  *Shurkin*, 471 F. Supp. 2d at
19  1011.  The Court should neither consider, nor judicially notice, the August 18, 2005 Press Release.

20  DATED:  April 21, 2008                           Respectfully Requested,

                                                    COUGHLIN STOIA GELLER
                                                      RUDMAN & ROBBINS LLP
                                                    DENNIS J. HERMAN
                                                    DANIEL J. PFEFFERBAUM


                                                           s/ Daniel J. Pfefferbaum
                                                    DANIEL J. PFEFFERBAUM

                                                    100 Pine Street, Suite 2600
                                                    San Francisco, CA  94111
                                                    Telephone:  415/288-4545
                                                    415/288-4534 (fax)

PLAINTIFFS' RESPONSE TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS - 4:07-cv-04972-CW                                                         - 8 -

|   |   |
|---|---|
| 1 | |
| 2 | T:\CasesSF\Threshold\BRF00050668.doc     Lead Counsel for Plaintiffs |
| 3 | |
| ... | |
| 28 | |

PLAINTIFFS' RESPONSE TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 4:07-cv-04972-CW                                                                                                 - 9 -

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of |
| 3 | the Court using the CM/ECF system which will send notification of such filing to the e-mail |
| 4 | addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have |
| 5 | mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF |
| 6 | participants indicated on the attached Manual Notice List. |
| 7 | I certify under penalty of perjury under the laws of the United States of America that the |
| 8 | foregoing is true and correct. Executed on April 21, 2008. |

          s/ Daniel J. Pfefferbaum
          DANIEL J. PFEFFERBAUM

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

E-mail:Dpfefferbaum@csgrr.com

# Mailing Information for a Case 4:07-cv-04972-CW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kevin Anthony Burke**
  kburke@hewm.com

- **Michael L. Charlson**
  michael.charlson@hellerehrman.com,larissa.soboleva@hellerehrman.com,jennifer.cygnor@hellerehrman.com,su

- **Marc S. Henzel**
  mhenzel182@aol.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Alexander M.R. Lyon**
  alexander.lyon@hellerehrman.com,yfs@hellerehrman.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Laurence Andrew Weiss**
  lweiss@hewm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mary K. Blasy
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
```