1  MICHAEL L. CHARLSON (Bar No. 122125)
   LAURENCE A. WEISS (Bar No. 164638)
2  ALEXANDER M.R. LYON (Bar No. 211274)
   HELLER EHRMAN LLP
3  275 Middlefield Road
   Menlo Park, California  94025-3506
4  Telephone: (650) 324-7000
   Facsimile: (650) 324-0638
5  Michael.Charlson@hellerehrman.com
   Laurence.Weiss@hellerehrman.com
6  Alexander.Lyon@hellerehrman.com

7  Attorneys for Defendants
   THRESHOLD PHARMACEUTICALS, INC.,
8  HAROLD E. "BARRY" SELICK
   and JANET I. SWEARSON

9
                    UNITED STATES DISTRICT COURT
10
                    NORTHERN DISTRICT OF CALIFORNIA
11
                           OAKLAND DIVISION
12

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated, | Case No.: 4:07-CV-04972-CW |
| | CLASS ACTION |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |
| THRESHOLD PHARMACEUTICALS, INC., HAROLD E. "BARRY" SELICK and JANET I. SWEARSON | |
| | Hearing Date:  June 19, 2008 |
| Defendants. | Hearing Time:  2:00 p.m. |
| | Place:  Courtroom 2, 4th Floor |
| RAYNOLD L. GILBERT, On Behalf of Himself and All Others Similarly Situated, | Judge:  Hon. Claudia Wilken |
| Plaintiff, | |
| v. | |
| THRESHOLD PHARMACEUTICALS, INC., HAROLD E. "BARRY" SELICK and JANET I. SWEARSON | |
| Defendants. | |

## I. INTRODUCTION

Plaintiffs' lengthy "response" to Defendants' Request for Judicial Notice ("Defs.' RJN") reduces almost entirely to the single assertion that the Court should not take judicial notice of the truth of the facts asserted in the submitted materials. But *Defendants do not request that the Court take judicial notice of the truth of the facts asserted in the submitted materials* at all. Rather, Defendants provide the materials so that the Court may consider what was said and when it was said, a purpose that Plaintiffs concede is proper. *See* Plaintiffs' Response to Request for Judicial Notice ("Pls.' RJN Response") at 2, 5-7. This disposes of nearly all of Plaintiffs' response.

The few other objections raised by Plaintiffs are similarly without merit. At bottom, Plaintiffs concede that the materials for which Defendants request judicial notice may in fact be considered by the Court for the limited purpose for which they are offered, whether through "judicial notice" or the so-called "incorporation doctrine." Indeed, each of the exhibits submitted by Defendants is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." F.R.E. 201(b). Thus, Defendants respectfully request that the Court grant the Request For Judicial Notice in its entirety.

## II. ARGUMENT

### A. Plaintiffs Concede That The Court May Consider Documents That Were Cited In the Complaint

With the sole exception discussed below in Part II(B), Plaintiffs' only argument regarding the materials cited in the Complaint is that the Court may not take notice of the truth of the matters asserted in them. *See* Pls.' RJN Response at 5-7. But Defendants do not offer the documents for that purpose. Instead, Defendants request that the Court take judicial notice of the contents of these exhibits, and the date on which they were made public, so that it may evaluate Plaintiffs' allegations against what market investors were actually told about Threshold. The exhibits, in other words, are presented only to reflect what the public disclosure record was, *not* that it was true. This request is entirely proper, as Plaintiffs concede throughout their opposition papers. Pls.' RJN Response at 2 (citing *Shurkin v. Golden State Vintners, Inc.*, 417 F. Supp. 2d 998, 1011 (N.D. Cal. 2006)); *id*. at 5-7; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (court

1

may consider documents for the purpose of recognizing the fact that the document exists). Thus, the Court may take judicial notice of the existence and content of Exhibits A, C,[1] D, F, G, K, and N[2] attached to the Declaration of Alexander M.R. Lyon submitted with Defendants' opening papers ("Lyon Declaration").

### B. The Court May Take Judicial Notice Of The Content Of The Audio Recordings From The March 1, 2006, and May 11, 2006, Conference Calls To Evaluate Plaintiffs' Allegations About Them

Plaintiffs contend that Defendants are "impermissibly disputing the facts of the case" by requesting that the Court take judicial notice of audio recordings of Threshold's March 1, 2006, and May 11, 2006, conference calls, and the related transcriptions. Pls.' RJN Response at 3-5. Not so. As noted in Defendants' reply brief, on a motion to dismiss courts need not accept as true allegations that are contradicted by judicially noticeable facts. Reply at 13-14. The Court may take judicial notice of the content of audio recordings. *E.g.*, *Arruda v. C & H Sugar Co., Inc.*, 2007 U.S. Dist. LEXIS 16519, at *13 n.2 (E.D. Cal. 2007). In addition, because Plaintiffs purport to quote what was said during the conference calls in their Complaint, the Court may consider the recording of those calls under the "incorporation doctrine."[3]

