MICHAEL L. CHARLSON (Bar No. 122125)
LAURENCE A. WEISS (Bar No. 164638)
ALEXANDER M.R. LYON (Bar No. 211274)
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, California  94025-3506
Telephone: (650) 324-7000
Facsimile: (650) 324-0638
Michael.Charlson@hellerehrman.com
Laurence.Weiss@hellerehrman.com
Alexander.Lyon@hellerehrman.com

Attorneys for Defendants
THRESHOLD PHARMACEUTICALS, INC.,
HAROLD E. "BARRY" SELICK
and JANET I. SWEARSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated, <br><br>                Plaintiff, <br><br>    v. <br><br> THRESHOLD PHARMACEUTICALS, INC., HAROLD E. "BARRY" SELICK and JANET I. SWEARSON <br><br>                Defendants. | Case No.: 4:07-CV-04972-CW <br><br> CLASS ACTION <br><br> **SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS** |
| RAYNOLD L. GILBERT, On Behalf of Himself and All Others Similarly Situated, <br><br>                Plaintiff, <br><br>    v. <br><br> THRESHOLD PHARMACEUTICALS, INC., HAROLD E. "BARRY" SELICK and JANET I. SWEARSON <br><br>                Defendants. | Hearing Date:  June 19, 2008 <br> Hearing Time:  2:00 p.m. <br> Place:          Courtroom 2, 4th Floor <br> Judge:        Hon. Claudia Wilken |

## SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Threshold Pharmaceuticals, Inc. ("Threshold"), Harold E. "Barry" Selick and Janet I. Swearson (collectively "Defendants") hereby request that the Court take judicial notice of following facts referenced in Defendants' Reply Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint for Violation of the Federal Securities Laws (the "Complaint" or "AC") filed concurrently herewith. All of the documents discussed below have been submitted to the Court as exhibits to the Reply Declaration of Alexander M.R. Lyon ("Reply Lyon Dec.").

## I.    DOCUMENTS REFERENCED IN THE COMPLAINT

Defendants request that the Court take judicial notice of the existence, contents and publication dates of the documents listed below on the grounds that they are referenced in the Complaint. Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a motion to dismiss. *See Branch v. Tunnell,* 14 F.3d 449, 453-54 (9th Cir. 1994); *DeMarco v. Depotech Corp.,* 149 F. Supp. 2d 1212, 1217-18 (S.D. Cal. 2001). Where a complaint references only excerpts of a document, the Court may consider the entire text. *Cooper v. Pickett,* 137 F.3d 616, 623 (9th Cir. 1997); *Depotech,* 149 F. Supp. 2d at 1217-18. Plaintiffs have conceded that the existence of such documents, as well as their contents and the dates on which they were published, are a proper subject of judicial notice. *See* Plaintiffs' Response to Request for Judicial Notice at 2, 5-7.

**Reply Lyon Dec. Ex. O** – An article entitled *Placebo Therapy of Benign Prostatic Hyperplasia: A 25-Month Study* by J.C. Nickel cited at ¶ 67 n.5 of the Complaint.

**Reply Lyon Dec. Ex. P** – An article entitled *The Placebo Effect and Randomized trials: Analysis of Alternative Medicine,* by Mark A. Moyad, MPH, cited at ¶ 67 n.5 of the Complaint.

**Reply Lyon Dec. Ex. Q** – an article entitled *Placebo Effects in the Pharmacological Treatment of Uncomplicated Benign Prostatic Hyperplasia,* by Bo Jesper Hansen, *et al.*, cited at ¶ 67 n.5 of the Complaint.

1

1    **II.    DOCUMENT NOT CITED IN THE COMPLAINT BUT OTHERWISE A PROPER
     SUBJECT OF JUDICIAL NOTICE**

2

3            Defendants request that the Court take judicial notice of the daily closing price of

Threshold's stock from October 3 through October 31, 2005.  The Court may take judicial notice of

4    historical stock prices because they are not reasonably subject to dispute and their accuracy is

5    capable of ready and accurate determination.  *See* Fed. R. Evid. 201(b); *In re Copper Mountain Sec.*

6    *Litig.,* 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Information about the stock price of publicly

7    traded companies [is] the proper subject of judicial notice.").

8            **Reply Lyon Dec. Ex. R –** a printout from the Yahoo Finance website showing the closing

9    stock market price for Threshold's stock from October 3, 2005, through October 31, 2005.

10                                           * * *

11           Defendants respectfully request that the Court take judicial notice of the foregoing for

12   purposes of ruling on Defendants' motion to dismiss the Complaint.

13

14   Dated: June 2, 2008                    HELLER EHRMAN LLP

15

16                                          By /s/_____
                                                     ALEXANDER M.R. LYON

17

18                                          Attorneys for Defendants
                                            THRESHOLD PHARMACEUTICALS, INC.,
19                                          HAROLD E. "BARRY" SELICK
                                            and JANET I. SWEARSON

20

21

22

23

24

25

26

27

28

DEFENDANTS' SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE
CASE NO. 4:07-CV-04972-CW