COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN (220163)
DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)
dherman@csgrr.com
dpfefferbaum@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>THRESHOLD PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 4:07-cv-04972-CW<br><br><u>CLASS ACTION</u> |
| RAYNOLD L. GILBERT, On Behalf of Himself and All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>THRESHOLD PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 4:07-cv-04971-CW<br><br><u>CLASS ACTION</u> |

CASE MANAGEMENT CONFERENCE STATEMENT

Pursuant to Civil Local Rule 16-9(a), the parties to the above-entitled action submit this Joint Case Management Statement for the Case Management Conference scheduled for June 19, 2008 at 2:00 p.m. On January 15, 2008, plaintiffs filed the Consolidated Amended Complaint ("CAC"), defendants moved to dismiss on March 7, 2008. After full briefing, oral argument is set to be heard on defendants motion on June 19, 2008. Under the Private Securities Litigation Reform Act of 1995 ("PSLRA") discovery in this case has been stayed. 15 U.S.C. §78u-4(b)(3)(B).

## I.   JURISDICTION AND SERVICE

### A.   Subject Matter Jurisdiction

The claims asserted herein arise under and pursuant to §§11, 12(a)(2) and 15 of the 1933 Act (15 U.S.C. §§77k, 77l(a)(2) and 77o) and §§10(b) and 20(a) of the 1934 Act (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, §22 of the 1933 Act and §27 of the 1934 Act. Venue is proper pursuant to §22 of the 1933 Act and §27 of the 1934 Act.

### B.   Service

All of the defendants named in the CAC have been served at this time.

### C.   Additional Parties to Be Joined

There are no additional parties to be joined at this time. However, the parties reserve the right to join additional parties in the future.

## II.  DESCRIPTION OF CASE

### A.   Principal Factual and Legal Issues in Dispute

The parties' identification of factual and legal issues in dispute is based upon the existing pleadings. The parties agree that the existing pleadings raise at least the following factual and legal disputes:

1. The issues raised by defendants' Motion to Dismiss the Consolidated Amended Complaint, including whether plaintiffs fail to state claims for relief and whether plaintiffs' claims, or certain of them, are time-barred;

2. Whether defendants' acts violated the federal securities laws as alleged in the CAC;

3.  Whether the market price of the Company's securities during the Class Period was artificially inflated due to the alleged material omissions and/or misrepresentations complained of in the CAC; and

4.  Whether the members of the Class have sustained damages, and if so, the proper measure of any such damages.

### III. MOTIONS

Defendants' Motion to Dismiss is currently pending before the Court. Oral argument will be heard on this motion on June 19, 2008.

### IV. AMENDMENT TO PLEADINGS

Plaintiffs do not currently anticipate amending the CAC unless new facts relating to events during the Class Period come to light, or are ordered to do so by the Court.

Defendants have not yet responded to the allegations in the CAC.

### V. RELATED CASES

The parties are not aware of any related cases.

### VI. RELIEF

Plaintiffs request the following relief: upholding the CAC, or any amendment allowed by the Court, declaring this action to be a proper class action, awarding damages, including interest, and such other relief as the Court may deem proper.

Defendants request that the action be dismissed with prejudice and that judgment be entered in their favor.

### VII. FACTUAL STIPULATIONS OR AGREEMENTS

There are no factual stipulations or agreements between the parties at this time.

### VIII. EVIDENCE PRESERVATION

Pursuant to 15 U.S.C. §78u-4(b)(3), the parties are aware of, and assert that they have complied with, their duties to preserve evidence.

1  **IX.     INITIAL DISCLOSURES**

2  Because this is a securities litigation governed by the PSLRA and subject to the PSLRA stay
3  of discovery, the parties are not yet required to make the disclosures required by Fed. R. Civ. P.
4  26(a)(1).

5  **X.      DISCOVERY AND MOTION SCHEDULE**

6  Pursuant to the PSLRA, "all discovery and other proceedings" are presently stayed. 15
7  U.S.C. §78u-4(b)(3)(B). Therefore the it is premature for the parties to set forth their positions on
8  expansion of discovery limitations, fact discovery deadlines, expert discovery deadlines or a motion
9  schedule.

10 **XI.     CLASS ACTION INFORMATION**

11 Plaintiffs seek to have this action certified as a class action pursuant to Fed. R. Civ. P. 23(a)
12 and (b)(3) on behalf of a class, consisting of all persons who purchased the Company's securities
13 during the period February 4, 2005 through July 14, 2005, inclusive, and who were damaged thereby
14 (the "Class"). Defendants believe it is premature to address the propriety of maintaining this case as
15 a class action.

16 **XII.    ALTERNATIVE DISPUTE RESOLUTION**

17 The parties have met and conferred and agree that discussions regarding settlement are
18 premature at least until after the Court rules on the pending motion to dismiss.

19 **XIII.   CONSENT TO MAGISTRATE JUDGE**

20      **A.     Consent**

21 The parties do not consent to assignment of the case to a magistrate judge.

22      **B.     Other References**

23 The parties agree that this case is not suitable for reference to binding arbitration or the
24 Judicial Panel on Multidistrict Litigation.

25 The parties further agree that evaluation of a special master is premature at this stage of the
26 case.

27

28

**XIV. TRIAL SCHEDULE**

    **A.     Trial Date**

The parties agree that, given the current procedural posture of the case, determining a trial date is premature.

    **B.     Length of Trial**

The parties agree that, given the current procedural posture of the case, estimating the length of trial is premature.

DATED: June 19, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN
DANIEL J. PFEFFERBAUM


/s/
DENNIS J. HERMAN

100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

DATED: June 19, 2008

HELLER EHRMAN LLP
MICHAEL L. CHARLSON
LAURENCE A. WEISS
ALEXANDER M.R. LYON


/s/
MICHAEL L. CHARLSON

275 Middlefield Road
Menlo Park, CA 94025-3506
Telephone: 650/324-7000
650/324-0638 (fax)

Counsel for Defendants

T:\CasesSF\Threshold\CMC00052115.doc

1 <u>CERTIFICATE OF SERVICE</u>

2     I hereby certify that on June 19, 2008, I electronically filed the foregoing with the Clerk of
3 the Court using the CM/ECF system which will send notification of such filing to the e-mail
4 addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have
5 mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF
6 participants indicated on the attached Manual Notice List.

7     I certify under penalty of perjury under the laws of the United States of America that the
8 foregoing is true and correct. Executed on June 19, 2008.

                           s/ Dennis J. Herman
                           DENNIS J. HERMAN

                           COUGHLIN STOIA GELLER
                              RUDMAN & ROBBINS LLP
                           100 Pine Street, 26th Floor
                           San Francisco, CA 94111
                           Telephone: 415/288-4545
                           415/288-4534 (fax)

                           E-mail: Dennish@csgrr.com

CMC4:07-cv-04972-CW

# Mailing Information for a Case 4:07-cv-04972-CW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kevin Anthony Burke**
  kburke@hewm.com

- **Michael L. Charlson**
  michael.charlson@hellerehrman.com,mark.hoogland@hellerehrman.com,susan.griffinpreston@hellerehrman.com

- **Marc S. Henzel**
  mhenzel182@aol.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,moniquew@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Alexander M.R. Lyon**
  alexander.lyon@hellerehrman.com,yfs@hellerehrman.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Laurence Andrew Weiss**
  lweiss@hewm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mary K. Blasy
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
```