COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN (220163)
DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
dherman@csgrr.com
dpfefferbaum@csgrr.com

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>THRESHOLD PHARMACEUTICALS, INC., et al.,<br><br>    Defendants. | No. 4:07-cv-04972-CW<br><br>CLASS ACTION<br><br>PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO THE COURT'S CONSIDERATION OF THE DECLARATION OF DENISE T. POWELL PURSUANT TO LOCAL RULE 7-3(b), AND MOTION TO LIFT PSLRA DISCOVERY STAY<br><br>DATE:        June 19, 2008<br>TIME:        2:00 p.m.<br>COURTROOM:  The Honorable<br>                        Claudia Wilken |

## I. INTRODUCTION

In support of their Motion to Dismiss Plaintiffs' Consolidated Amended Complaint for Violation of the Federal Securities Laws ("Motion to Dismiss"), Dkt. No. 24, defendants submitted two audio recordings of investor conference calls, (and two transcripts recently prepared therefrom), which contradict the Bloomberg and Thomson Financial transcripts that plaintiffs quoted in their Consolidated Amended Complaint. *See* Exhibits H, I, L and M to the Declaration of Alexander M.R. Lyon in Support of Defendants' Motion to Dismiss ("Lyon Declaration"), Dkt. No. 20; Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws ("Complaint"), ¶¶87, 105, Dkt. No. 18; Exs. A and B to the Declaration of Dennis J. Herman in Support of Plaintiffs' Brief in Opposition to Defendants Motion to Dismiss, Dkt. No. 32. However, as plaintiffs and the Court pointed out at oral argument on June 19, 2008, defense counsel Alexander M. R. Lyon did not articulate any basis of personal knowledge to authenticate the exhibits.[1]  *See* Lyon Declaration at 2-3; Plaintiffs' Response to Request for Judicial Notice in Support of Defendants' Motion to Dismiss at 3-5, Dkt. No. 33. In response, defendants have now filed the Declaration of Denise T. Powell ("Powell Declaration"), Senior Director of Corporate Communications at Threshold Pharmaceuticals, Inc. ("Threshold"), in which she states that the same exhibits are "true and correct cop[ies]" of the purported recordings. *See* Powell Declaration at 3.

The Powell Declaration does not properly authenticate the audio recordings, and therefore fails to support defendants' inappropriate factual disputes made at the motion to dismiss stage. However, in recognition of the Court's desire to resolve issues relating to authenticity of the recordings (and the transcripts produced from them) at an early stage, plaintiffs hereby submit this statement of non-opposition to permit the Court to consider the late-filed Powell Declaration in connection with the pending motion. *See* N.D. Cal. Civ. L.R. 7-3(b). To the extent the Court wishes

---

[1] Although Lyon claimed to have "personal knowledge" that the exhibits were each "true and correct cop[ies]" of evidence they purported to be, he presented no substantive basis for this assertion. Lyon Declaration at 2-3; *see also* Request for Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint for Violation of the Federal Securities Law at 2-3, Dkt. No. 22. Lyon did not allege to have any involvement whatsoever in the preparation, recording, storage or production of the audio recordings.

to resolve this matter on the pleadings, whether in current form or through an amended complaint, the Court should lift the Private Securities Litigation Reform Act ("PSLRA") discovery stay for the limited purpose of permitting plaintiffs to obtain any audio recordings of the March 1, 2006 and May 11, 2006 conference calls in the possession of Bloomberg or Thomson Financial.

## II. ARGUMENT

### A. The Powell Declaration Is Inadequate to Authenticate the Audio Recordings from March 1, 2006 and May 11, 2006

Authenticity is "a condition precedent to admissibility [and] is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). In particular, with regard to audio recordings, "the trial court, in the exercise of its judicial discretion, must be satisfied that the recording is accurate, authentic, and generally trustworthy. The burden is properly on the offering party." *United States v. King*, 587 F.2d 956, 961 (9th Cir. 1978); *United States v. Panaro*, 266 F.3d 939, 951 (9th Cir. 2001). Some courts have adopted a formalized approach to the authentication of tape recordings because of the potential for undetectable alterations.[2] Those courts which do not apply formalized standards typically look to similar factors.[3] For example, the Ninth Circuit found a tape recording authentic where "[a]s foundation for the tape recording, the custodian of the tape testified about the time, place, and manner of its creation, and of its continual custody in the archives of the national foundation for trustees." *United States v. Ford*, 632 F.2d 1354, 1377-78 (9th Cir. 1980).

Powell cannot properly lay the foundation for the two audio-CDs submitted to the Court because she has no personal knowledge of the recordings relating to the period from their creation in

---

[2] "Those concerns led the Eighth and Third Circuits to adopt a formalized approach to authentication of audio tapes, requiring proof of all of the following facts": (1) "The recording device was capable of recording the conversation"; (2) "The operator was competent to operate the device"; (3) "The recording was authentic and correct"; (4) "No changes, additions, or deletions were made in the recording"; (5) "The recording was preserved"; (6) "The speakers are identified"; and (7) "The elicited conversation was made without inducement." *5-901 Weinstein's Federal Evidence* §901.05 (2d ed. 1997).

[3] Such factors include: (i) "The operator's competence"; (ii) "The fidelity of the recording equipment"; (iii) "The absence of material alterations"; and (iv) "The identification of relevant sounds or voices." *Id*.

