1 | COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2 | DENNIS J. HERMAN (220163)
SHIRLEY H. HUANG (206854)
3 | DANIEL J. PFEFFERBAUM (248631)
100 Pine Street, Suite 2600
4 | San Francisco, CA 94111
Telephone: 415/288-4545
5 | 415/288-4534 (fax)
dherman@csgrr.com
6 | shuang@csgrr.com
dpfefferbaum@csgrr.com
7 |        – and –
ELLEN GUSIKOFF STEWART (144892)
8 | 655 West Broadway, Suite 1900
San Diego, CA 92101
9 | Telephone: 619/231-1058
619/231-7423 (fax)
10 | elleng@csgrr.com

11 | Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JERRY TWINDE, On Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     vs.<br><br>THRESHOLD PHARMACEUTICALS, INC., et al.,<br><br>                    Defendants. | No. 4:07-cv-04972-CW<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE:    None Set<br>TIME:    None Set<br>COURTROOM: The Honorable<br>                        Claudia Wilken |

[Caption continued on following page.]

| | | |
|---|---|---|
| 1 | RAYNOLD L. GILBERT, On Behalf of Himself and All Others Similarly Situated, ) ) | No. 4:07-cv-04971-CW |
| 2 | ) | CLASS ACTION |
| 3 | Plaintiff, ) ) | |
| 4 | vs. ) ) | |
| 5 | THRESHOLD PHARMACEUTICALS, INC., ) et al., ) | |
| 6 | ) Defendants. ) | |
| 7 | ) | |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND............................................1

III. SUMMARY OF SETTLEMENT ..........................................................................2

IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL............3

V. THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED................5

    A. The Settlement Class Meets the Requirements of Rule 23(a) .................................5

    B. The Settlement Class Should be Certified Under Rule 23(b)(3) ............................6

VI. PROPOSED SCHEDULE OF EVENTS...............................................................7

VII. CONCLUSION......................................................................................................8

1  TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on a date and time to be set by the Court, in the Courtroom of the Honorable Claudia Wilken, United States District Judge, at the Ronald V. Dellums Federal Building, United States District Court, Northern District of California, 1301 Clay Street, Oakland, California, Plaintiffs will seek entry of the proposed Order Preliminarily Approving Settlement and Providing for Notice.  Plaintiffs' unopposed motion is based on the Stipulation of Settlement dated October 30, 2009 ("Stipulation"), the following Memorandum in Support of Preliminary Approval of Settlement, all other pleadings and matters of record, and such additional evidence or argument as may be presented.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

The Settling Parties have entered into the Stipulation that results in the resolution of all claims in this consolidated class action.  Plaintiffs submit this Memorandum in support of their unopposed motion for an order: (i) preliminarily approving the settlement; (ii) provisionally certifying a Settlement Class; (iii) scheduling a hearing to consider final approval of the settlement, the Plan of Allocation of settlement proceeds, and Lead Plaintiff's Counsel's application for attorneys' fees and expenses; and (iv) authorizing the form and manner of notice to be sent to the Settlement Class advising them of the matters described above and their rights with respect thereto.

For the reasons set forth herein, Plaintiffs respectfully urge the Court to enter the proposed Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), submitted herewith.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

On and after July 5, 2007, two actions were filed in the United States District Court for the Southern District of New York, as securities fraud class actions on behalf of purchasers of the publicly traded securities of Threshold Pharmaceuticals, Inc. ("Threshold").  Those actions, originally styled *Jerry Twinde, on behalf of himself and all others similarly situated v. Threshold Pharmaceuticals, Inc., Harold "Barry" E. Selick and Janet I. Swearson*, United States District Court for the Southern District of New York, Case No. 07 Civ. 6227 and *Raynold L. Gilbert, individually*

*and on behalf of all others similarly situated v. Threshold Pharmaceuticals, Inc., Harold "Barry" E. Selick and Janet I. Swearson*, United States District Court for the Southern District of New York, Case No. 07 Civ. 6490, were subsequently transferred to the United States District Court for the Northern District of California as *Jerry Twinde, on behalf of himself and all others similarly situated v. Threshold Pharmaceuticals, Inc., Harold "Barry" E. Selick and Janet I. Swearson*, United States District Court for the Northern District of California, Case No. 07-cv-04972-CW and *Raynold L. Gilbert, individually and on behalf of all others similarly situated v. Threshold Pharmaceuticals, Inc., Harold "Barry" E. Selick and Janet I. Swearson*, United States District Court for the Northern District of California, Case No. 07-cv-04971-CW and consolidated. The action is referred to herein as the "Litigation."

