1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  DENNIS J. HERMAN (220163)
   SHIRLEY H. HUANG (206854)
3  DANIEL J. PFEFFERBAUM (248631)
   100 Pine Street, Suite 2600
4  San Francisco, CA 94111
   Telephone: 415/288-4545
5  415/288-4534 (fax)
   dherman@csgrr.com
6  shuang@csgrr.com
   dpfefferbaum@csgrr.com
7      – and –
   ELLEN GUSIKOFF STEWART (144892)
8  655 West Broadway, Suite 1900
   San Diego, CA 92101
9  Telephone: 619/231-1058
   619/231-7423 (fax)
10 elleng@csgrr.com

11 Lead Counsel for Plaintiffs

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                    OAKLAND DIVISION

15 JERRY TWINDE, On Behalf of Himself and )  No. 4:07-cv-04972-CW
   All Others Similarly Situated,          )
16                                          )  CLASS ACTION
                          Plaintiff,        )
17                                          )  STIPULATION OF SETTLEMENT
          vs.                               )
18                                          )
   THRESHOLD PHARMACEUTICALS, INC., )
19 et al.,                                  )
                                            )
20                        Defendants.       )
                                            )
21 ——————————————————————————

22 [Caption continued on following page.]

23

24

25

26

27

28

1   RAYNOLD L. GILBERT, On Behalf of        )   No. 4:07-cv-04971-CW
    Himself and All Others Similarly Situated,  )
2                                           )   CLASS ACTION
                        Plaintiff,          )
3                                           )
              vs.                           )
4                                           )
    THRESHOLD PHARMACEUTICALS, INC., )
5   et al.,                                 )
                                            )
6                       Defendants.         )
                                            )
7   _____)

1    This Stipulation of Settlement dated October 30, 2009 (the "Stipulation") is made and

2   entered into by and among the following Settling Parties (as defined further in Section III hereof) to

3   the above-entitled Litigation: (i) the Plaintiffs (on behalf of themselves and each of the Settlement

4   Class Members), by and through their counsel of record in the Litigation; and (ii) the Defendants, by

5   and through their counsel of record in the Litigation.  The Stipulation is intended by the Settling

6   Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and

7   subject to the terms and conditions hereof.

8   **I.      THE LITIGATION**

9    On and after July 5, 2007, two actions were filed in the United States District Court for the

10   Southern District of New York, as securities fraud class actions on behalf of purchasers of the

11   publicly traded securities of Threshold Pharmaceuticals, Inc. ("Threshold").    Those actions,

12   originally styled *Jerry Twinde, on behalf of himself and all others similarly situated v. Threshold*

13   *Pharmaceuticals, Inc., Harold "Barry" E. Selick and Janet I. Swearson*, United States District Court

14   for the Southern District of New York, Case No. 07 Civ. 6227 and *Raynold L. Gilbert, individually*

15   *and on behalf of all others similarly situated v. Threshold Pharmaceuticals, Inc., Harold "Barry" E.*

16   *Selick and Janet I. Swearson*, United States District Court for the Southern District of New York,

17   Case No. 07 Civ. 6490, were subsequently transferred to the United States District Court for the

18   Northern District of California as *Jerry Twinde, on behalf of himself and all others similarly situated*

19   *v. Threshold Pharmaceuticals, Inc., Harold "Barry" E. Selick and Janet I. Swearson*, United States

20   District Court for the Northern District of California, Case No. 07-cv-04972-CW and *Raynold L.*

21   *Gilbert, individually and on behalf of all others similarly situated v. Threshold Pharmaceuticals,*

22   *Inc., Harold "Barry" E. Selick and Janet I. Swearson*, United States District Court for the Northern

23   District of California, Case No. 07-cv-04971-CW and consolidated.  The consolidated actions are

24   referred to herein as the "Litigation."

25    On November 5, 2007, the Court appointed Michael Hentosh as Lead Plaintiff pursuant to

26   §21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the

27   Private Securities Litigation Reform Act of 1995, and approved his selection of Coughlin Stoia

28   Geller Rudman & Robbins LLP as lead counsel.

1       The operative complaint in the Litigation is the Consolidated Second Amended Class Action

2 Complaint for Violation of the Federal Securities Laws (the "Complaint") filed September 19, 2008.

3 The Complaint alleges violations of §11, 12(a)(2) and 15 of the Securities Act of 1933 ("1933 Act"),

4 and §§10(b) and 20(a) of the Exchange Act on behalf of a class of persons who purchased Threshold

5 common stock between February 4, 2005 and July 14, 2006, inclusive.

6       On April 3, 2009, the Court entered an order granting in part and denying in part Defendants'

7 motion to dismiss. The Court dismissed all claims asserted under the 1933 Act (Counts I, II and III),

8 dismissed some, but not all, of the allegations relating to the claims asserted under the Exchange Act

9 (Counts IV and V), and dismissed all claims against defendant Janet I. Swearson. On May 4, 2009,

10 defendants Threshold Pharmaceuticals, Inc. and Harold E. "Barry" Selick answered the remaining

11 allegations in the Complaint.