Thus, Defendants request that the Court take judicial notice of the contents of the recordings of the conference calls cited in the Complaint to ascertain what was actually said. This determination does not require the Court to weigh evidence, as Plaintiffs suggest, any more than would the comparable determination for a written document, for which a court plainly may resolve discrepancies on a motion to dismiss. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206-07 (5th Cir. 1975) (plaintiff's averment regarding contract attached to complaint

---

[1] Regarding Exhibit C, Plaintiffs complain that the May 19, 2005, press release may not be used to establish the date upon which the investigator's report on the Bari Study was published. The purpose of their objection is not clear. The Court plainly may take judicial notice of what the press release said. With regard to the actual publication date of the report, Plaintiffs themselves allege that it was published in June 2005. *See* AC ¶¶ 66, 74. While Defendants believe Plaintiffs are incorrect about the month of publication, the error is immaterial to anything in Defendants' motion and so for purposes of the motion Defendants use the June 2005 date as alleged.

[2] Plaintiffs do not object to the Court taking judicial notice of Exhibits F or N.

[3] While Defendants provided transcripts of the recordings for the convenience of the Court, they, too, are judicially noticeable because Plaintiffs relied on the investor calls at issue in their Complaint. *In re Copper Mtn. Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004).

contradicted by the contract itself).  Nor does the Court need to determine the truth or falsity of what was said; that factual determination is not at issue in Defendants' motion.  The Court need only listen to the recording and compare what was said to Plaintiffs' allegation.

Plaintiffs' authentication argument is similarly unfounded.  The recordings and transcripts are authenticated by the Lyon Declaration, just as Plaintiffs purport to authenticate by the Declaration of Dennis J. Herman the third-party transcripts they offer.  The cases cited by Plaintiffs, involving admissibility of evidence at trial and on summary judgment, are not dispositive because authenticity may be determined through methods other than as Plaintiffs suggest, including, among other things, by the content and substance of the recording and other circumstances.  Fed. R. Evid. 901(b)(4).

Accordingly, the Court may take judicial notice of the existence and content of Lyon Declaration Exhibits H, I, L and M.

### C. The Court May Take Judicial Notice Of The Offered Documents Not Cited In The Complaint

#### 1. SEC Form 3 and Form 4 Filings

Plaintiffs concede that the Court may take judicial notice of the fact that Dr. Selick's Form 3 and Michael Powell's Form 4 were filed with the SEC, the contents of the statements in them, and the date of filing.  Pls.' RJN Response at 7.  Defendants offered these two SEC filings for those purposes, and so the Court may take judicial notice of Lyon Declaration Exhibits B and J as stated.

Defendants do *not* ask the Court to accept the truth of the facts recited in the SEC filings.  Rather, Defendants offer these materials simply as further response to Plaintiff's allegation (argument, really) that they "presume" Dr. Selick's disclosed "carried interest" in one of Sofinnova's portfolio companies was an interest in Sofinnova's Threshold stock.  It was not.  The SEC filings – which at least with respect to Dr. Selick's February 3, 2005, Form 3 was prepared at a time when Plaintiffs now say there was no intentional misrepresentation made or contemplated by Defendants – do not report any interest by Dr. Selick in Sofinnova's Threshold shares (which would have been required had he held any such interest), and therefore further suggest that the presumption Plaintiffs wish to draw about Dr. Selick's interest is not reasonable and need not be

3

accepted by the Court in evaluating whether Plaintiffs' allegations create a strong inference that Dr. Selick acted with scienter.

### 2.     Threshold's August 18, 2005 Press Release

Again, Plaintiffs' only objection to the Court's taking judicial notice of this document is the assertion that it may not be considered for the truth of the matters asserted therein. Pls.' RJN Response at 8. But, again, Defendants do not offer it for that purpose. Rather, as explained in Defendants' opening papers, the document reflects that Dr. Tidmarsh gave exactly the same reason for his resignation as Threshold's President in August 2005 – once again, a time during which Plaintiffs now say that there was no intentional fraud – as was given when he resigned from the Board of Directors in March 2006. Accordingly, there was nothing "suspicious" about the explanation given when Dr. Tidmarsh resigned from the board, and no cogent and compelling inference of scienter can be drawn from it.

Accordingly, the Court may take judicial notice of the existence and content of Lyon Declaration Exhibit E.

## III.     CONCLUSION

For the foregoing reasons, Defendants' request for judicial notice should be granted.

Dated: June 2, 2008                    HELLER EHRMAN LLP

By /s/
        Michael L. Charlson

Attorneys for Defendants
THRESHOLD PHARMACEUTICALS, INC.,
HAROLD E. "BARRY" SELICK
and JANET I. SWEARSON

4

REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:07-CV-04972-CW