2006 until they were e-mailed to her in or around January 2008. As detailed in her declaration, Powell arranged with Jeff Accomando, her contact with third-party vendor Shareholder.com, to have Shareholder.com record the Company's conference calls. Powell Declaration at 2. Powell participated in these conference calls with certain Threshold officers and directors, including Barry Selick, Michael Ostrach, Janet Swearson and Alan Colowick. *Id.* Powell did not record the calls or ever retain a copy of their audio recordings. Not until January 2008, in response to a request from Laurence Weiss, counsel for defendants, did Powell obtain the recordings at issue by contacting Accomando, at Shareholder.com. *Id.* at 2-3. Accomando e-mailed Powell two audio files – 19061thld.asp and 20562thld.asp – and Powell states that she listened to these files. *Id.* at 3. On the basis that she recognizes the voices on the recording, Powell represents to the Court that the files are "true and correct cop[ies]" of the audio recordings made in 2006. *Id.*

In the absence of a proper chain of custody, the Court should not accept Powell's recollection, nearly two years after the fact, that what she listened to in January 2008 are the accurately recorded conference calls which took place in 2006. Powell makes no representation that she remembers the details of what was said that day, let alone that the few phrases in dispute in this litigation are accurately captured on the audio recording she received from Shareholder.com. *See* Motion to Dismiss at 19-20. By authenticating the recordings through their chain of custody, the Court can avoid having to rely on Powell's memory of the conference calls or her assumption that they are accurate.[4] *See Betz v. Trainer Wortham & Co., Inc.*, 519 F.3d 863, 876 (9th Cir. 2008) (noting that memories fade over time).

---

[4] The transcripts submitted by defendants raise additional authenticity issues. For instance, the file names from which the transcripts are produced are not 20562thld.asf and 19061thld.asf, but "FINANCIALCONFCALLHELLEREHRMAN[.]MP3" and "HELLER-EHRMAN2NDCONFCALL.MP3," indicating the possibility that the file format was altered from .asf to .mp3. *See* Exs. I and M to the Lyon Declaration at 2. If such a conversion occurred, it should also be documented as part of the chain of custody.

**B.     If the Court Is Inclined to Resolve this Issue on the Pleadings, It Should Allowed Limited Discovery as to the March 1, 2006 and May 11, 2006 Conference Calls**

Certain allegations in the Complaint are based upon transcripts of conference calls that were circulated to investors immediately after the calls concluded. Complaint, ¶¶71, 73, 87, 102, 105. It is not disputed that the Complaint properly quotes from the transcripts. *See* Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss at 23, Dkt. No. 31. Instead, defendants dispute the accuracy of these transcripts, a factual argument which is inappropriate at this point in the litigation. *See* Motion to Dismiss at 19-20; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). At the motion to dismiss stage, a court may not weigh the evidence that might be presented at trial, but must simply determine whether the complaint itself is legally sufficient. *Id.*

Plaintiffs recognize, however, that the accuracy of the transcripts will be a potential issue for summary judgment. To the extent that the Court seeks to resolve this limited issue on the pleadings, and in the interest of judicial economy, the Court should allow plaintiffs to discover any audio recordings of the March 1, 2006 and May 11, 2006 conference calls in the possession of Bloomberg and Thomson Financial. Plaintiffs are currently precluded from conducting any discovery by the mandatory discovery stay provisions of the PSLRA, which may be lifted by the Court for the purposes of evidence preservation or to prevent undue prejudice. *See* 15 U.S.C. §78u-4(b)(3)(B). These third parties are under no obligation to preserve the audio recordings of the conference calls at issue. The existence of recordings in the possession of either Bloomberg or Thomson Financial will either confirm or refute the accuracy of the audio recordings and transcripts relied upon by defendants, and will be crucial to the expedient resolution of this case as it pertains to the statements made during the two conference calls. Were the Court to decide this issue on the pleadings currently before it, plaintiffs would suffer undue prejudice as they have not been allowed factual discovery related to the accuracy of the transcripts which are quoted verbatim in the Complaint. *See In re Rational Software Sec. Litig.*, 28 F. Supp. 2d 562, 566 (N.D. Cal. 1998); *Medical Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 720 (S.D. Cal. 1996)(defining undue prejudice as an improper or unfair detriment).

## III. CONCLUSION

For the reasons outlined above, if the Court seeks to resolve the issue of the accuracy of the transcripts relied on by plaintiffs on the pleadings, it should lift the PSLRA discovery stay for the purpose of permitting plaintiffs to obtain any audio recordings of the March 1, 2006 and May 11, 2006 conference calls which are in the possession of Bloomberg and Thompson Financial.

DATED: July 8, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN
DANIEL J. PFEFFERBAUM

/s/
DANIEL J. PFEFFERBAUM

100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

T:\CasesSF\Threshold\STM00052436.doc

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following designated Internet site at: http://securities.csgrr.com/.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 8, 2008.

/s/
DANIEL J. PFEFFERBAUM

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
100 Pine Street, 26th Floor
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)
E-mail: dpfefferbaum@csgrr.com

**Mailing Information for a Case 4:07-cv-04972-CW**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kevin Anthony Burke**
  kburke@hewm.com

- **Michael L. Charlson**
  michael.charlson@hellerehrman.com,mark.hoogland@hellerehrman.com,susan.griffinpreston@hellerehrman.com,larissa.soboleva@hellerehrman.com,jennifer.cygnor@hellerehrman.com,michael.ewers@hellerehrman.com,gary.padilla@hellerehrman.com,karen.strong@hellerehrman.com

- **Marc S. Henzel**
  mhenzel182@aol.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Alexander M.R. Lyon**
  alexander.lyon@hellerehrman.com,yfs@hellerehrman.com

- **Daniel Jacob Pfefferbaum**
  DPfefferbaum@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Laurence Andrew Weiss**
  lweiss@hewm.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Mary K. Blasy
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway
Suite 1900
San Diego, CA 92101
```