On November 5, 2007, the Court appointed Michael Hentosh as Lead Plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995, and approved his selection of Coughlin Stoia Geller Rudman & Robbins LLP as lead counsel.

The operative complaint in the Litigation is the Consolidated Second Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint") filed September 19, 2008. The Complaint alleges violations of §11, 12(a)(2) and 15 of the Securities Act of 1933 ("1933 Act"), and §§10(b) and 20(a) of the Exchange Act on behalf of a class of persons who purchased Threshold common stock between February 4, 2005 and July 14, 2006, inclusive.

On April 3, 2009, the Court entered an order granting in part and denying in part Defendants' motion to dismiss. The Court dismissed all claims asserted under the 1933 Act (Counts I, II and III), dismissed some, but not all, of the allegations relating to the claims asserted under the Exchange Act (Counts IV and V), and dismissed all claims against defendant Janet I. Swearson. On May 4, 2009, defendants Threshold Pharmaceuticals, Inc. and Harold E. "Barry" Selick answered the remaining allegations in the Complaint.

## III.  SUMMARY OF SETTLEMENT

Defendants' insurers will pay the sum of $10,000,000 in cash to resolve the claims brought in this matter. The settlement consideration will be deposited into an escrow account on or before (20)

calendar days after the Court enters the Preliminary Approval Order. Following final approval of the settlement by the Court, the Litigation will be dismissed with prejudice and all claims therein will be released pursuant to the terms of the Stipulation.

### IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

At the Final Approval Hearing, the Court will have before it extensive papers submitted in support of the proposed settlement and will be asked to make a determination as to whether the settlement is fair, reasonable, and adequate under all of the circumstances surrounding the Litigation. At this juncture, however, Plaintiffs request the Court to grant preliminary approval of the settlement.

The procedure for review of a proposed class action settlement is well established:

> District court review of a class action settlement proposal is a two-step process. The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing. *Manual for Complex Litigation* §1.46, at 53-55 (West 1977). If the district court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process, the fairness hearing.

*Armstrong v. Bd. of Sch. Dirs.*, 616 F.2d 305, 314 (7th Cir. 1980) (footnote omitted).

To grant preliminary approval, the Court need only conclude that a settlement of the claims against the Defendants on the agreed upon terms is within the range of possible approval in order to preliminarily approve the settlement for the purposes of providing notice and holding a future fairness hearing. *Manual for Complex Litigation* §30.41, at 237 (3d ed. 1995).

Indeed, courts specifically have held that the granting of permission to send out a notice of settlement and hearing thereon,

> is not tantamount to a finding that the settlement is fair and reasonable. It is at most a determination that there is what might be termed "probable cause" to submit the proposal to class members and hold a full-scale hearing as to its fairness.

*In re Traffic Executive Ass'n – E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (citing *Manual for Complex Litigation* §1.46, at 55 n.10 (West 1977)).

Plaintiffs submit that this Court can make such a determination of "probable cause." Given the complexities of this dispute and the uncertainties inherent in such complex litigation, the proposed settlement eliminates the risk that the Settlement Class might not otherwise recover.

While certainly premature at this point, reference to the factors considered by courts in granting final approval of class action settlements lends support to the Settling Parties' belief that the proposed settlement is within the range of possible approval. In *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), the Ninth Circuit set out the factors that the trial court should consider in assessing whether a proposed settlement is fair, reasonable, and adequate. Consideration of those factors supports preliminary approval of the settlement.

First, the proposed settlement is the product of arm's-length negotiations by counsel with significant experience in complex class action litigation. The resulting settlement is the product of significant give and take by both sides and was reached after participation in mediation sessions with Antonio Piazza, Esq., an experienced mediator.