12 **II.    ASSERTIONS AND DENIALS OF THE SETTLING PARTIES AND THE
BENEFITS OF THE SETTLEMENT**

13

14       Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence

15 developed to date supports the claims. Plaintiffs recognize and acknowledge the expense and length

16 of continued proceedings necessary to prosecute the Litigation against Defendants through trial and

17 through appeals. Plaintiffs have also taken into account the uncertain outcome and the risk of any

18 litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays

19 inherent in such litigation. Plaintiffs are also mindful of the problems of proof, and possible

20 defenses to, the securities law violations asserted in the Litigation. Plaintiffs believe that the

21 Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class

22 Members, is in the best interests of the Plaintiffs and the Settlement Class Members, and is fair,

23 reasonable, and adequate.

24       Defendants, individually and collectively, have denied and continue to deny each and all of

25 the claims and contentions alleged by Plaintiffs in the Litigation. Defendants expressly have denied

26 and continue to deny all charges of wrongdoing or liability against them arising out of any of the

27 conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation.

28 Defendants further deny that the Plaintiffs or the Settlement Class have suffered damages, that the

1   prices of Threshold securities were artificially inflated during the Settlement Class Period as the

2   result of any alleged misrepresentations, omissions, non-disclosures or otherwise by Defendants, and

3   that the Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Complaint.

4   Defendants believe that the information produced thus far in discovery, and that would be produced

5   were the Litigation to proceed, would demonstrate that Plaintiffs' allegations lack merit.

6       Nonetheless, Defendants have concluded that further conduct of the Litigation would be

7   protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the

8   manner and upon the terms and conditions set forth in this Stipulation to limit further expense,

9   inconvenience and distraction, to dispose of the burden of protracted litigation, and to permit the

10  operation of Threshold's business without further distraction of Threshold's executives and other

11  personnel with respect to matters at issue in the Litigation.   Defendants also considered the

12  uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation.

13  Defendants have, therefore, determined that it is desirable and beneficial to them to settle the

14  Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

15      Defendants enter into this Stipulation and Settlement based upon, among other things, the

16  Settling Parties' agreement herein that, to the fullest extent permitted by law, neither this Stipulation

17  nor any of its terms or provisions, nor any of the negotiations or proceedings connected therewith,

18  shall be offered as evidence in the Litigation or in any pending or future civil, criminal, or

19  administrative action or other proceeding to establish any liability or admission by any of the

20  Defendants or any other matter adverse to any of the Defendants, except as expressly set forth

21  herein.

22  **III.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

23      NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

24  Plaintiffs, acting on behalf of themselves and all Settlement Class Members, and Defendants, by and

25  through their respective counsel or attorneys of record, that, subject to the approval of the Court, the

26  Litigation, the Released Claims, and all matters encompassed within the scope of the releases set

27  forth or referenced in this Stipulation shall be finally, fully and forever compromised, settled and

28

1  released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and

2  subject to the terms and conditions of the Stipulation, as follows.

3  **1.     Definitions**

4       As used in this Stipulation, the following terms have the meanings specified below:

5       1.1     "Authorized Claimant" means any Settlement Class Member whose claim for

6  recovery has been allowed pursuant to the terms of the Stipulation.

7       1.2     "Claimant" means any Settlement Class Member who files a Proof of Claim and

8  Release in such form and manner, and within such time, as the Court shall prescribe.

9       1.3     "Claims Administrator" means Gilardi & Co. LLC.

10      1.4     "Complaint" means the Consolidated Second Amended Class Action Complaint for

11  Violation of the Federal Securities Laws, filed in the Litigation on September 19, 2008.

12      1.5     "Court" means the United States District Court for the Northern District of California.

13      1.6     "Defendants" means Threshold and the Individual Defendants.

14      1.7     "Defendants' Counsel" means Hogan & Hartson LLP.

15      1.8     "Effective Date" means the first date by which all of the events and conditions

16  specified in ¶8.1 of the Stipulation have been met and have occurred.

17      1.9     "Escrow Account" means the interest-bearing account controlled by the Escrow

18  Agent into which the sum of $10,000,000 shall be deposited by Defendants' insurers on behalf of

19  Defendants.

20      1.10    "Escrow Agent" means the law firm of Coughlin Stoia Geller Rudman & Robbins

21  LLP.

22      1.11    "Final" means when the last of the following with respect to the Judgment approving

23  the Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of the

24  time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has

25  passed without any such motion having been filed; (ii) three days following the expiration of the

26  time in which to appeal the Judgment has passed without any appeal having been taken, which date

27  shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to

28  take such an appeal shall have been extended by Court order or otherwise, or unless the thirty-third

(33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day; and (iii) if such motion to alter or amend is filed or if an appeal is taken, immediately after the determination of that motion or appeal so that it is no longer subject to any further judicial review or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time, voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

1.12 "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a judgment approving the proposed Settlement.