Second, an evaluation of the benefits of settlement must be tempered by a recognition that any compromise involves concessions on the part of the settling parties. Indeed, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice*, 688 F.2d at 624 (citation omitted). Plaintiffs submit that the proposed settlement reflects concessions by the parties that are reasonable and fair, and that the settlement is in the best interests of the Settlement Class. As the Court knows from prior motions practice, this case has been hard, but fairly, fought by both sides. While Plaintiffs believe that they can produce evidence at trial that will establish Defendants' liability, Defendants believe, with equal conviction, that they would prevail should this case go to trial. Moreover, as the Court is also aware, this case presents a number of complex issues, and thus the risks and costs of further litigating the case through discovery, summary judgment, trial and appeal are significant. The proposed settlement eliminates this risk and under all the circumstances provides an excellent recovery for the Settlement Class. Lead Plaintiff's Counsel estimate that the settlement represents about eight percent of maximum recoverable damages if Plaintiffs were to prevail on all issues, and all current claims were upheld through summary judgment and trial.

Third, significant weight should be attributed to the belief of experienced counsel that settlement is in the best interest of the class. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988) (opinion of experienced counsel is entitled to considerable weight). Lead Plaintiff's Counsel fully support the settlement and it is their informed opinion that, given the uncertainty and substantial expense of pursuing this matter through continued litigation, the settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class.

At this juncture, the Court need not answer the ultimate question: Whether the settlement is fair, reasonable, and adequate. The Court is being asked to permit notice of the terms of the settlement to be sent to the Settlement Class and schedule a hearing, pursuant to Federal Rule of Civil Procedure 23(e), to consider the fairness of the settlement, Lead Plaintiff's Counsel's request for an award of fees and expenses, and any expressed views by Settlement Class Members on these issues. 5 James Wm. Moore, *Moore's Federal Practice* §23.85[3], at 23-353 to 23-354 (3d ed. 2002). Plaintiffs recommend that the settlement be preliminarily approved and the Preliminary Approval Order entered.

## V.   THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED

The preliminary approval process is also utilized to provisionally certify a class when a class has not been previously certified by the court. The parties seek certification, for settlement purposes only, of a class consisting of all Persons who received, purchased, or otherwise acquired Threshold securities during the period from and including February 4, 2005 to July 14, 2006, inclusive.

In the settlement context, class certification criteria are easily met because the class is unified by a common interest in a reasonable recovery. For the reasons explained below, there is no doubt that the Settlement Class meets all of the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure and should be certified.

### A.   The Settlement Class Meets the Requirements of Rule 23(a)

The Settlement Class easily meets the requirements of numerosity, commonality, typicality, and adequacy of representation required by Rule 23(a) of the Federal Rules of Civil Procedure.

First, it is undisputed that the Settlement Class consists of thousands of individuals who received, purchased, or otherwise acquired Threshold securities between February 4, 2005 and July 14, 2006, inclusive. Lead Plaintiff's Counsel estimate that there were over five million shares of Threshold stock purchased or acquired and damaged during the Settlement Class Period.[1]

Second, commonality is satisfied if there is one issue common to class members. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Here, common issues as to the Settlement Class include whether Defendants, through the conduct complained of in the Litigation, violated the securities laws by making false and misleading statements about the company's products.

Third, typicality is satisfied when the plaintiffs' claims share a common element with the class because they arise from the same course of conduct that gave rise to the claims of other class members. *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988). Here, Plaintiffs' claims are typical because they purchased or acquired Threshold securities during the Settlement Class Period and were allegedly damaged thereby because they held shares on July 14, 2006.

Finally, the claims of all Settlement Class Members have been fairly and adequately protected because Plaintiffs and their counsel have no disabling conflicts of interest, and Lead Plaintiff's Counsel are well qualified and have vigorously prosecuted and settled this action on behalf of the Settlement Class. *Hanlon*, 150 F.3d at 1020-22.

**B.     The Settlement Class Should be Certified Under Rule 23(b)(3)**

The parties seek certification of the Settlement Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure. Rule 23(b)(3) requires common questions of law or fact to predominate over questions affecting individual class members and the class action to be superior to other methods for efficient adjudication of the claims. The United States Supreme Court noted that the predominance test is readily met in cases alleging securities fraud. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997). Thus, class treatment is the appropriate method of settling this controversy.