1.13 "Individual Defendants" means Harold E. "Barry" Selick and Janet I. Swearson.

1.14 "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.15 "Lead Plaintiff's Counsel" means Coughlin Stoia Geller Rudman & Robbins LLP.

1.16 "Lead Plaintiff" means Michael Hentosh.

1.17 "Notice Order" means the preliminary order as approved by the Court for mailing and publication of notice.

1.18 "Person" means a natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.19 "Plaintiffs" means Michael Hentosh, Christopher Lee, Electrical Workers Pension Fund Local 103 I.B.E.W., Jerry Twinde, and Raynold Gilbert.

1       1.20   "Plaintiffs' Counsel" means any counsel who appeared in the litigation on behalf of

2 any Plaintiff.

3       1.21   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund

4 whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses

5 of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees,

6 costs, expenses and interest as may be awarded by the Court. Any Plan of Allocation is not part of

7 the Stipulation, and Defendants and their Related Parties shall have no responsibility therefore or

8 liability with respect thereto.

9       1.22   "Related Parties" means each of a Defendant's past or present directors, officers,

10 employees, partners, insurers, co-insurers, reinsurers, principals, agents, controlling shareholders,

11 attorneys, investment advisors, underwriters, investment banks, investment bankers, accountants,

12 auditors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions,

13 joint ventures, assigns, spouses, heirs, estates, executors, administrators, related or affiliated entities,

14 any entity in which a Defendant has a controlling interest, any members of an Individual

15 Defendant's immediate family, any trust of which an Individual Defendant is the settlor or which is

16 for the benefit of an Individual Defendant and/or any member of an Individual Defendant's

17 immediate family, and any entity in which a Defendant and/or any member of an Individual

18 Defendant's immediate family has or have a controlling interest (directly or indirectly).

19       1.23   "Released Claims" shall collectively mean all claims (including Unknown Claims as

20 defined in ¶1.35 hereof), demands, rights, liabilities, suits and causes of action of every nature and

21 description whatsoever, known or unknown, contingent or absolute, mature or immature, liquidated

22 or un-liquidated, discoverable or undiscoverable, whether concealed or hidden, suspected or

23 unsuspected, at law or in equity, which now exist, or heretofore have existed, that were asserted or

24 that might have been asserted by the Plaintiffs or any Settlement Class Member against the

25 Defendants or any of the Released Parties, in this Litigation or in any other action or forum, based

26 upon or arising out of both the facts, allegations, transactions, events, occurrences, disclosures,

27 statements, acts, omissions or failures to act which were or could have been alleged in the Litigation

28

1   and the purchase, receipt or acquisition of Threshold publicly traded securities by the Plaintiffs or

2   any Settlement Class Member during the Settlement Class Period.

3        1.24    "Released Parties" means each and all of the Defendants and each and all of their

4   Related Parties.

5        1.25    "Settlement" means the settlement contemplated by this Stipulation.

6        1.26    "Settlement Class," "Settlement Class Members," and "Members of the Settlement

7   Class" mean all Persons who received, purchased, or otherwise acquired Threshold securities during

8   the period from and including February 4, 2005 to July 14, 2006, inclusive.  Excluded from the

9   Settlement Class are Defendants, any entity in which any Defendant has or had a controlling interest

10  or that is a parent or subsidiary or is controlled by any Defendant, Defendants' officers and directors,

11  including any person who was an officer or director during the Settlement Class Period, Defendants'

12  affiliates,  legal  representatives,  heirs,  predecessors,  successors  or  assigns,  and  members  of

13  Defendants' immediate families.  Also excluded from the Settlement Class are those Persons who

14  timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency

15  and Proposed Settlement of Class Action.

16       1.27    "Settlement Class Period" means the period between and including February 4, 2005

17  and July 14, 2006.

18       1.28    "Settlement Fund" means the principal amount of Ten Million Dollars ($10,000,000),

19  plus any accrued interest earned thereon.

20       1.29    "Settling Parties" means, collectively the Defendants and the Plaintiffs, on behalf of

21  themselves and the Settlement Class Members.

22       1.30    "Stipulation" means this Stipulation of Settlement, including the recitals and exhibits

23  hereto.

24       1.31    "Supplemental Agreement" means the agreement described in ¶8.3.

25       1.32    "Taxes" means all taxes (including any estimated taxes, interest, or penalties) arising

26  with respect to the income earned by the Settlement Fund.

27       1.33    "Tax Expenses" means expenses and costs incurred in connection with the calculation

28  and payment of taxes or the preparation of tax returns and related documents including, without

1   limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and

2   expenses relating to filing (or failing to file) the returns described in ¶2.9.