---

[1]     This number is adjusted for the Company's one-for-six reverse stock split in August 2008.

Moreover, because the Court is certifying this action for settlement purposes only, it need not determine whether the Settlement Class would be manageable for litigation purposes. *Id*. at 620.

## VI. PROPOSED SCHEDULE OF EVENTS

The Settling Parties request permission to provide notice of the settlement to Settlement Class Members at this time. Plaintiffs suggest the following proposed schedule for entry into the Preliminary Approval Order and its exhibits.

| | |
|---|---|
| Date by which the Notice is mailed to Settlement Class Members | Ninety calendar days prior to the date first set for the Final Approval Hearing (the "Notice Date") |
| Date by which the Summary Notice must be published | Three business days after the Notice Date |
| Date by which to file motions in support of settlement, Plan of Allocation and attorneys' fees and expenses | 35 calendar days prior to Final Approval Hearing |
| Last day to request exclusion from the Settlement Class | 28 calendar days prior to Final Approval Hearing |
| Last day for Settlement Class Members to object to the settlement | 28 calendar days prior to Final Approval Hearing |
| Date by which reply briefs must be filed in support of Settlement, Plan of Allocation and attorneys' fees and expenses | 14 calendar days prior to Final Approval Hearing |
| Final Approval Hearing | April 15, 2010[2] |
| Last day for Settlement Class Members to submit a Proof of Claim and Release form | 90 calendar days after Notice Date |

---

[2] Counsel has been informed of the Court's unavailability prior to April 2010, and April 15, 2010 is the earliest date that all counsel are available for the final approval hearing. In consideration of the benefits to the parties and the Settlement Class of determining and reaching finality of this Settlement, counsel for the parties respectfully request that the Court consider whether it would be appropriate to assign this case to another judge of the Court solely for purposes of conducting the final approval hearing prior to April 15, 2010; if such an assignment were made, the final approval hearing could be calendared for as early as February 15, 2010.

This schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Settlement Class Members with respect to their rights concerning the settlement. *See Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993).

## VII. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the proposed settlement be preliminarily approved by the Court and the Preliminary Approval Order entered.

DATED: November 9, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
DENNIS J. HERMAN
SHIRLEY H. HUANG
DANIEL J. PFEFFERBAUM
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
ELLEN GUSIKOFF STEWART

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

PLAINTIFFS' NOT OF MTN & UNOPPOSED MTN FOR PRELIMINARY APPROVAL OF
SETTLEMENT & MEM OF PTS & AUTHS IN SUPPORT THEREOF - 4:07-cv-04972-CW      - 8 -

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at:  http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 9, 2009.

       s/ Ellen Gusikoff Stewart
       ELLEN GUSIKOFF STEWART

       COUGHLIN STOIA GELLER
          RUDMAN & ROBBINS LLP
       655 West Broadway, Suite 1900
       San Diego, CA  92101-3301
       Telephone:  619/231-1058
       619/231-7423 (fax)

       E-mail:elleng@csgrr.com

# Mailing Information for a Case 4:07-cv-04972-CW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  mblasy@scott-scott.com,efile@scott-scott.com

- **Kevin Anthony Burke**
  kburke@hewm.com

- **Michael L. Charlson**
  mlcharlson@hhlaw.com,dmsalvi@hhlaw.com,lasoboleva@hhlaw.com,mdewers@hhlaw.com,mjclouse@hhlaw.com,kwong@

- **Marc S. Henzel**
  mhenzel182@aol.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Shirley H. Huang**
  shirleyh@csgrr.com

- **J. Christopher Mitchell**
  jcmitchell@hhlaw.com,lasoboleva@hhlaw.com

- **Daniel Jacob Pfefferbaum**
  aserros@csgrr.com,DPfefferbaum@csgrr.com,gfreemon@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Laurence Andrew Weiss**
  laweiss@hhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Manual List
*Twinde v. Threshold Pharmaceuticals, Inc., et al.*
No. 4:07-cv-04972-CW


D. Seamus Kaskela
BARROWAY TOPAZ KESSLER
 MELTZER & CHECK, LLP
280 Kind of Prussia Road
Radnor, PA  19087