3       1.34    "Threshold" means Threshold Pharmaceuticals, Inc.

4       1.35    "Unknown Claims" means collectively any Released Claims that the Plaintiffs or any

5   of the Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of

6   the release of the Released Parties which, if known by him, her or it, might have affected his, her or

7   its settlement with and release of the Released Parties, or might have affected his, her or its decision

8   not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties

9   stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the

10  Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall

11  have waived, the provisions, rights and benefits of California Civil Code §1542, which provides:

12          **A general release does not extend to claims which the creditor does not
            know or suspect to exist in his or her favor at the time of executing the release,**
13          **which if known by him or her must have materially affected his or her
            settlement with the debtor.**

14

15  Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by

16  operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits

17  conferred by any law of any state or territory of the United States, or principle of common law,

18  which is similar, comparable or equivalent to California Civil Code §1542. Plaintiffs and Settlement

19  Class Members may hereafter discover facts in addition to or different from those which he, she or it

20  now knows or believes to be true with respect to the subject matter of the Released Claims, but

21  Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class

22  Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall

23  have, fully, finally, and forever settled and released, any and all Released Claims, known or

24  unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

25  hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing

26  or coming into existence in the future, including, but not limited to, conduct which is negligent,

27  intentional, with or without malice, or a breach of any duty, law or rule, without regard to the

28  subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and

1   the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged,
2   that the foregoing waiver was separately bargained for and a key element of the Settlement of which
3   this release is a part.

4       **2.      The Settlement**

5           **a.      The Settlement Fund**

6       2.1     In consideration of the terms of this Stipulation, Defendants' insurers shall pay the
7   sum of $10,000,000 into the Escrow Account no later than twenty (20) calendar days after the
8   Court's entry of an order substantially in the form of Exhibit A hereto granting preliminary approval
9   of the Settlement.  If any portion of the agreed upon sum is not timely transferred to the Escrow
10  Account, interest on such unpaid portion shall accrue at a rate equivalent to the three-month U.S.
11  Treasury Bill rate as published in Federal Reserve Statistical Release H.15 plus 100 basis points
12  from the date due up to and including the date of deposit into the Escrow Account.

13      2.2     All fees, costs, and expenses incurred by or on behalf of the Plaintiffs and the
14  Settlement Class associated with this Settlement, including but not limited to Taxes, Tax Expenses,
15  any administrative costs and costs of providing notice of the Settlement to Settlement Class
16  Members, and any award of attorneys' fees and expenses of Plaintiffs' Counsel shall be paid from
17  the Settlement Fund; and in no event shall Defendants bear any additional responsibility for any such
18  fees, costs, or expenses.

19      2.3     Other than any costs or expenses incurred by Threshold in providing transfer records
20  to the Claims Administrator, the payment described in ¶2.1 is the only payment to be made by or on
21  behalf of Defendants in connection with this Settlement.

22          **b.      The Escrow Agent**

23      2.4     The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof
24  in instruments backed by the full faith and credit of the United States Government or fully insured by
25  the United States Government or an agency thereof and shall reinvest the proceeds of these
26  instruments as they mature in similar instruments at their then-current market rates. The Settlement
27  Fund shall bear all risks related to its investment.

28

1   2.5    The Escrow Agent shall not disburse the Settlement Fund except as provided in the
2   Stipulation, by an order of the Court, or with the written agreement of Lead Plaintiff's Counsel and
3   Defendants' Counsel.

4   2.6    Subject to further order and/or direction as may be made by the Court, the Escrow
5   Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.

6   2.7    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*
7   *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such
8   funds shall be distributed pursuant to this Stipulation (or returned, pursuant to the terms of ¶¶2.10
9   and 8.4 herein) and/or further order(s) of the Court.

10   2.8    The Escrow Agent may pay from the Settlement Fund, without further approval from
11   Defendants or the Court, the costs and expenses reasonably and actually incurred in connection with
12   providing notice to the Settlement Class, locating Settlement Class Members, assisting with the
13   filing of claims, administering and distributing the Settlement Fund to Authorized Claimants,
14   processing Proof of Claim and Release forms, and paying Taxes, Tax Expenses, escrow fees and
15   costs, if any.

16       **c.    Taxes**

17   2.9    (a)    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund
18   as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In
19   addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out
20   the provisions of this ¶2.9, including the "relation-back election" (as defined in Treas. Reg. §1.468B-
21   1) back to the earliest permitted date.   Such elections shall be made in compliance with the
22   procedures and requirements contained in such regulations.   It shall be the responsibility of the
23   Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature
24   by all necessary parties, and thereafter to cause the appropriate filing to occur.

25       (b)    For the purpose of §1.468B of the Internal Revenue Code of 1986, as
26   amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow
27   Agent. The Escrow Agent shall timely and properly file all informational and other tax returns
28   necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns

1    described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a)

2    hereof) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes (including any

3    estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out

4    of the Settlement Fund as provided in ¶2.9(c) hereof.

5              (c)     All (i) Taxes (including any estimated Taxes, interest or penalties) arising

6    with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that

7    may be imposed upon the Defendants or their Related Parties with respect to any income earned by

8    the Settlement Fund for any period during which the Settlement Fund does not qualify as a

9    "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses shall be

10   paid out of the Settlement Fund. In no event shall Defendants, their Related Parties, or Defendants'

11   Counsel have any responsibility for or liability with respect to the Taxes or the Tax Expenses.

12   Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of

13   the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund

14   without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding

15   anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds

16   necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and

17   Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg.

18   §1.468B-2(1)(2)); neither Defendants, their Related Parties, Defendants' Counsel, nor their insurers

19   are responsible therefore nor shall they have any liability with respect thereto. The Settling Parties

20   agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the

21   extent reasonably necessary to carry out the provisions of this paragraph.

22              **d.     Termination of the Settlement**

23        2.10    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to

24   become effective for any reason, the Settlement Fund, including accrued interest, less the expenses

25   and Taxes described in ¶¶2.8 and 2.9 hereof actually incurred or due and owing, shall be refunded to

26   Defendants pursuant to written instructions from Defendants' Counsel.

27

28

1

    **3.**    **Certification of the Settlement Class**

2        3.1    Solely for purposes of this Settlement, and subject to approval by the Court, the

3 Settling Parties agree that the Settlement Class shall be certified and Plaintiffs shall be appointed as

4 representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23, as set forth in

5 the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval

6 Order"). Should the Settlement Class not be certified, or should any court attempt to amend the

7 scope of the Settlement Class, each of the Settling Parties reserves the right to void this Stipulation

8 in accordance with ¶8.5 hereof.

9

    **4.**    **Preliminary Approval Order and Final Approval Hearing**

10       4.1    Promptly after execution of the Stipulation, but in no event later than three (3) court

11 days after the Stipulation is signed (unless such time is extended by the written agreement of Lead

12 Plaintiff's Counsel and Defendants' Counsel), Lead Plaintiff's Counsel shall submit the Stipulation

13 together with its Exhibits to the Court and shall apply for entry of the Preliminary Approval Order,

14 substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the

15 Settlement set forth in the Stipulation, and approval for mailing a settlement notice ("Notice"),

16 substantially in the form of Exhibit A-1 hereto and publication of a summary notice ("Summary

17 Notice"), substantially in the form of Exhibit A-3 hereto. The Notice shall include the general terms

18 of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of

19 the Fee and Expense Application as defined in ¶7.1 below, and the date of the Final Approval

20 Hearing.

21       4.2    Lead Plaintiff's Counsel shall request that after notice is given, the Court hold a Final

22 Approval Hearing and approve the Settlement of the Litigation as set forth in this Stipulation. Lead

23 Plaintiff's Counsel also will request that the Court approve the proposed Plan of Allocation and the

24 Fee and Expense Application.

25

    **5.**    **Releases**

26       5.1    Upon the Effective Date, the Plaintiffs, and each of the Settlement Class Members, on

27 behalf of themselves and their respective heirs, executors, administrators, successors and assigns,

28 and anyone claiming through or on behalf of any of them, shall be deemed to have, and by operation

of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form. The Settling Parties acknowledge and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

5.2    Without limiting the scope and effect of ¶5.1, the Proof of Claim and Release to be executed by Settlement Class Members shall expressly release all Released Claims against the Released Parties and shall be substantially in the form included in Exhibit A-2 hereto.

5.3    Upon the Effective Date, the Plaintiffs and all Settlement Class Members, their respective heirs, executors, administrators, successors and assigns, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Released Claims.

5.4    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

5.5    Upon the Effective Date, each of the Plaintiffs, Settlement Class Members and Plaintiffs' Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Defendants, Released Parties, and Defendants' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the defense, settlement or resolution of the Litigation or the Released Claims.

6.      **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

6.1     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members. The Claims Administrator will be subject to such supervision and direction from the Court and/or Lead Plaintiff's Counsel as may be necessary or as circumstances may require.

6.2     The Settlement Fund shall be applied as follows:

(a)      to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(b)      to pay the Taxes and Tax Expenses described in ¶2.9 hereof;

(c)      to pay Plaintiffs' attorneys' fees and expenses if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)      after the Effective Date, to distribute the balance of the Settlement Fund after payment of costs, expenses, Taxes, Tax Expenses and the Fee and Expense Award as contemplated by this ¶6.2 (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

1    6.5    Except as otherwise ordered by the Court, all Settlement Class Members who fail to

2  timely submit a Proof of Claim and Release within such period, or such other period as may be

3  ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments

4  pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject

5  to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

6  Notwithstanding the foregoing, Lead Plaintiff's Counsel shall have the discretion to accept late-

7  submitted claims so long as distribution of the Net Settlement Fund is not materially delayed

8  thereby.

9    6.6    The Net Settlement Fund shall be distributed to Authorized Claimants substantially in

10  accordance with a plan of allocation to be described in the Notice and approved by the Court.  If

11  there is any balance remaining in the Net Settlement Fund after six (6) months from the date of

12  distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or

13  otherwise), Lead Plaintiff's Counsel shall, if feasible, reallocate such balance among Authorized

14  Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the

15  Net Settlement Fund shall be donated to an appropriate, non-profit organization.

16    6.7    This Settlement is not a claims-made settlement and, if all conditions of the

17  Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be

18  returned to the Defendants or their insurers.  Defendants and their Related Parties shall have no

19  responsibility for, interest in, or liability whatsoever with respect to (a) any act, omission or

20  determination of Plaintiffs' Counsel, the Escrow Agent, or the Claims Administrator, or any of their

21  respective designees or agents, in connection with the administration of the Settlement or the

22  management or investment of the Settlement Fund; (b) any losses suffered by, or fluctuations in the

23  value of, the Settlement Fund; (c) the distribution of the Net Settlement Fund; (d) the Plan of

24  Allocation; (e) the determination, administration, calculation or payment of claims; or (f) the

25  payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

26    6.8    No Person shall have any claim against Lead Plaintiff's Counsel, the Claims

27  Administrator or other entity designated by Lead Plaintiff's Counsel based on distributions made

28

1  substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of

2  Allocation, or further order(s) of the Court.

3       6.9    It is understood and agreed by the Settling Parties that any proposed Plan of

4  Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an

5  Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered

6  by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy

7  of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of

8  Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of

9  the Court's Judgment approving this Stipulation and the Settlement set forth therein (including the

10  releases contained herein), or any other orders entered pursuant to this Stipulation.

11       **7.    Plaintiffs' Counsel's Attorneys' Fees and Expenses**

12       7.1    Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense

13  Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees;

14  plus (b) payment of expenses, including Plaintiffs' expenses, and the fees of any experts or

15  consultants, incurred in connection with prosecuting the Litigation, plus any interest on such

16  attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement

17  Fund (until paid), as may be awarded by the Court. Lead Plaintiff's Counsel reserves the right to

18  make additional applications for fees and expenses incurred.

19       7.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead

20  Plaintiff's Counsel from the Settlement Fund, as ordered, immediately after the Court executes an

21  order awarding such fees and expenses. Lead Plaintiff's Counsel may thereafter allocate the

22  attorneys' fees and expenses among Plaintiffs' Counsel in a manner in which they in good faith

23  believe reflects the contributions of such counsel to the institution, prosecution and resolution of the

24  Litigation. In the event that the Effective Date does not occur, or the Judgment or the order making

25  the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for

26  any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then

27  Lead Plaintiff's Counsel shall within ten (10) business days from receiving notice from Defendants'

28  Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and

1  expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as

2  earned by the Settlement Fund in an amount consistent with such reversal or modification.  This

3  obligation of Plaintiffs' Counsel to make appropriate refund or repayment may be specifically

4  enforced by summary orders of the Court, and is a joint and several obligation of Plaintiffs' Counsel.

5     7.3     The procedure for and the allowance or disallowance by the Court of any applications

6  by Plaintiffs' Counsel for attorneys' fees and expenses, including the fees of experts and consultants,

7  to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and

8  are to be considered by the Court separately from the Court's consideration of the fairness,

9  reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or

10  proceedings relating to the Fee and Expense Application, or any appeal from any order relating

11  thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or

12  affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the

13  Litigation set forth therein (including the releases contained herein).

14     7.4     Defendants and their Related Parties shall have no responsibility for or liability with

15  respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel once the Settlement

16  Fund has been funded as contemplated by ¶2.1.

17  **8.     Conditions of Settlement, Effect of Disapproval, Cancellation or
        Termination**

18

19     8.1     The Effective Date of this Stipulation shall be conditioned on the occurrence of all of

the following events:

20

21        (a)     the Settlement Fund has been deposited by Defendants' insurers into the

Escrow Account maintained by the Escrow Agent, as required by ¶2.1 hereof;

22

23        (b)     the Court has entered the Preliminary Approval Order, as required by ¶4.1

hereof;

24

25        (c)     Defendants have not exercised their option to terminate the Stipulation

pursuant to ¶8.3 hereof;

26

27        (d)     the Court has entered the Judgment, or a judgment substantially in the form of

Exhibit B hereto; and

28

1        (e)    the Judgment has become Final, as defined in ¶1.11 hereof.

2      8.2    Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all

3 remaining interest or right of Defendants or their insurer in or to the Settlement Fund, if any, shall be

4 absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met,

5 then the Stipulation shall be canceled and terminated subject to ¶8.5 hereof unless Lead Plaintiff's

6 Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

7      8.3    Defendants shall have the option to terminate the Settlement in the event that Persons

8 who received, purchased or acquired more than a certain number of shares of Threshold common

9 stock during the Settlement Class Period choose to exclude themselves from the Settlement Class

10 ("Opt-Out Amount"), as set forth in a separate agreement (the "Supplemental Agreement") executed

11 between Lead Plaintiff's Counsel and Defendants' Counsel, which is incorporated into this

12 Stipulation.  The Opt-Out Amount may be disclosed to the Court for purposes of approval of the

13 Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest

14 extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Amount

15 as confidential.  In the event of a termination of this Settlement pursuant to the Supplemental

16 Agreement, this Stipulation shall become null and void and of no further force and effect, in

17 accordance with the terms of ¶8.5.

18      8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or

19 be canceled, or shall not become effective for any reason, then within ten (10) business days after

20 written notification of such event is sent by Defendants' Counsel or Lead Plaintiff's Counsel to the

21 Escrow Agent, the Settlement Fund (including accrued interest), less any expenses and costs

22 reasonably and actually incurred pursuant to ¶¶2.8 and 2.9 hereof, shall be refunded by the Escrow

23 Agent pursuant to written instructions from Defendants' Counsel.  At the request of Defendants'

24 Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement

25 Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such

26 application(s) for refund, pursuant to written direction from Defendants' Counsel.

27      8.5    In the event that the Stipulation is not approved by the Court or the Settlement set

28 forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the

1   Settling Parties shall be restored to their respective positions in the Litigation as of July 31, 2009. In

2   that event the Settling Parties shall, within two (2) weeks of such termination of the Settlement, meet

3   and confer and present to the Court a proposed case management schedule, and, until such time as a

4   new case management schedule is entered by the Court, neither Plaintiffs nor Defendants shall file or

5   serve any discovery requests or motions on the other, nor shall any response be due to any

6   outstanding discovery request.  In such event, the terms and provisions of the Stipulation, with the

7   exception of relevant definitions in Section 1 and ¶¶2.4, 2.7, 2.8-2.10, 6.7, 7.2, 7.4, 8.3-8.6, 9.3, 9.4

8   and 9.8 hereof, shall have no further force and effect with respect to the Settling Parties and shall not

9   be used in this Litigation or in any other proceeding for any purpose, and any judgment or order

10  entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc*

11  *pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court

12  concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest

13  awarded by the Court to Plaintiffs' Counsel shall constitute grounds for cancellation or termination

14  of the Stipulation.

15      8.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its

16  terms, neither the Plaintiffs nor Lead Plaintiff's Counsel shall have any obligation to repay any

17  amounts actually and properly disbursed for notice and tax costs pursuant to ¶¶2.8-2.9 hereof.  In

18  addition, any expenses already incurred and properly chargeable pursuant to ¶2.8 hereof at the time

19  of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent

20  in accordance with the terms of the Stipulation prior to the balance being refunded in accordance

21  with ¶¶2.10 and 8.4 hereof.

22      **9.      Miscellaneous Provisions**

23      9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this

24  Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

25  implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to

26  accomplish the foregoing terms and conditions of the Stipulation.

27      9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all

28  disputes between them with respect to the Litigation.  The Settlement compromises claims which are

1   contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or

2   defense. The Final Judgment will contain a statement that during the course of the Litigation, the

3   parties and their respective counsel at all times complied with the requirements of Federal Rule of

4   Civil Procedure 11. While retaining their right to deny liability, Defendants agree that based upon

5   the publicly available information at the time, the Litigation was filed in good faith, was not

6   frivolous and is being settled voluntarily after consultation with competent legal counsel. The

7   Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate,

8   any contention made in any public forum that the Litigation was brought or defended in bad faith or

9   without a reasonable basis.

10          9.3     Neither the Stipulation nor the Settlement contained therein, nor any act performed or

11   document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be

12   deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

13   or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as

14   an admission of, or evidence of, any fault or omission of any of the Defendants in any civil, criminal

15   or administrative proceeding in any court, administrative agency or other tribunal. Defendants may

16   file the Stipulation and/or the Judgment in any action that may be brought against them in order to

17   support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release,

18   good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim

19   preclusion or issue preclusion or similar defense or counterclaim.

20          9.4     All agreements made and orders entered during the course of the Litigation relating to

21   the confidentiality of information shall survive this Stipulation, pursuant to their terms.

22          9.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are

23   fully incorporated herein by this reference.

24          9.6     This Stipulation shall not be construed more strictly against one party than another

25   merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

26   the parties, it being recognized that it is the result of arm's-length negotiations between the parties

27   and that all parties have contributed substantially and materially to the preparation of this

28   Stipulation.

1   9.7     The Stipulation may be amended or modified only by a written instrument signed by

2   or on behalf of all Settling Parties or their respective successors-in-interest.

3   9.8     The Stipulation and the Exhibits attached hereto and the Supplemental Agreement

4   constitute the entire agreement among the parties hereto and no representations, warranties or

5   inducements have been made to any party concerning the Stipulation or its Exhibits or the

6   Supplemental Agreement other than the representations, warranties and covenants contained and

7   memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own

8   costs.

9   9.9     Lead Plaintiff's Counsel, on behalf of the Settlement Class, are expressly authorized

10  by the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement

11  Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into

12  any modifications or amendments to the Stipulation on behalf of the Settlement Class which they

13  deem appropriate.

14  9.10    Each counsel or other Person executing the Stipulation or any of its Exhibits on

15  behalf of any party hereto hereby warrants that such Person has the full authority to do so.

16  9.11    The Stipulation may be executed in one or more counterparts.  All executed

17  counterparts and each of them shall be deemed to be one and the same instrument.

18  9.12    The Stipulation shall be binding upon, and inure to the benefit of, the successors and

19  assigns of the parties hereto.

20  9.13    The Court shall retain jurisdiction with respect to implementation and enforcement of

21  the terms of the Stipulation, and all Settling Parties submit to the jurisdiction of the Court for

22  purposes of implementing and enforcing the Settlement embodied in the Stipulation.

23  9.14    The Stipulation and the Exhibits hereto shall be considered to have been negotiated,

24  executed and delivered, and to be wholly performed, in the State of California, and the rights and

25  obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and

26  governed by, the internal, substantive laws of the State of California without giving effect to that

27  State's choice-of-law principles.

28

1    IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by

2 their duly authorized attorneys dated October *30* 2009.

3                                     COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP
4                                     DENNIS J. HERMAN
                                      SHIRLEY H. HUANG
5                                     DANIEL J. PFEFFERBAUM
                                      100 Pine Street, Suite 2600
6                                     San Francisco, CA  94111
                                      Telephone:  415/288-4545
7                                     415/288-4534 (fax)

8                                     COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP
9                                     ELLEN GUSIKOFF STEWART

10

11                                    _____
                                      ELLEN GUSIKOFF STEWART
12
                                      655 West Broadway, Suite 1900
13                                    San Diego, CA  92101
                                      Telephone: 619/231-1058
14                                    619/231-7423 (fax)

15                                    Lead Counsel for Plaintiffs

16                                    HOGAN & HARTSON LLP
                                      MICHAEL L. CHARLSON
17                                    LAURENCE A. WEISS

18

19                                    _____
                                      MICHAEL L. CHARLSON
20
                                      525 University Avenue, 4th Floor
21                                    Palo Alto, CA 94301
                                      Telephone: 650/463-4000
22                                    650/463-4199 (fax)

23                                    Attorneys for Defendants

24   Document1

25

26

27

28

STIPULATION OF SETTLEMENT - 4:07-cv-04972-CW                          - 22 -

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I further certify that I caused this document to be forwarded to the following Designated Internet Site at: http://securities.stanford.edu.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 9, 2009.

s/ Ellen Gusikoff Stewart
ELLEN GUSIKOFF STEWART

COUGHLIN STOIA GELLER
        RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:elleng@csgrr.com

## Mailing Information for a Case 4:07-cv-04972-CW

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  mblasy@scott-scott.com,efile@scott-scott.com

- **Kevin Anthony Burke**
  kburke@hewm.com

- **Michael L. Charlson**
  mlcharlson@hhlaw.com,dmsalvi@hhlaw.com,lasoboleva@hhlaw.com,mdewers@hhlaw.com,mjclouse@hhlaw.com,kwong@hhlaw.com

- **Marc S. Henzel**
  mhenzel182@aol.com

- **Dennis J. Herman**
  dennish@csgrr.com,jdecena@csgrr.com,e_file_sf@csgrr.com,e_file_sd@csgrr.com

- **Shirley H. Huang**
  shirleyh@csgrr.com

- **J. Christopher Mitchell**
  jcmitchell@hhlaw.com,lasoboleva@hhlaw.com

- **Daniel Jacob Pfefferbaum**
  aserros@csgrr.com,DPfefferbaum@csgrr.com,gfreemon@csgrr.com

- **Darren Jay Robbins**
  e_file_sd@csgrr.com

- **Samuel H. Rudman**
  srudman@csgrr.com

- **Evan J. Smith**
  esmith@brodsky-smith.com

- **Laurence Andrew Weiss**
  laweiss@hhlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

Manual List
*Twinde v. Threshold Pharmaceuticals, Inc., et al.*
No. 4:07-cv-04972-CW


D. Seamus Kaskela
BARROWAY TOPAZ KESSLER
 MELTZER & CHECK, LLP
280 Kind of Prussia Road
Radnor, PA  19087